Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

*Attorneys for Plaintiff LS Cable & System Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LS CABLE & SYSTEM LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 4:24-cv-09194 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 8,013,568** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff LS Cable & System Ltd. ("Plaintiff" or "LS Cable") by and through its undersigned counsel, file this Complaint for Patent Infringement against Defendant Apple Inc. ("Apple") and allege on knowledge as to their actions, and upon knowledge and information and belief as to the actions of others, as follows:

**NATURE OF THE ACTION**

1.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., from Apple's infringement of U.S. Patent No. 8,013,568 (the "'568 Patent" or "Asserted Patent").

**THE PARTIES**

2.  Plaintiff LS Cable is a foreign corporation organized under the laws of the Republic of Korea with its principal operating business located at the LS Tower, 1026-6 Hogye-dong, Dongan-gu, Anyang-si Gyeonggi-do, Republic of Korea 431-080.

3. Defendant Apple is a corporation incorporated under the laws of California with its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple may be served through its registered agent for service, 1505 Corporation, CT Corporation System at 330 N. Brand Blvd., Glendale, California 91203.

4. Apple manufactures, imports, offers for sale, and sells devices with wireless charging capabilities to resellers, distributors, and consumers throughout the United States, including in this District.

**JURISDICTION AND VENUE**

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq.

6. This Court has personal jurisdiction over Apple insofar as Apple is incorporated in this District, and maintains a regular and established place of business at One Apple Park Way, Cupertino, California 95014, located in this District.

7. As to Apple, venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because Apple is incorporated in California, and has a regular and established place of business at One Apple Park Way, Cupertino, California 95014, located in this District.

**LS CABLE AND ITS INNOVATIONS**

8. LS Cable was established in 1962 and has been contributing to building power grids and communication networks first in the Republic of Korea, and more recently in countries all over the world.

9. LS Cable develops, produces, and provides cables and related solutions used in daily life and throughout many industries.

10. LS Cable set the stage for industrial and economic development by capitalizing on innovative technology to supply various special industrial cables and industrial materials.

11. In the mid-2000s, LS Cable embarked on a wireless power transfer project that led to a number of pioneering developments and a large international patent portfolio. In this regard, LS Cable invested significant time and money to develop technology for efficient and safe transfer of power for an array of devices, such as smartphones.

COMPLAINT FOR PATENT INFRINGEMENT

12. In 2011, for example, LS Cable introduced a "Chaver" (charger+cover) capable of wirelessly charging the iPhone 4. LS Cable's first and second generation Chavers proved to be very popular with consumers.

13. LS Cable was again ahead of this trend as, in early 2013, LS Cable launched the world's thinnest wireless charging module:



14. LS Cable owns numerous other relevant U.S., Korean, Chinese, and Japanese patents related to wireless power, and the '568 Patent is one of the core patents in LS Cable's wireless power portfolio. LS Cable's strong portfolio of patents, including the '568 Patent, protect LS Cable's investment in its innovative wireless power transfer solutions.

**THE PATENT-IN-SUIT**

15. On September 6, 2011, the U.S. Patent and Trademark Office ("USPTO") issued the '568 Patent, titled "Contact-Less Chargeable Battery and Charging Device, Battery Charging Set, and Charging Control Method Thereof," and with a claimed priority date of July 29, 2005. A true and correct copy of the '568 Patent is attached as **Exhibit 1**.

16. The '568 Patent is presumed valid under 35 U.S.C. § 282(a).

17. LS Cable is the owner and assignee of all substantial rights, title, and interest in the '568 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

18. On March 12, 2021, LS Cable requested supplemental examination of the '568 Patent by the USPTO.

19. On September 28, 2023, the USPTO issued a Reexamination Certificate for the '568 Patent, confirming that claims 1, 3, 4, 7–13, 15–19, 21, and 23 were patentable as amended over the prior art. **Exhibit 2**. Claims 5, 6, 14, 20, 22, and 24, dependent on an amended claim, were also determined to be patentable over the prior art. *Id.* Additionally, new claims 25–58 were added and determined to be patentable. *Id.*

## APPLE'S INFRINGING ACTIVITY

20. Apple entered the wireless charging market, including the market for wireless charging in the United States at least as of 2017, with its release of the AirPower charging pad. AirPower suffered from overheating issues, ultimately leading to Apple withdrawing the product from the market.

21. However, rather than develop its own technology, Apple relies on LS Cable's patented technology and has incorporated LS Cable's patented technology into its wireless charging solutions. Apple thus unfairly competes with LS Cable in the marketplace by offering for sale and selling these infringing products throughout the United States, including in California.

22. Apple has sold infringing products to customers throughout the United States and in this District, including to LS Cable's own customers. Apple has sold or offered for sale infringing products to certain distributors who comprise an important part of LS Cable's own supply chain.

23. As a result of these infringing activities, Apple has caused direct injury to LS Cable throughout the United States.

# THE ACCUSED PRODUCTS

24. Apple makes, uses (including by testing), sells, offers for sale within the United States, and imports into the United States, a variety of devices utilizing wireless charging capabilities.

25. One such capability includes wireless charging capabilities that comply with the Wireless Power Consortium Qi Wireless Power Transfer System Power Class 0 Specification ("the Qi Standard").

26. In particular, Apple makes, uses (including by testing), sells, offers for sale within the United States, and imports into the United States, multiple devices that utilize wireless charging chips from, for example Broadcom Inc. ("Broadcom"), including the Broadcom 59355 chip and variants thereof. For example, at least Apple's iPhone 8, iPhone 8 Plus, iPhone X, iPhone XS, iPhone XS Max, iPhone XR, iPhone 11, iPhone 11 Pro, iPhone 12, iPhone 12 Mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 Mini, iPhone 13 Pro, iPhone 13 Pro Max, iPhone 14, iPhone 14 Plus, iPhone 14 Pro, iPhone 14 Pro Max, iPhone 15, iPhone 15 Plus, iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16Plus, iPhone 16 Pro, iPhone 16 Pro Max, the various iPhone SE generations, and any similarly situated iPhone (collectively, "the iPhone Devices") utilize these chips and have been certified with the Wireless Power Consortium as compliant with the Qi Standard.

27. Further, the Apple S1 System in Package utilized in at least the first-generation Apple Watch utilizes the P9022 wireless charging chip, along with subsequent versions of the Apple Watch utilizing updated Packages, including Apple S3, Apple S4, Apple S5, Apple S6, Apple S7, Apple S8, Apple S9, and Apple S10, and other similarly structured Packages. And, all versions of the Apple Watch, including the first-generation Apple Watch and the Apple Watch Series 1 through Series 10 (collectively, "the Apple Watch Devices"), utilize similar wireless charging.

COMPLAINT FOR PATENT INFRINGEMENT

28. Additionally, Apple's product line of AirPods, including at least the Apple AirPods first-generation, AirPods second-generation, AirPods third-generation, AirPods Pro 2, AirPods 3, and AirPods 4 (the "Apple AirPods Devices") and other similarly structured AirPods products, include similar wireless charging capabilities, for example, by utilizing a wireless charging case.

29. Based on at least their inclusion of the above-certified wireless charging chips and compliance with the Qi Standard, the iPhone Devices infringe at least claim 7 of the '568 Patent.

30. Based on at least their inclusion of the above-certified wireless charging chips and wireless charging capabilities, the Apple Watch Devices infringe at least claim 7 of the '568 Patent.

31. Based on at least their inclusion of the above-certified wireless charging chips and wireless charging capabilities, the Apple AirPods Devices infringe at least claim 7 of the '568 Patent.

32. The iPhone Devices, the Apple Watch Devices, and the Apple AirPods Devices (collectively, the "Accused Products") independently infringe one or more claims of the '568 Patent.

33. On or about March 2019, LS Cable sent Apple a letter notifying Apple that Apple's products with wireless charging capabilities infringed LS Cable's intellectual property, citing specific LS Cable patents (including the '568 Patent) in the United States for Apple's review and investigation.

34. LS Cable continued to communicate directly with Apple about LS Cable's concerns surrounding the potential infringing activity, including Apple's manufacture, use, marketing, and sale of the Accused Products repeatedly since the initial March 2019 letter. LS Cable provided Apple a claim chart outlining Apple's infringement in early 2020. **Exhibit 3**.

35. Apple engaged with LS Cable by responding to LS Cable's letters, yet did not articulate any basis for its infringement or any explanation as to why it did not infringe the '568 Patent.

36. Apple has continued to sell the Accused Products in this district and in this country from 2019 through today, and continues to sell the Accused Products today.

37. Apple does not have a license to the '568 Patent.

38. Apple has not sought a license to the '568 Patent.

39. LS Cable has, therefore, been forced to file this suit to seek this Court's protection of its valuable intellectual property rights.

## COUNT I: APPLE'S INFRINGEMENT OF THE '568 PATENT

40. LS Cable realleges and incorporates by reference each of its allegations in paragraphs 1-39 of this Complaint.

41. As shown in the attached non-limiting claim chart (**Exhibit 4**), by making, using (at least by testing), selling, offering for sale, or importing the Accused Products in this Judicial District and throughout the United States without license or authorization, Apple is now and has been directly infringing at least claim 7 of the '568 Patent, either literally or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, et seq.

42. Exhibit 4 is intended solely to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a)(2), and does not represent LS Cable's preliminary or final infringement contentions or preliminary or final claim construction positions.  LS Cable reserves the right to modify its infringement theories reflected in Exhibit 4 as discovery progresses in this case, including through contentions disclosures and claim construction in accordance with the Patent Local Rules in this District.

43. As a direct and proximate result of Apple's direct infringement of the '568 Patent, LS Cable has been and continues to be damaged.  Apple's infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

44. Since at least September 28, 2023, Apple has known that the Accused Products directly infringe one or more claims of the '568 Patent.

45. Apple has additionally indirectly infringed and continues to indirectly infringe at least claim 7 of the '568 Patent by actively inducing its customers and users of the Accused Products or functionally equivalent products by, among other things, providing the Accused Products to users along with instructions on how to use the Accused Products in a manner that Apple knew would directly infringe each element of at least claim 7 of the '568 Patent.

46. Apple has engaged and will continue to engage in such inducement, having actual

knowledge of the '568 Patent since at least March 2019. Furthermore, Apple knew or should have known that its actions would and will continue to induce direct infringement by the users of the Accused Products or functionally equivalent products, and have intended and will continue to intend that its actions would induce direct infringement by such users.

47. As a direct and proximate result of Apple's indirect infringement by inducement of the '568 Patent, LS Cable has been and continues to be damaged. Apple's infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

48. By engaging in the conduct described herein, Apple has injured LS Cable and is thus liable for infringement of the '568 Patent, pursuant to 35 U.S.C. § 271.

49. Apple has committed these acts of infringement without license or authorization.

50. As previously described, Apple's infringement has been done with full, express, and actual knowledge of the '568 Patent since at least September 28, 2023, and Apple's infringement is therefore deliberate, willful, and wanton.

51. As a result of Apple's willful infringement of the '568 Patent, LS Cable has suffered monetary damages and is entitled to a monetary judgment in an amount at least adequate to compensate for Apple's infringement.

52. LS Cable will continue to suffer damages in the future unless this Court enjoins Apple's infringing activities or the patent expires, whichever is sooner. As such, LS Cable is entitled to compensation for any continuing and/or future infringement up until the date that Apple is finally and permanently enjoined from further infringement or the patent expires, whichever is sooner.

**PRAYER FOR RELIEF**

WHEREFORE, LS Cable prays for the following relief:

A. Apple be adjudged to have infringed the '568 Patent directly and by way of induced infringement, either literally or under the doctrine of equivalents;

B. That Apple, and each of their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation

|   |   |   |
|---|---|---|
|   |   | with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the '568 Patent; |
|   | C. | An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate LS Cable for Apple's past infringement and any continuing or future infringement up until the date that Apple is finally and permanently enjoined from further infringement or the patent expire, whichever is sooner, including compensatory damages; |
|   | D. | An assessment of pre-judgment and post-judgment interest and costs against Apple, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284; |
|   | E. | That Apple be directed to pay enhanced damages under 35 U.S.C. § 284 and LS Cable's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and |
|   | F. | Such other and further relief as this Court may deem just and proper. |

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), LS Cable hereby demands a trial by jury on all issues triable of right by a jury.

Dated: December 18, 2024

Respectfully submitted,

/s/ *Erik J. Halverson*
Erik J. Halverson (SBN 333492)
erik.halverson@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

Jason A. Engel (*pro hac vice* forthcoming)
Devon C. Beane (*pro hac vice* forthcoming)
Rebekah Hill (*pro hac vice* forthcoming)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jason.engel@klgates.com
devon.beane@klgates.com
rebekah.hill@klgates.com

*Attorneys for Plaintiff LS Cable & System Ltd.*