1  Erik J. Halverson (SBN 333492)
   **K&L GATES LLP**
2  4 Embarcadero Center, Suite 1200
   San Francisco, CA 94111
3  Telephone: (415) 882-8200
   Fax: (415) 882-8220
4  erik.halverson@klgates.com

5  *Attorneys for Plaintiff LS Cable & System Ltd.*

6  RICHARD S.J. HUNG (CA SBN 197425)
   RHung@mofo.com
7  SHAELYN K. DAWSON (CA SBN 228278)
   ShaelynDawson@mofo.com
8  MEREDITH L. ANGUEIRA (CA SBN 333222)
   MAngueira@mofo.com
9  MORRISON & FOERSTER LLP
   425 Market Street
10 San Francisco, California 94105-2482
   T: (415) 268-7000 / F: (415) 268-7522
11
   RYAN J. MALLOY (CA SBN 253512)
12 RMalloy@mofo.com
   MORRISON & FOERSTER LLP
13 707 Wilshire Boulevard, Suite 6000
   Los Angeles, California 90017-3543
14 T: (213) 892-5200 / F: (213) 892-5454

15 *Attorneys for Defendant* APPLE INC.

16 *\*Additional attorneys listed on the following page*

17

18                UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20                   SAN FRANCISCO DIVISION

21

22 | LS CABLE & SYSTEM LTD., | Case No. 3:24-cv-09194-JD |
| --- | --- |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| APPLE INC., | |
| Defendant. | |

27

28

1  STEPHEN LIU (CA SBN 318533)
   SLiu@mofo.com
2  AARON D. BRAY (CA SBN 327771)
   ABray@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   T: (650) 813-5600 / F: (650) 494-0792
5
   *Attorneys for Defendant* APPLE INC.
6

Plaintiff LS Cable & System Ltd. ("Plaintiff" or "LS Cable") and Defendant Apple Inc. ("Defendant" or "Apple") jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for Civil Cases Before Judge James Donato, and the Standing Order for All Judges in the Northern District of California – Contents of Joint Case Management Statement.

**1. Jurisdiction & Service**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Apple has been duly served with process. No parties remain to be served. LS Cable filed this case in the Northern District of California on December 18, 2024.

**2. Facts**

**A. Nature of the Action**

This is a patent infringement action involving U.S. Patent No. 8,013,568 (the "'568 Patent" or "Asserted Patent"), entitled "Contact-less chargeable battery and charging device, battery charging set, and charging control method thereof."

On December 18, 2024, LS Cable filed a Complaint for patent infringement against Apple asserting the '568 Patent. (ECF No. 1.) The pre-reexamination version of the Asserted Patent issued on September 6, 2011; a request for supplemental examination was filed on March 12, 2021; and a reexamination certificate issued on September 28, 2023.

On January 9, 2025, the Court granted a stipulated motion to extend the time for Apple to respond to the Complaint until March 10, 2025. (ECF No. 19.)

**B. Plaintiff's Contentions**

LS Cable alleges that various elements of Apple's product line of iPhone devices, Apple Watches, and AirPods devices infringe the Asserted Patent. LS Cable contends that Apple's infringement has been willful and seeks at least a reasonable royalty for past, ongoing, and future infringement. As noted in the complaint, LS Cable first notified Apple of its infringement in March of 2019.

**C. Defendant's Contentions**

Apple denies that it infringes any claim of the '568 Patent (directly or indirectly). Apple further contends that the '568 Patent is invalid and/or unenforceable under at least 35 U.S.C. §§ 102, 103, 112, and 305 and/or equitable doctrines. Apple denies both that LS Cable notified Apple of its alleged infringement of the '568 Patent (as modified during reexamination) and that any such alleged infringement would have been willful. Apple denies that LS Cable is entitled to any damages, injunctive relief, or any other relief. Apple reserves its rights to seek recovery of attorneys' fees, costs, and expenses. Apple reserves its rights to answer the complaint as permitted by Federal Rules of Civil Procedure and Court Order (ECF No. 19 (extending time to answer complaint)), including to assert all affirmative claims or defenses to which it is entitled.

**D. Factual Issues in Dispute**

At this time, the parties anticipate that the principal disputed factual issues will relate to infringement, validity, damages, and willfulness. All these issues may include both legal and factual components.

**3. Legal Issues**

The parties anticipate the following issues may be in dispute:

- The construction of any disputed claim terms of the '568 Patent;
- Whether Apple has directly and/or indirectly infringed any claim of the '568 Patent under 35 U.S.C. §§ 271, and, if so, whether that infringement has been willful, including without limitation due to the lack of notice of the post-reexamination claims;
- Whether any asserted claim of the '568 Patent is valid or enforceable, under at least 35 U.S.C. §§ 102, 103, 112, and/or 305;
- Whether LS Cable's claims are barred by any defense now or later raised by Apple;
- Whether LS Cable is entitled to damages under 35 U.S.C. § 284 and, if so, the amount of any such damages;
- Whether, if liability and damages are established, such damages are limited, including by 35 U.S.C. §§ 286-288, and if so, to what extent;
- Whether LS Cable is entitled to injunctive relief;

- Whether attorneys' fees, costs or expenses are recoverable by any party under 35 U.S.C. § 285.

**4. Motions**

Apple filed a motion to dismiss on March 10, 2025, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 29.)

**5. Amendment of Pleadings**

The parties do not anticipate amendments to add parties or claims at this time.

**6. Evidence Preservation**

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps that the parties agree to take to preserve evidence relevant to the issues reasonably evident in this action. The parties confirm that they have taken appropriate steps to preserve documents, records, electronic data, and materials relevant to this lawsuit from modification or loss.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI").

**7. Disclosures**

The parties served initial disclosures on March 13, 2025, pursuant to Fed. R. Civ. P. 26.

**8. Discovery**

**A. Scope of Anticipated Discovery**

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including related, ancillary, and subsidiary factual and legal issues and matters.

**1. Plaintiff's Statement**

LS Cable anticipates that it will need discovery on the following:

i. Apple's infringement of the Asserted Patent;

ii. Willfulness of Apple's infringement;

    iii.    Damages related to Apple's infringement, including discovery of Apple's costs, sales volumes, revenues, and profits related to the Apple products, systems, and services that infringe the Asserted Patent;

    iv.    Licensing/settlement agreements relevant to LS Cable's claim for damages;

    v.    The structure and operation of any products, systems, and services accused of infringing the Asserted Patent; and

    vi.    The dates on which Apple first made, used, sold, offered for sale, or imported the products, systems, or services accused of infringing the Asserted Patent.

### 2. **Defendant's Statement**

Apple anticipates seeking written and deposition discovery from LS Cable and third parties on the following issues:

    i.    The factual bases for LS Cable's claims and defenses;

    ii.    The proper constructions for the asserted claims of the '568 Patent;

    iii.    The '568 patent, including, but not limited to prior art (including both publications and systems) under 35 U.S.C. §§ 102 and 103, invalidity analyses, unenforceability, conception, reduction to practice, prosecution history, assignment history, financial or ownership interests, and alleged infringement analysis;

    iv.    The prosecution of the '568 Patent, including its reexamination, including its timing, rationale, and consequences;

    v.    Any actual or potential licenses or assignment of ownership interests of the '568 Patent, and the products that allegedly embody the '568 Patent;

    vi.    Any party with a financial interest in the litigation;

    vii.    LS Cable's communications with third parties related to the '568 Patent;

    viii.    LS Cable's past and current enforcement and settlement of enforcement actions for the '568 Patent and similar patents;

    ix.    LS Cable's communications with Apple regarding the '568 Patent;

    x.    LS Cable's pre-filing investigation and decision to file this lawsuit; and

    xi.    LS Cable's allegations of damages.

### B. Discovery to Date

On February 27, 2025, the parties met and conferred as required by Federal Rule of Civil Procedure 26(f) and this Court's Reassignment Order Setting CMC (ECF No. 17). The parties have not yet served any discovery requests.

### C. Stipulated E-Discovery Order

The parties are in the process of negotiating the terms of a stipulated e-discovery based on the Northern District of California's Model Stipulation and Order Re: Discovery of Electronically Stored Information for Patent Litigation, as well as this Court's Standing Order for E-Discovery and Email Discovery in Patent Cases.

### D. Stipulated Protective Order

The parties are in the process of negotiating the terms of a stipulated protective order based on the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

### E. Discovery Plan/Changes to Discovery Limitations

The parties have reviewed the Standing Order for Discovery in Civil Cases Before Judge Donato. At this time, the parties agree to the following further limits on discovery, but as noted above are in the process of negotiating the terms of potential additional limitations. Both parties reserve the right to challenge unreasonably burdensome discovery requests, regardless of whether they fall within the limits described below. Both parties also reserve the right to seek leave, upon a showing of good cause, to obtain additional discovery beyond the limits described in this section. In the event that either party later wishes to modify or deviate from the limits discussed below, the parties agree to meet and confer in good faith in an attempt to resolve the issue without Court intervention.

#### 1. Requests for Admission

Each side may propound up to twenty-five (25) requests for admission to each other party, excluding requests for admission related to authenticity of documents, so long as those related to authenticity are clearly denoted and numbered separately from those seeking other admissions.

### 2. Requests for Production

Each side may propound up to one hundred (100) requests for production to each other party.

### 3. Other Discovery

With the exception of requests for admission and requests for production, the parties agree to adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure, the Patent Local Rules, Standing Order for Discovery in Civil Cases Before Judge Donato, and any other applicable order or rule.

## F. Privilege

The parties have reviewed the Standing Order for Discovery in Civil Cases Before Judge Donato. The parties further agree to the following procedures regarding claims of privilege or protection as trial-preparation materials:

a. The parties will exchange logs of information that is privileged or protected as trial preparation material as set forth in Fed. R. Civ. P. 26(b)(5) on or before 45 days before the close of fact discovery.

b. The parties agree that privileged or protected documents created on or after the date of the filing of the Complaint need not be included on any privilege log, except as otherwise agreed to by the parties or ordered by the Court.

c. The parties' logs will set forth the review number or production number of any withheld or redacted document and the following information: (a) the date of recordation or preparation of the document; (b) the type of document; (c) the author(s) of the document; (d) the name of the document's sender and their title and/or job position; (e) the name of the document's recipient(s) and their title and/or job position, including the names of those receiving copies; (f) the nature and basis of the privilege claimed and whether or not the subject matter of the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and (g) a brief description of the subject matter of the contents of the document.

d. In accordance with Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B), the production of information that is privileged or protected as trial-preparation material will not be deemed a waiver of any privilege or other basis to withhold the information.

### G. Service by Electronic Means

The parties agree to service by email, CM/ECF, and as reasonably necessary, other secure methods of electronic file transfer. For calculating all deadlines, electronic service shall be equivalent to hand service. If a method other than electronic service is used, the serving party shall send a courtesy copy electronically. The parties also agree to exchange service lists that must be used for electronic service.

## 9. Class Actions

Not applicable.

## 10. Related Cases

Not applicable.

## 11. Relief

### A. Plaintiff's Statement

LS Cable seeks damages adequate to compensate them for Apple's infringement of the Asserted Patent, in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in accordance with 35 U.S.C. § 284. LS Cable also requests the Court to enter an order that Apple's acts of infringement have been willful and award LS Cable enhanced damages in accordance with 35 U.S.C. § 284, and further seeks attorneys' fees under 35 U.S.C. § 285. LS Cable further seeks such other relief as the Court deems just and proper. LS Cable is unable to make an estimate of the damages range expected because Apple has not yet responded to LS Cable's written discovery (to be propounded) and produced the underlying documents, including, non-public information on subjects including sales volumes, revenues, profits, comparable licenses, the effect that sales of the accused products had on Apple's other products, and the emphasis and importance that Apple placed on the patented features. LS Cable will provide more detailed damages contentions in accordance with the Patent L.R. 3-8 Damages Contentions deadline set forth in the proposed case schedule in Section 17 below.

**B. Defendant's Statement**

Apple requests that the Court find that: (1) claim 7 (and any other claim that may be asserted) of the '568 Patent is invalid; (2) Apple has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '568 Patent; (3) LS Cable cannot recover any damages from Apple for any infringement of the '568 Patent; (4) this case is exceptional, and award Apple its costs and attorneys' fees under 35 U.S.C. § 285; and (5) Apple shall be awarded such other relief as this Court may deem just and proper.  Apple will provide responsive damages contentions in accordance with the Patent L.R. 3-9 Damages Contentions deadline set forth in the proposed case schedule in Section 17 below.

**12. Settlement and ADR**

Pursuant to ADR Local Rule 3-5, the parties have met and conferred and discussed ADR options and intend to stipulate to private mediation per ADR Local Rule 8-2.

**13. Consent to Magistrate Judge For All Purposes**

The parties decline to consent to a magistrate judge.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties agree to confer in good faith after the discovery period as to stipulated facts that may expedite the presentation of evidence at trial.  To the extent any additional patents are added to the case, the parties agree to engage in discussions to establish a framework for narrowing.  However, given that this case currently involves a single patent, no specific proposals for narrowing the number of claims are contemplated at this time.

**16. Expedited Trial Procedure**

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order No. 64.

**17. Scheduling**

With the exception of the deadline for parties to amend pleadings to add parties or claims, the parties are in agreement on the proposed schedule through the Patent Local Rule 4-6 Claim Construction Hearing, but the parties propose differing schedules thereafter.

| EVENT | LS CABLE PROPOSED DEADLINES | APPLE PROPOSED DEADLINES |
|---|---|---|
| Initial Disclosures and Filing of Joint Case Management Statement | March 13, 2025 | March 13, 2025 |
| Initial Case Management Conference | March 20, 2025 | March 20, 2025 |
| Patent L.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions | April 3, 2025 | April 3, 2025 |
| Patent L.R. 3-2 Document Production Accompanying Disclosures | April 3, 2025 | April 3, 2025 |
| Deadline for Parties to Amend Pleadings to Add Parties or Claims, Absent Good Cause | May 29, 2025 | March 31, 2025 |
| Patent L.R. 3-3 Invalidity Contentions | June 3, 2025 | June 3, 2025 |
| Patent L.R. 3-4 Document Production Accompanying Invalidity Contentions | June 3, 2025 | June 3, 2025 |
| Patent L.R. 4-1 Exchange Terms for Construction | June 17, 2025 | June 17, 2025 |
| Patent L.R. 4-2 Exchange Preliminary Constructions and Extrinsic Evidence | July 8, 2025 | July 8, 2025 |
| Patent L.R. 3-8 Damages Contentions | July 23, 2025 | July 23, 2025 |
| Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement | July 31, 2025 | July 31, 2025 |
| Patent L.R. 3-9 Responsive Damages Contentions | August 21, 2025 | August 21, 2025 |
| Patent L.R. 4-4 Completion of Claim Construction Discovery | August 28, 2025 | August 28, 2025 |
| Patent L.R. 4-5(a) Plaintiff's Opening Claim Construction | September 11, 2025 | September 11, 2025 |

| | | |
|---|---|---|
| Brief | | |
| Patent L.R. 4-5(b) Defendants' Responsive Claim Construction Brief | September 25, 2025 | September 25, 2025 |
| Patent L.R. 4-5(c) Plaintiff's Reply Brief | October 2, 2025 | October 2, 2025 |
| Amended, Final Joint Claim Construction Statement | October 2, 2025 | October 2, 2025 |
| Written Technology Synopsis | September 30, 2025 | September 30, 2025 |
| Patent L.R. 4-6 Claim Construction Technology Tutorial (if requested) | October 9, 2025, or at the Court's convenience | October 9, 2025, or at the Court's convenience |
| Patent L.R. 4-6 Claim Construction Hearing | October 23, 2025, or at the Court's convenience | October 23, 2025, or at the Court's convenience |
| Patent L.R. 3-7 Disclosures | 30 days after service by the Court of its Claim Construction Ruling | 30 days after service by the Court of its Claim Construction Ruling |
| Completion of Fact Discovery | January 30, 2026 | March 19, 2026 |
| Deadline to File Motions to Compel | February 18, 2026 | April 7, 2026 |
| Opening Expert Report on Issues as to which Party Bears the Burden of Proof | March 19, 2026 | May 19, 2026 |
| Responsive Expert Reports | April 16, 2026 | June 9, 2026 |
| Completion of Expert Discovery | May 5, 2026 | June 30, 2026 |
| Deadline to File Summary Judgment & Daubert Motions | May 21, 2026 | August 11, 2026 |
| Deadline to File Responsive Briefs to Summary Judgment & Daubert Motions | June 4, 2026 | September 3, 2026 |
| Deadline to File Reply Briefs to Summary Judgment & Daubert Motions | June 11, 2026 | September 17, 2026 |
| SJ & Daubert Hearing (Subject to Court's Calendar) | June 25, 2026, or at the Court's convenience | October 22, 2026, or at the Court's convenience |
| Exchange Deposition and Discovery-Response Designations | The parties will meet and confer in advance of trial to streamline preparations. | The parties will meet and confer in advance of trial to streamline preparations. |

| | | |
|---|---|---|
| Exchange Exhibits and Exhibit List | The parties will meet and confer in advance of trial to streamline preparations. | The parties will meet and confer in advance of trial to streamline preparations. |
| Exchange Counter-Designations and Objections to Deposition and Discovery Response Designations | The parties will meet and confer in advance of trial to streamline preparations. | The parties will meet and confer in advance of trial to streamline preparations. |
| Exchange Objections to Exhibit List | The parties will meet and confer in advance of trial to streamline preparations. | The parties will meet and confer in advance of trial to streamline preparations. |
| Exchange Witness Lists | The parties will meet and confer in advance of trial to streamline preparations. | The parties will meet and confer in advance of trial to streamline preparations. |
| Exchange Motions in Limine | The parties will meet and confer in advance of trial to streamline preparations. | The parties will meet and confer in advance of trial to streamline preparations. |
| Pretrial Filings | August 26, 2026 | February 11, 2027 |
| Pretrial Conference | September 9, 2026 | February 25, 2027 |
| Jury Trial | September 28, 2026, or at the Court's convenience | March 15, 2027, or at the Court's convenience |

**18. Trial**

The parties request a trial before a jury. LS Cable expects that the trial will take five days. At this time, Apple is unable to anticipate the length of trial or the scope of LS Cable's infringement allegations.

**19. Disclosure of Non-party Interested Entities or Persons**

The parties have each filed a Certificate of Interested Entities or Persons.

**A. LS Cable's Restatement**

LS Cable hereby restates its Rule 7.1 Statement and Certificate of Interested Parties as follows:

- LS Corp. owns a controlling interest of LS Cable & Systems, Ltd.'s stock.

No other publicly held corporation owns more than 10% stock of LS Cable & Systems, Ltd.

**B. Apple's Restatement**

Pursuant to Federal Rules of Civil Procedure 7.1, Defendant Apple Inc. ("Apple") states that it has no parent corporation and that no publicly held corporation holds 10% or more of its stock.

Pursuant to Civil Local Rule 3-15, Apple certifies that no persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the named parties are known to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. Professional Conduct**

All attorneys of records for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

None.

Dated: March 13, 2025

Respectfully submitted,

/s/ *Erik J. Halverson*
Erik J. Halverson (SBN 333492)
erik.halverson@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

Jason A. Engel (admitted *pro hac vice*)
Devon C. Beane (admitted *pro hac vice*)
Rebekah Hill (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jason.engel@klgates.com
devon.beane@klgates.com
rebekah.hill@klgates.com

*Attorneys for Plaintiff LS Cable & System Ltd.*

| | | |
|---|---|---|
| 1 | Dated: March 13, 2025 | MORRISON & FOERSTER LLP |

By:  */s/ Shaelyn K. Dawson*

RICHARD S.J. HUNG (CA SBN 197425)
RHung@mofo.com
SHAELYN K. DAWSON (CA SBN 228278)
ShaelynDawson@mofo.com
MEREDITH L. ANGUEIRA (CA SBN 333222)
MAngueira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
T: (415) 268-7000 / F: (415) 268-7522

RYAN J. MALLOY (CA SBN 252512)
RMalloy@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
T: (213) 892-5200 / F: (213) 892-5454

STEPHEN LIU (CA SBN 318533)
SLiu@mofo.com
AARON D. BRAY (CA SBN 327771)
ABray@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
T: (650) 813-5600 / F: (650) 494-0792

*Attorneys for Defendant APPLE INC.*