1  Erik J. Halverson (SBN 333492)
   **K&L GATES LLP**
2  4 Embarcadero Center, Suite 1200
3  San Francisco, CA 94111
   Telephone: (415) 882-8238
4  Fax: (415) 882-8220
   erik.halverson@klgates.com
5

6  Jason A. Engel (*pro hac vice*)
   Devon C. Beane (*pro hac vice*)
7  Rebekah Hill (*pro hac vice*)
   **K&L GATES LLP**
8  70 W. Madison St., Suite 3300
   Chicago, IL 60602
9  Telephone: (312) 372-1121
   Fax: (312) 827-8000
10 jason.engel@klgates.com
   devon.beane@klgates.com
11 rebekah.hill@klgates.com

12
   *Attorneys for Plaintiff LS Cable & System Ltd.*
13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                        SAN FRANCISCO DIVISION

17

18 | LS CABLE & SYSTEM LTD.,            | Case No. 3:24-cv-09194-JD
19 |                                    |
   |                  Plaintiff,        | **PLAINTIFF LS CABLE & SYSTEM
20 |                                    | LTD.'S RESPONSE TO DEFENDANT
   |          v.                        | APPLE INC.'S MOTION TO DISMISS**
21 |                                    |
22 | APPLE INC.,                        | Date: April 17, 2025
   |                                    | Time: 10:00 a.m.
23 |                  Defendant.        | Courtroom: 11, 19th Floor
   |                                    | Judge: Hon. James Donato
24

25

26

27

28

## **TABLE OF CONTENTS**

I. INTRODUCTION AND STATEMENT OF THE ISSUES ............................................... 1

II. LEGAL STANDARD .................................................................................................... 1

    A. Rule 12(b)(6) ..................................................................................................... 1

    B. 35 U.S.C. § 305 ................................................................................................. 2

III. ARGUMENT ................................................................................................................. 2

    A. LS Cable's Complaint Sufficiently Alleges Direct Infringement ...................... 2

    B. LS Cable's Complaint Sufficiently Alleges Willful Infringement .................... 5

    C. LS Cable's Complaint Sufficiently Alleges Induced Infringement ................... 7

    D. LS Cable's Complaint Sufficiently Alleges Entitlement to Pre-Suit Damages ...... 8

IV. CONCLUSION .............................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 1

*Balistreri v. Pacifica Police Dep't.*,
   901 F.2d 696 (9th Cir.1990) ..................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 1

*Broadcom Corp. v. Qualcomm Inc.*,
   543 F.3d 683 (Fed. Cir. 2008) .................................................................................. 8

*CAO Lighting, Inc. v. Gen. Elec. Co.*,
   C.A. No. 20-681-GBW, C.A. No. 20-690-GBW, 2023 WL 387585 (D. Del. Jan. 25, 2023) ..... 9

*Core Optical Techs. LLC v. Juniper Networks Inc.*,
   562 F. Supp. 3d 376 (N.D. Cal. 2021) ..................................................................... 6

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ................................................................................ 2

*eBay Inc. v. PartsRiver, Inc.*,
   Nos. C 10–04947, C 10–05106, C 10–05108, 2011 WL 1754083 (N.D. Cal. May 9, 2011) ...... 2

*Exelis Inc. v. Cellco P'ship*,
   C.A. No. 09-190-LPS, 2012 WL 6043494 (D. Del. Nov. 6, 2012) .......................... 4

*Firstface Co., Ltd. v. Apple Inc.*,
   No. 18-cv-02245-JD, 2019 WL 1102374 (N.D. Cal. Mar. 3, 2019) ................. 3, 7, 8

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001) ................................................................................ 9

*Gibson v. City of Chi.*,
   910 F.2d 1510 (7th Cir. 1990) .................................................................................. 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) .............................................................................................. 8, 9

*Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*,
   677 F. Supp. 3d 1079 (N.D. Cal. June 15, 2023) .................................................... 2

*Levitt v. Yelp! Inc.*,
  765 F.3d 1123 (9th Cir. 2014) .................................................................................................. 6

*Linear Technology Corp. v. Micrel, Inc.*,
  524 F. Supp. 2d 1147 (N.D. Cal. 2005) ................................................................................ 2, 4

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) .................................................................................................. 7

*Moss v. U.S. Secret Service*,
  572 F.3d 962 (9th Cir. 2009) .................................................................................................... 1

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ........................................................................................ 1, 3, 4

*Nested Bean, Inc. v. Dreamland Baby Co.*,
  No. 3:20-CV-07546-JD (N.D. Cal. Feb. 9, 2021), ECF. No. 35 ................................................ 4

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) ................................................................................................ 4

*Quantum Corp. v. Rodime, PLC*,
  65 F.3d 1577 (Fed. Cir. 1995) .................................................................................................. 2

*Sharper Image Corp. v. Honeywell Int'l, Inc.*,
  No. C 02–4860, 2004 WL 5645761 (N.D. Cal. Mar. 17, 2004) ........................................... 3, 4

*Suprema, Inc. v. Int'l Trade Comm'n*,
  626 F. App'x 273 (Fed. Cir. 2015) ........................................................................................... 7

*Utto Inc. v. Metrotech Corp.*,
  119 F.4th 984 (Fed. Cir. 2024) ................................................................................................. 5

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
  824 F.3d 1344 (Fed. Cir. 2016) ................................................................................................ 8

*Zadro Prods., Inc. v. Feit Elec. Co., Inc.*,
  514 F. Supp. 3d 1209 (C.D. Cal. Jan. 6, 2021) ........................................................................ 9

## I. INTRODUCTION AND STATEMENT OF THE ISSUES

Apple's Motion is based on inaccurate characterizations of the Complaint, misinterpretations of the controlling law, and a fundamental misunderstanding of the presumption of validity that applies to patents under 35 U.S.C. § 282. Apple improperly seeks to have this Court prematurely rule on claim construction issues, despite the record being devoid of any briefing or evidence on the matter. For these reasons, LS Cable respectfully requests that the Court deny Apple's Motion in its entirety.

Under the circumstances of this case, a Rule 12(b)(6) motion is not the appropriate stage for resolving the 35 U.S.C. § 305, which requires complex claim construction issues, especially when, as here, the factual allegations have not been fully developed. Moreover, the allegations in the Complaint, several of which Apple fails to acknowledge, when construed in the light most favorable to LS Cable, are sufficient to support claims for direct, willful, and induced infringement, and pre-suit damages.

As such, LS Cable's factual allegations provide a plausible basis for its claims, and Apple's motion should be denied in its entirety.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

To avoid dismissal under 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677). Finally, "[w]hen ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1347 (Fed. Cir. 2018).

**B.     35 U.S.C. § 305**

"Whether claims have been enlarged is a matter of claim construction." *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1580 (Fed. Cir. 1995). The MPEP explains that "[a] claim presented in a reexamination proceeding "enlarges the scope" of the claims of the patent being reexamined where the claim is broader than *each and every claim of the patent*." MPEP § 2258.III.A (emphasis added). The Federal Circuit has established that an amendment that "merely clarif[ies]" or "make[s] specific what was always implicit or inherent" has been deemed to not be a substantive change. *Linear Tech. Corp. v. Micrel, Inc.*, 524 F. Supp. 2d 1147, 1157 (N.D. Cal. 2005). For a defendant "[t]o overcome the presumption that patents are valid, clear and convincing evidence is required." *eBay Inc. v. PartsRiver, Inc.*, Nos. C 10–04947 CW, C 10–05106 CW, C 10–05108 CW, 2011 WL 1754083, at *4 (N.D. Cal. May 9, 2011).

**III.    ARGUMENT**

**A.     LS Cable's Complaint Sufficiently Alleges Direct Infringement**

LS Cable's Complaint alleges sufficient facts, when taken as true, state a plausible claim for direct infringement. While LS Cable "[is] not required to identify all allegedly infringing products in their complaint and map those products to patent claim[,]" it has nonetheless satisfied the pleading burden by providing detailed factual allegations, including identifying the '568 Patent, providing photos of the accused products, and mapping the accused products to each and every claim limitation of at least one claim of the '568 Patent (Claim 7) in the claim charts attached to the complaint. *Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, 677 F. Supp. 3d 1079, 1084 (N.D. Cal. June 15, 2023). These facts establish a plausible basis for infringement under the *Twombly/Iqbal* standard. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (finding the complaint provided fair notice of infringement by identifying accused products by name, attaching photos of their packaging, and alleging the accused products met "each and every element of at least one" asserted claim). LS Cable goes far above what is required to plead infringement.

Apple's Motion seeks to adjudicate validity of the claims of the '568 Patent, claims that are entitled to a presumption of validity at this stage (35 U.S.C. 282(a)) under the guise of a Rule 12

motion.  In doing so, it puts the apple cart before the horse.  At this stage, LS Cable must only state a plausible cause of action, which it does by alleging infringement of at least claim 7, identified the products at issue in the case, and attaching exemplary claim charts.  Apple is well acquainted with the pleading standards and how they are applied by this Court.  *See Firstface Co., Ltd. v. Apple Inc.*, No. 18-cv-02245-JD, 2019 WL 1102374, at *1 (N.D. Cal. Mar. 3, 2019) (Donato, J.) (denying Apple's 12(b)(6) motion where plaintiff attached and incorporated by reference the asserted patents, identified the accused products, and included infringement contention-type charts, explaining that "Apple [had] fair notice of the infringement claims and the grounds on which they [were] brought, which is all that is required to meet the plausibility standards of *Iqbal* and *Twombly*").  Apple's Motion is a thinly veiled summary judgment motion, without the benefit of claim construction or expert discovery and is therefore premature.

In this case "it is not appropriate to resolve [claim interpretation] disputes . . . on a Rule 12(b)(6) motion, without the benefit of claim construction[,]" because the "purpose of [Apple's] motion to dismiss is to *test the sufficiency of the complaint, not to decide the merits*." *Nalco Co.*, 883 F.3d at 1350 (quoting *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (emphasis in original)).  Notably, this Court has declined to address whether asserted claims were impermissibly broadened even at the claim construction stage of litigation.  *Sharper Image Corp. v. Honeywell Int'l, Inc.*, No. C 02–4860 CW, 2004 WL 5645761, at *6 n.4 (N.D. Cal. Mar. 17, 2004) ("[T]he Court declines at this time to address whether claim 24 has been impermissibly enlarged…. Instead, the Court will address this issue in the context of resolving a motion for summary judgment on the basis of invalidity, if such a motion is made.").  This case is in its relative infancy compared to *Sharper Image* which was part of a claim construction order.  There, this Court reasoned that "[w]hether claims have been enlarged is a matter of claim construction[,]" and where "the parties have not fully briefed this issue[,]" the Court should decline at that time to address whether the claim "has been impermissibly enlarged by including 'within its scope any subject matter that would not have infringed the original patent.'" *Id.*  Instead, the Court directed the parties that the proper timing for such a motion is summary judgment.  *Id.*  This should be the case here too, as Apple's motion requires at least claim construction and expert testimony regarding the comparison

of the scope of the reexamined claims to those originally in the patent. *See Nested Bean, Inc. v. Dreamland Baby Co.*, No. 3:20-CV-07546-JD (N.D. Cal. Feb. 9, 2021), ECF. No. 35 (Text Order) (denying motion to dismiss because "the motion relies heavily on prosecution history documents outside the complaint, and raises disputes about claim construction that are 'not suitable for resolution on a motion to dismiss.'" (quoting *Nalco Co.*, 83 F.3d at 1349)).

To ultimately determine whether a patent claim has been impermissibly broadened, a court must examine the specific language of the claims, the prosecution history, and a court may rely on extrinsic evidence to "shed useful light on the relevant art." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005). Such extrinsic evidence may also include technical dictionaries, treatises, and expert testimony regarding the meaning of the terms. These factual issues are not suitable for resolution in a motion to dismiss.

Here, like in *Sharper Image Corp.*, the issue of whether any claim of the '568 Patent has been impermissibly broadened is not fully briefed. Apple dedicated only two and a half pages of its allotted twenty-five pages to present its proposed claim interpretations for the challenged claim language. Apple focuses on the language "microprocessor," and assumes, without explanation, that replacing an "overvoltage monitor" with "microprocessor" inherently broadens the claim; however, a monitor that monitor's *over*voltages must, at the same time, monitor *under*voltages in order to detect the differences, whether that monitor be called an "overvoltage" monitor or a microprocessor programmed to monitor voltages. Accordingly, Apple's interpretation of "microprocessor" is based on an unfounded assumption regarding the scope of the claim, but this assumption has not been tested or fully developed in the context of claim construction. *See Sharper Image Corp.*, 2004 WL 5645761, at *6 n.4. In reality, the new language in Claim 7 was added to clarify what a person of ordinary skill in the art would have understood to always be inherent and implicit in the original patent claims. *See Linear Tech. Corp.*, 524 F. Supp. 2d at 1157.

Moreover, Apple's Motion fails to "compare[] the scope of the reexamined patent claim [Claim 7] to the scope of the broadest pre-reexamination claim(s)." *See Exelis Inc. v. Cellco P'ship*, C.A. No. 09-190-LPS, 2012 WL 6043494, at *3 (D. Del. Nov. 6, 2012) ("[T]he reexamined claim 1 still may not violate Section 305 if reexamined claim 1 is narrower than some other claim of the

original '450 patent."). In fact, Apple did not even identify the broadest pre-reexamination patent claim (an exercise that would require expert analysis) and merely compared the disputed language of reexamined Claim 7 to "the original claims requiring an '*over*voltage monitoring unit[.]'" Dkt. No. 29 at 4. In doing so, Apple ignores, for example, method claim 23 which requires no specific hardware to perform the "monitoring." Then, Apple, in a conclusory manner, stated: "But that same [hypothetical accused] module would not have infringed the original claims requiring an '*over*voltage monitoring unit,' including claim 7. (*See id.*, claims 1-12, 14-16, and 21-22)." *Id.* This analysis is insufficient to overcome Apple's burden of clear and convincing evidence. Notably, Apple, having filed its motion, should not be permitted to pivot the scope of its motion to undertake this exercise on reply.

A motion to dismiss, which cannot rely on extrinsic evidence, is an improper and premature vehicle for Apple to raise this issue. Because Claim 7's meaning is not "so clear on the only point that is ultimately material to deciding the motion to dismiss that no additional process is needed[,]" Apple's Rule 12(b)(6) Motion is not the proper vehicle for resolution. *Utto Inc. v. Metrotech Corp.*, 119 F.4th 984, 994 (Fed. Cir. 2024).

Apple has failed to produce clear and convincing evidence that the '568 Patent is invalid under 35 U.S.C. § 305, and therefore Apple's Motion should be denied.

The Complaint alleges infringement of "at least Claim 7." Dkt. 1 ¶ 41. To the extent the Court is inclined to agree with Apple and dismiss LS Cable's complaint based on Apple's Section 305 theory, LS Cable respectfully requests leave to amend the Complaint to assert additional claims, including newly added claims that contain different language and scope not broader than pre-reexamined claims that are not the subject of Apple's motion.

Therefore, to the extent the Court is persuaded by Apple's premature motion, LS Cable requests that it be granted an opportunity to amend the Complaint to add additional patent claims.

**B.   LS Cable's Complaint Sufficiently Alleges Willful Infringement**

The Complaint pleads facts sufficient to support a claim for willful infringement at least since the issuance of the reexamination certificate for the '568 Patent on September 28, 2023. As a preliminary matter, Apple mischaracterizes the relevant willful infringement law. Dkt. 29, at 6.

1  Contrary to Apple's assertion, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff need only
2  allege that the defendant deliberately infringed the asserted patent; the plaintiff is not required to
3  show egregious conduct. *See Eko Brands, LLC v. Adrian Rivera Maynez Enters.*, 946 F.3d 1367,
4  1378 (Fed. Cir. 2020) ("Under *Halo*, the concept of 'willfulness' requires a jury to find no more
5  than deliberate or intentional infringement[,]" and only "[o]nce an affirmative finding of willfulness
6  has been made" are "considerations of egregious behavior and punishment [ ] relevant"); *Core
7  Optical Techs. LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 381 (N.D. Cal. 2021).

8        In *Core Optical Technologies, Inc.*, this Court specifically rejected the defendant's reliance
9  on the district court case, *Google LLC v. Princeps Interface Technologies LLC*, 2020 WL 1478352,
10 the very case Apple relies on for its willfulness standard. *See* Dkt. 29, at 6. The *Core Optical
11 Technologies* Court explained that a plaintiff is not required to plead both knowledge and
12 egregiousness, but that the plaintiff need only allege that the defendant "deliberately infringed" to
13 sufficiently plead willful infringement. *Id.* The Court further held that "the ultimate question
14 whether the alleged conduct is sufficiently egregious to warrant enhanced damages is for the Court
15 to decide at summary judgment or after trial." *Id.*

16       As the Complaint alleges, LS Cable and Apple exchanged letters in 2019–2020; thus, Apple
17 had actual knowledge of the pre-reexamination '568 Patent as early as March 2019. Dkt. No. 1 ¶¶
18 33–35. The Complaint also alleges that "LS Cable continued to communicate directly with Apple
19 about LS Cable's concerns surrounding the potential infringing activity, including Apple's
20 manufacture, use, marketing, and sale of the Accused Products repeatedly since the initial March
21 2019 letter." Dkt. 1 ¶ 34. The Complaint further alleges that "Apple's infringement has been done
22 with full, express, and actual knowledge of the '568 Patent since at least September 28, 2023, and
23 Apple's infringement is therefore deliberate, willful, and wanton." Dkt. 1 ¶ 50. These factual
24 allegations, which must be taken as true and construed in the light most favorable to LS Cable,
25 "suggest that the claim[s] at least has a plausible chance of success" as required by the
26 *Iqbal*/*Twombly* standard. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135–34 (9th Cir. 2014).

27       To the extent that Apple did not have actual knowledge of the '568 Patent's reexamination
28 claims, Apple was willfully blind to its infringement. As stated in the Complaint, in early 2020,

LS Cable sent Apple a claim chart outlining Apple's infringing activity. Dkt. 1 ¶ 34. Apple is a sophisticated company, and it is reasonable to expect Apple to review patents that it has been accused of infringing as it develops new iterations of its devices. Had Apple monitored the status of the '568 Patent, which it believed to be invalid and potentially susceptible to a post-grant proceeding, it would have discovered the reexamination proceeding and the subsequent issuance of the reexamination certificate for the '568 Patent. Apple either was actually aware of the scope of the reexamined claims or deliberately avoided such awareness, and in parallel, it continued to develop and release infringing products.

Accordingly, based on the "totality of the facts" there is adequate evidence to support a finding that Apple was at least willfully blind to, if not actually aware of, its ongoing and deliberate infringement. *See Suprema, Inc. v. Int'l Trade Comm'n*, 626 F. App'x 273, 280 (Fed. Cir. 2015) (affirming district court's finding that defendant was willfully blind because of its awareness of the plaintiff's activities in the relevant field, its knowledge of a related patent, and its targeting of the plaintiff's market in developing its own products). Thus, because the Complaint includes "sufficient facts to support a cognizable legal theory" that Apple was willfully blind to its infringing acts, dismissal under Rule 12(b)(6) is not warranted. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1990))); *Firstface Co., Ltd.*, 2019 WL 1102374, at *2 ("Firstface alleges that Apple knew about the [asserted] patent as early as 2015, when it proposed a purchase or licensing deal to Apple for it, and proceeded with infringing activity after that. That is enough to allow the claim to go forward for resolution on the basis of a fully developed record.").

### C. LS Cable's Complaint Sufficiently Alleges Induced Infringement

LS Cable sufficiently alleged that Apple induced infringement of its customers. Induced infringement requires "knowledge of the patent in question and knowledge that the induced acts infringe the patent." The knowledge requirement is satisfied if the defendant was willfully blind to its infringing acts. *See Global-Tech Appliances*, *Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)

("[P]ersons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts[,]" and this "appl[ies] in civil lawsuits for induced patent infringement under 35 U.S.C. § 271(b)"). Moreover, the "requisite intent to induce infringement may be inferred from all of the circumstances." *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) (citing *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008)). Apple fails to acknowledge that the Complaint includes allegations both that Apple has known, "[s]ince at least 2023" that Apple directly infringes the Asserted Patent. Dkt. 1 ¶ 44. Apple also fails to acknowledge LS Cable's allegations that "Apple has additionally indirectly infringed and continues to indirectly infringe at least claim 7 of the '568 Patent by actively inducing its customers and users of the Accused Products or functionally equivalent products by, among other things, providing the Accused Products to users along with instructions on how to use the Accused Products in a manner that Apple knew would directly infringe each element of at least claim 7 of the '568 Patent." Dkt. 1 ¶ 45. The Complaint pleads facts sufficient to support both an actual awareness by Apple of its customer's infringement as well as facts to support a finding that Apple intentionally avoided learning of the reexamined claims. *See Firstface Co., Ltd.*, 2019 WL 1102374, at *1 (allegations that "Apple actively coached customers to use the accused devices in an infringing manner through online tutorials and similar instructional matters, among other channels . . . is enough to proceed with the induced infringement claims").

Again, the Complaint's allegations, which must be taken as true and construed in the light most favorable to LS Cable, satisfy the *Iqbal*/*Twombly* pleading standard for induced infringement. As such, LS Cable has sufficiently stated a claim for relief of indirect infringement as required to survive a Rule 12(b)(6) motion, and Apple's Motion should be dismissed accordingly.

### D. LS Cable's Complaint Sufficiently Alleges Entitlement to Pre-Suit Damages

As discussed above regarding willfulness, LS Cable has adequately pleaded that it provided actual notice of Apple's infringement of the Asserted Patent. Specifically, the Complaint alleges that LS Cable and Apple exchanged letters in 2019–2020. Dkt. No. 1 ¶¶ 33–35. The Complaint also alleges that "LS Cable continued to communicate directly with Apple about LS Cable's concerns surrounding the potential infringing activity, including Apple's manufacture, use,

1  marketing, and sale of the Accused Products repeatedly since the initial March 2019 letter." Dkt.
2  1 ¶ 34.  The Complaint further alleges that "Apple's infringement has been done with full, express,
3  and actual knowledge of the '568 Patent since at least September 28, 2023, and Apple's
4  infringement is therefore deliberate, willful, and wanton." Dkt. 1 ¶ 50.  As a result, LS Cable's
5  factual allegations go far beyond the pleadings that the Delaware court in *CAO Lighting, Inc. v.*
6  *General Electric Company*, dismissed without prejudice.  *See* C.A. No. 20-681-GBW, C.A. No.
7  20-690-GBW, 2023 WL 387585 (D. Del. Jan. 25, 2023).   There, the plaintiff alleged that the
8  defendant had previously been sued on the pre-reexamination patent, and that the defendant was
9  aware of the IPR and reexamination proceedings' outcomes.  *See id.* at *2.  The court held that the
10 allegations were insufficient because they "did not allege the defendants knew or should have
11 known they infringed the patent" after reexamination, but rather only alleged notice that new claims
12 were added.  *Id.*  Here, as discussed above, the Complaint adequately alleges that Apple was
13 willfully blind to its infringing activity—facts that satisfy the actual knowledge requirement.  *See*
14 *Global-Tech Appliances, Inc.*, 563 U.S. at 766.
15       "[C]ompliance with the marking statute is a question of fact[,]" that LS Cable will develop
16 as discovery proceeds in this case. *Zadro Prods., Inc. v. Feit Elec. Co., Inc.*, 514 F. Supp. 3d 1209,
17 1213 (C.D. Cal. Jan. 6, 2021) (quoting *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001)).
18 However, LS Cable has adequately pleaded that Apple had actual knowledge, based on LS Cable's
19 actual notice, of its infringement of the Asserted Patent at the pleadings stage.
20 **IV.   CONCLUSION**
21       For at least the forgoing reasons, Apple's Motion should be denied, or in the alternative, LS
22 Cable should be given an opportunity to amend the Complaint.

Dated: March 24, 2025

Respectfully submitted,

*/s/ Erik J. Halverson*
Erik J. Halverson (SBN 333492)
erik.halverson@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

Jason A. Engel (*pro hac vice*)
Devon C. Beane (*pro hac vice*)
Rebekah Hill (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jason.engel@klgates.com
devon.beane@klgates.com
rebekah.hill@klgates.com

*Attorneys for Plaintiff LS Cable & System Ltd.*