1  RICHARD S.J. HUNG (CA SBN 197425)
   RHung@mofo.com
2  SHAELYN K. DAWSON (CA SBN 288278)
   ShaelynDawson@mofo.com
3  MEREDITH L. ANGUEIRA (CA SBN 333222)
   MAngueira@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone:    (415) 268-7000
6  Facsimile:    (415) 268-7522

7  RYAN J. MALLOY (CA SBN 253512)
   RMalloy@mofo.com
8  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
9  Los Angeles, California 90017-3543
   Telephone:    (213) 892-5200
10 Facsimile:    (213) 892-5454

11 STEPHEN LIU (CA SBN 318533)
   SLiu@mofo.com
12 AARON D. BRAY (CA SBN 327771)
   ABray@mofo.com
13 MORRISON & FOERSTER LLP
   755 Page Mill Road
14 Palo Alto, California 94304-1018
   Telephone:    (650) 813-5600
15 Facsimile:    (650) 494-0792

16 *Attorneys for Defendant*
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LS CABLE & SYSTEM LTD.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 3:24-cv-09194-JD<br><br>**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:  April 17, 2025<br>Time:  10:00 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:  Hon. James Donato<br><br>Action Filed:  December 18, 2024<br>Trial Date:  None Yet Set |

# **TABLE OF CONTENTS**

Page

I.    ARGUMENT ................................................................................................................. 1

    A.    LS Cable's Broadening Amendments Violate Section 305 ................................. 1

    B.    LS Cable Has Not and Cannot Plead Knowledge of the Reexamined Patent for Willful Infringement .................................................................................... 3

    C.    LS Cable Has Not and Cannot Plead Knowledge of the Reexamined Patent for Inducement ................................................................................................... 5

    D.    LS Cable Has Not and Cannot Plead Actual Notice of the Reexamined Patent for Pre-Suit Damages, and It Has Not Pled Marking ................................. 7

    E.    LS Cable Should Not Be Granted Leave to Amend ............................................... 8

II.    CONCLUSION ............................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017) .................................................................................................. 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 4, 6

*CAO Lighting, Inc. v. Gen. Elec. Co.*,
    No. 20-cv-681, 2023 WL 387585 (D. Del. Jan. 25, 2023) .............................................. 4, 5, 7

*CAP Co. v. McAfee, Inc.*,
    No. 14-cv-05068, 2015 WL 3945875 (N.D. Cal. June 26, 2015) ............................................ 6

*Eko Brands, LLC v. Adrian Rivera Maynez Enters.*,
    946 F.3d 1367 (Fed. Cir. 2020) .................................................................................................. 3

*Express Mobile, Inc. v. Liquid Web, LLC*,
    No. 1:18-cv-01177, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ............................................ 7

*Firstface Co., Ltd. v. Apple Inc*,
    No. 18-cv-2245, 2019 WL 1102374 (N.D. Cal. Mar. 3, 2019) ............................................ 5, 6

*Mendiondo v. Centinela Hosp. Med. Ctr*,
    521 F.3d 1097 (9th Cir. 2008) .................................................................................................. 4

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) ........................................................................................ 6

*Motiva Pats., LLC v. Sony Corp.*,
    408 F. Supp. 3d 819 (E.D. Tex. 2019) ................................................................................. 4, 5

*Nested Bean, Inc. v. Dreamland Baby Co.*,
    No. 20-cv-7546, Dkt. No. 29 (N.D. Cal. Jan. 6, 2021) ............................................................ 3

*Over Active Imaginations Inc. v. Amazon.com Inc.*,
    737 F. Supp. 3d 1094 (W.D. Wash. 2024) .............................................................................. 8

*Sentius Int'l, LLC v. Microsoft Corp.*,
    78 F. Supp. 3d 967 (N.D. Cal. 2015) ....................................................................................... 6

*Sharper Image Corp. v. Honeywell Int'l Inc.*,
    No. 02-cv-4860 CW, 2004 WL 5645761 (N.D. Cal. Mar. 17, 2004) ...................................... 2

*Sisvel Int'l S.A. v. Sierra Wireless, Inc.*,
    81 F.4th 1231 (Fed. Cir. 2023) ......................................................................................... 1, 2, 3

*Suprema, Inc. v. Int'l Trade Comm'n*,
   626 F. App'x 273 (Fed. Cir. 2015) ............................................................................................. 5

*UTTO Inc. v. Metrotech Corp.*,
   119 F.4th 984 (Fed. Cir. 2024) .................................................................................................. 2

*VLSI Tech. LLC v. Intel Corp.*,
   706 F. Supp. 3d 953 (N.D. Cal. 2023) ....................................................................................... 3

**Statutes**

35 U.S.C. § 287(a) ............................................................................................................................. 7

35 U.S.C. § 305 ..................................................................................................................... 1, 2, 3, 8

LS Cable's Response (Dkt. No. 33, "Resp.") underscores that the Court should dismiss the Complaint. In response to Apple's dispositive patent-invalidity challenge under Section 305, LS Cable fails to show why additional proceedings or review of extrinsic evidence are needed before the Court can decide this issue. LS Cable similarly fails to point to sufficient facts in the Complaint to support its allegations of willful infringement, induced infringement, and pre-suit damages. As it does not identify supporting facts even now, amendment would be futile, and dismissal with prejudice is appropriate.

## I.   ARGUMENT

### A.   LS Cable's Broadening Amendments Violate Section 305

A claim has been impermissibly broadened "if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent." *Sisvel Int'l S.A. v. Sierra Wireless, Inc.*, 81 F.4th 1231, 1237-38 (Fed. Cir. 2023). In its opening brief, Apple identified such an apparatus: a contact-less charging circuit module with a microprocessor "programmed to monitor exclusively *under*voltages and to wirelessly transmit a monitoring result to the external contact-less charging device only upon detecting *under*voltages." (Dkt. No. 29 ("Mot.") at 4.) So defined, this hypothetical module is indifferent to *over*voltages; it does not look for, become aware of, or react to *over*voltages. It thus cannot infringe any claim requiring overvoltage monitoring. LS Cable's reexamination amendments—which now encompass that hypothetical module—therefore broadened the claims impermissibly under Section 305.

To sidestep Apple's argument, LS Cable contends it is premature, allegedly "requir[ing] at least claim construction and expert testimony." (Resp. at 3-4.) Per LS Cable, "Apple's interpretation of 'microprocessor' is based on an unfounded assumption regarding the scope of the claim," which "has not been tested or fully developed in the context of claim construction." (*Id.* at 4.) In particular, LS Cable alleges that "a monitor that monitor's [sic] *over*voltages must, at the same time, monitor *under*voltages in order to detect the differences." (*Id.*)

LS Cable's "microprocessor" argument is flawed twice over. First, it mischaracterizes Apple's position. The issue is ***not*** the meaning of "microprocessor," but of the common prefix "over." The prefix "over" narrows a word's meaning by requiring that there be an "excess" or

1   "too much" of something.  This prefix is important to the alleged invention of the '568 patent—
2   *i.e.*, detecting overvoltages—which LS Cable does not challenge.

3   Because the meaning of "over" is "so clear," "no additional process is needed" and the
4   Court can readily resolve the Section 305 argument in Apple's favor.  *See UTTO Inc. v.*
5   *Metrotech Corp.*, 119 F.4th 984, 994 (Fed. Cir. 2024).  As the Federal Circuit has explained,
6   district courts have "wide latitude in how they conduct the proceedings before them, including
7   claim-construction proceedings," which "the court may approach . . . in any way that it deems
8   best."  *Id.* at 993-94 (cleaned up).  The Federal Circuit made clear that this means it is not
9   mandatory "to hold hearings and issue orders comprehensively construing the claims in issue," or
10  to review "extrinsic evidence and expert testimony."  *Id.* at 994 (cleaned up).  Here, LS Cable
11  does not explain why full claim construction proceedings with extrinsic evidence are necessary to
12  understand if "overvoltage" and "voltage" are different, when basic English and the patent's
13  specification make clear they are.  (*See* Mot. at 3-4 (discussing Dkt. No. 1-1, 1:19-28, 2:42-48,
14  3:27-39, 8:32-53)).

15  Second, LS Cable's "microprocessor" argument gets the *Sisvel* issue backwards.  The
16  issue is not whether a module that monitors overvoltages necessarily monitors undervoltages.
17  Instead, it is whether a hypothetical module that monitors undervoltages necessarily monitors
18  overvoltages, thereby infringing claims reciting an "overvoltage monitoring unit."  It does not.

19  LS Cable's argument to the contrary would read the prefix "over" out of the claims.  If
20  monitoring overvoltage necessarily entailed monitoring undervoltage and vice versa, then the
21  phrases "overvoltage monitoring unit," "undervoltage monitoring unit," and "voltage monitoring
22  unit" would all mean the same thing.  That cannot be correct, as it eliminates the plain meaning of
23  "over" and contradicts the patent's heavy emphasis on overvoltage conditions.  (*See* Mot. at 3-4.)

24  LS Cable's case cites do not justify delaying resolution of the Section 305 issue.  In
25  *Sharper Image Corp. v. Honeywell Int'l Inc.*, defendants argued that plaintiff's proposed claim
26  construction was incorrect, as it raised Section 305 concerns.  *See* No. 02-cv-4860, 2004 WL
27  5645761, at *6 (N.D. Cal. Mar. 17, 2004).  Accordingly, the ancillary Section 305 issue could not
28  be decided until the underlying claim construction dispute was resolved.  *See id.*  Here, there is no

1  similar contingency.  *Nested Bean, Inc. v. Dreamland Baby Co.* did not involve Section 305 at all,
2  but a fact-intensive prosecution disclaimer argument.  No. 20-cv-7546, Dkt. No. 29 (N.D. Cal.
3  Jan. 6, 2021).  Here, the basic meaning of "over" amply demonstrates improper claim broadening.
4       LS Cable also suggests that, to show a violation of Section 305, Apple was obligated to
5  identify the broadest pre-reexamination claims and compare them to claim 7.  (Resp. at 4-5.)
6  That is incorrect.  Under *Sisvel,* Apple only needed to show how its hypothetical module would
7  not have infringed an original claim (*i.e.*, pre-amendment), but now does (post-amendment).
8  *Sisvel*, 81 F.4th at 1237-38.  Apple showed exactly that.  A hypothetical module that monitors
9  only undervoltages could not have constituted an "overvoltage monitoring unit" and thus would
10 not have infringed original claims 1-12 and 21-22.
11      Apple also explained that the hypothetical module would not have infringed the other
12 original claims, claims 13-20 and 23-24, because the module is part of the device being charged
13 (as opposed to the wireless charger), and those claims require a charger.  (*Id.*)  Apple thus
14 addressed ***all*** pre-amendment claims, not merely the broadest one.  Critically, LS Cable identifies
15 no pre-amendment claim that the hypothetical module would have infringed.
16      Unable to overcome the substance of Apple's analysis, LS Cable deems it "conclusory."
17 (Resp. at 5.)  Apple's analysis is not conclusory, but simple.  That simplicity makes the
18 Section 305 issue ripe for resolution at the dismissal stage.

### B.   LS Cable Has Not and Cannot Plead Knowledge of the Reexamined Patent for Willful Infringement

21      Apple's grievance with LS Cable's willfulness allegations is not whether the Complaint
22 has adequately pled "egregious behavior" or "deliberate or intentional infringement."  *Eko*
23 *Brands, LLC v. Adrian Rivera Maynez Enters.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020).  Instead,
24 the core issue is whether LS Cable adequately pled Apple's knowledge of the reexamined '568
25 patent and of its alleged infringement.  (*See* Mot. at 6-7.)  LS Cable does not dispute that willful
26 infringement requires the defendant's knowledge of both.  *See VLSI Tech. LLC v. Intel Corp.*, 706
27 F. Supp. 3d 953, 991 (N.D. Cal. 2023).
28      As to that specific issue, LS Cable implicitly concedes that it lacks facts showing that

Apple had actual knowledge of the reexamined patent, let alone knowledge of infringement of that patent. In its Response, LS Cable cites only to communications in 2019 and 2020, before the reexamined patent issued in 2023. (*See* Resp. at 6 (citing Dkt. No. 1, ¶¶ 33-35).) Although LS Cable "also allege[d]" in the Complaint that it "continued to communicate directly with Apple . . . [after] the initial March 2019 letter," LS Cable identifies no post-2020 communications, as there are none. *Id.* (quoting ¶ 34). And as the unrebutted case law in Apple's opening brief makes clear, the parties' pre-issuance communications cannot demonstrate the actual knowledge of the reexamined patent that is required to show willfulness. *See CAO Lighting, Inc. v. Gen. Elec. Co.*, No. 20-cv-681, 2023 WL 387585, at *2 (D. Del. Jan. 25, 2023) (cited in Mot. at 6-7).

Straining for support, LS Cable points to paragraph 50 of its Complaint. (*See* Resp. at 8.) There, it alleged that "Apple's infringement has been done with full, express, and actual knowledge of the '568 Patent since at least September 28, 2023, [making it] deliberate, willful, and wanton." (Dkt. No. 1, ¶ 50). That statement does not present "factual allegations," but regurgitates the requirement that a defendant have possessed knowledge of the reexamined patent. As the Supreme Court has made clear, such a "[t]hreadbare recital[] of [an] element[] of a cause of action, supported by mere conclusory statements, do[es] not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). LS Cable's pre-*Iqbal* case law (*e.g.*, *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)) does not excuse its conclusory allegations.

Pivoting, LS Cable newly theorizes that "Apple was willfully blind to its infringement." (Resp. at 6.) This theory cannot save its pleading. Adequately pleading willful blindness of infringement requires a plausible allegation that the defendant (1) have "subjectively believe[d] that there [was] a high probability" that it infringed but (2) have "take[n] deliberate actions to avoid learning of that fact." *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 829 (E.D. Tex. 2019) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 768 (2011)). LS Cable alleged neither.

In its Response, LS Cable now asserts only that it would be "reasonable to expect Apple to review patents that it ha[d] been accused of infringing" as it developed new products and that Apple would have been aware of the reexamined patent had it "monitored [the patent's] status."

(Resp. at 7.) This is rank speculation, and LS Cable does not pretend otherwise. LS Cable neither argues nor offers evidence that Apple, in fact, has ever had (or even could have had) a policy of continually monitoring the subsequent prosecution of every patent ever brought to its attention, or that it specifically monitored the '568 patent.

Regardless, these "willful blindness" arguments appear nowhere in the Complaint. The Complaint does not refer to "willful blindness" at all, much less plead factual allegations regarding Apple's subjective beliefs or specific actions. *Compare with Motiva*, 408 F. Supp. 3d at 833, 834 (denying motion to dismiss induced infringement claim where plaintiff had alleged a "specific policy" giving rise to willful blindness and "specific acts to implement and enforce its policy of willful blindness"). Accordingly, LS Cable cannot avoid dismissal with its new theory.

The Federal Circuit's unpublished decision in *Suprema, Inc. v. Int'l Trade Comm'n*, 626 F. App'x 273, 280 (Fed. Cir. 2015) does not help LS Cable. In its Complaint, LS Cable did not allege Apple's "awareness of plaintiff's activities in the relevant field, its knowledge of a related patent," or "its targeting of the plaintiff's market in developing its own products." (Resp. at 7 (characterizing *Suprema*).) LS Cable only alleged Apple's "actual knowledge" of the patent without factual support. (Dkt. No. 1, ¶ 50.) That is insufficient.

*Firstface Co., Ltd. v. Apple Inc.* likewise lends LS Cable no aid. There, the Court found that Firstface had "adequately allege[d] [Apple's] knowledge of all three patents." No. 18-cv-2245, 2019 WL 1102374, at *1 (N.D. Cal. Mar. 3, 2019). LS Cable has made no similarly adequate allegations here. Instead, it pled facts only regarding Apple's knowledge of the **pre-reexamination** patent in 2019 and 2020. (*See* Dkt. No. 1, ¶¶ 33-35.) Under *CAO Lighting*, that is insufficient. The Court therefore should dismiss LS Cable's willful infringement claim.

### C.   LS Cable Has Not and Cannot Plead Knowledge of the Reexamined Patent for Inducement

"Like willful infringement," induced infringement "require[s] knowledge of the patent and knowledge of infringement." *See Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 647 (N.D. Cal. 2022). LS Cable's inducement allegations fail for the same reasons as its willfulness ones.

For inducement, LS Cable points to many of the same threadbare assertions and raises the

1  same failed alternative theory as for willfulness.  It again points to its allegation that, "[s]ince at
2  least September 28, 2023, Apple has known that the Accused Products directly infringe one or
3  more claims of the '568 Patent." (Resp. at 8 (quoting Dkt. No. 1, ¶ 44).)  It also again argues that
4  Apple was willfully blind to its alleged inducement.  (*Id.* at 7-8.)  These threadbare assertions
5  remain inadequate under *Iqbal,* and LS Cable neither presented its "willful blindness" theory for
6  inducement nor offered supporting factual allegations in its Complaint.  LS Cable makes no
7  attempt to distinguish Apple's authority (*e.g.*, *Sentius Int'l, LLC v. Microsoft Corp.*, 78 F. Supp.
8  3d 967 (N.D. Cal. 2015) and *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d
9  225 (D. Del. 2012)), showing the appropriateness of dismissal here.

To try to save its inducement allegations, LS Cable points to its statements in its Complaint about Apple's alleged provision of instructions to customers.  (*See* Resp. at 8 (citing Dkt. No. 1, ¶ 44, which alleged that Apple had "provid[ed] the Accused Products to users along with instructions on how to use the Accused Products in a manner that Apple knew would directly infringe").)  LS Cable's reliance on those statements is a red-herring.

The crux of Apple's motion is that LS Cable has failed to plead factual allegations showing Apple's knowledge of the ***reexamined patent***.  LS Cable's "factual allegations" about customer instructions, by contrast, go to its alleged knowledge of its ***customers' activities***. Regardless, such threadbare statements about customer instructions or customer activities cannot avoid dismissal, as this Court has previously held.  *See CAP Co. v. McAfee, Inc.*, No. 14-cv-5068, 2015 WL 3945875, at *3 (N.D. Cal. June 26, 2015) (dismissing complaint where plaintiff merely alleged that accused products were "sold directly to customers and used by them pursuant to [defendant's] user manuals guides, and support articles").

For the same reason, *Firstface* does not avoid dismissal.  The Court's decision there involved the sufficiency of the plaintiff's specific intent allegations.  *See* 2019 WL 1102374, at *1.  But here, again, the issue is the sufficiency of LS Cable's allegations as to Apple's knowledge of the reexamined patent.  Because those allegations undisputedly are inadequate, the Court should dismiss LS Cable's inducement claim.

**D.     LS Cable Has Not and Cannot Plead Actual Notice of the Reexamined Patent for Pre-Suit Damages, and It Has Not Pled Marking**

LS Cable does not dispute that, unless it provided Apple with actual notice of the reexamined patent, it was required to plead its compliance with 35 U.S.C. § 287(a)'s marking requirements. (*Compare* Resp. at 8-9, *with* Mot. at 7 (citing *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017) and *Express Mobile, Inc. v. Liquid Web, LLC*, No. 1:18-cv-01177, 2019 WL 1596999 (D. Del. Apr. 15, 2019)).) LS Cable also does not dispute that it failed to plead its compliance with those requirements in its Complaint, presumably because it did not comply with them. (*See id*.)

LS Cable instead offers two arguments. First, LS Cable contends that whether it complied with the marking statute (or not) is a factual question. (*See* Resp. at 9.) The relevant issue here, however, is not whether LS Cable has actually complied with the statute, but whether it adequately pled its compliance in its Complaint under *Arctic Cat*. It undisputedly did not do so.

Second, to skirt the need to plead compliance with the marking statute at all, LS Cable argues that it pled actual notice. (*See id.* (alleging that it "adequately pleaded that Apple had actual knowledge, based on LS Cable's actual notice").) As Apple explained above for LS Cable's willfulness and inducement allegations, LS Cable did no such thing. LS Cable presented no factual allegations plausibly alleging that Apple "was notified of [its] infringement" of the reexamined patent after it issued but "continued to infringe." *See* § 287(a). Nor does its Complaint discuss Apple's alleged "willful blindness" or facts showing that blindness.

Contrary to LS Cable, *CAO Lighting* does not demonstrate that its "actual notice" allegations are sufficient. Per LS Cable's characterization of the facts of that case, "the plaintiff [had] alleged that the defendant had previously been sued on the pre-reexamination patent, and that the defendant was aware of the IPR and reexamination proceedings' outcomes." (Resp. at 9.) Here, by contrast, LS Cable has presented no facts demonstrating a prior lawsuit against Apple or Apple's knowledge that the '568 patent had undergone reexamination proceedings.

As LS Cable has pled neither compliance with the marking statute nor actual notice to Apple of the reexamined patent, the Court should dismiss LS Cable's pre-suit damages claim.

### E. LS Cable Should Not Be Granted Leave to Amend

Should the Court agree that dismissal of LS Cable's Complaint or its individual willfulness, inducement, and pre-suit damages allegations is warranted, the Court should dismiss with prejudice and not grant LS Cable leave to amend. LS Cable "fail[s] to state what additional facts [it] would plead if given leave to amend," rendering amendment futile. *Over Active Imaginations Inc. v. Amazon.com Inc.*, 737 F. Supp. 3d 1094, 1106 (W.D. Wash. 2024) (quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008)). LS Cable does not identify how it could amend its Complaint to cure its Section 305 defect. Nor does it propose amendments to the Complaint that would plausibly allege Apple's specific knowledge of the reexamined patent for willfulness, inducement, or pre-suit damages or its compliance with the marking statute.

## II. CONCLUSION

LS Cable cannot overcome its violation of Section 305, and it fails to plead facts showing Apple's knowledge of the reexamined patent for willfulness, inducement, and pre-suit damages. Apple therefore urges the Court to dismiss all or portions of the Complaint with prejudice.

Dated: March 31, 2025

MORRISON & FOERSTER LLP

By: /s/ Shaelyn K. Dawson
SHAELYN K. DAWSON

*Attorneys for Defendant*
APPLE INC.