1  Erik J. Halverson (SBN 333492)
   erik.halverson@klgates.com
2  K&L GATES LLP
   4 Embarcadero Center, Suite 1200
3  San Francisco, CA 94111
   Telephone: (415) 882-8238
4  Fax: (415) 882-8220
   erik.halverson@klgates.com.
5
   *Attorneys for Plaintiff LS Cable & System Ltd.*
6
   RICHARD S.J. HUNG (CA SBN 197425)
7  RHung@mofo.com
   SHAELYN K. DAWSON (CA SBN 288278)
8  ShaelynDawson@mofo.com
   MEREDITH L. ANGUEIRA (CA SBN 333222)
9  MAngueira@mofo.com
   MORRISON & FOERSTER LLP
10 425 Market Street
   San Francisco, California 94105-2482
11 Telephone:    (415) 268-7000
   Facsimile:    (415) 268-7522
12
   RYAN J. MALLOY (CA SBN 253512)
13 RMalloy@mofo.com
   MORRISON & FOERSTER LLP
14 707 Wilshire Boulevard
   Los Angeles, California 90017-3543
15 Telephone:    (213) 892-5200
   Facsimile:    (213) 892-5454
16
   *Attorneys for Defendant* APPLE INC.
17
   **Additional attorneys listed on the following page*
18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LS CABLE & SYSTEM LTD., | Case No. 3:24-cv-09194-JD |
| Plaintiff, | **ESI STIPULATION** |
| v. | Judge: Hon. James Donato |
| APPLE INC., | Action Filed: December 18, 2024 |
| Defendant. | Trial Date: None Yet Set |

1  STEPHEN LIU (CA SBN 318533)
   SLiu@mofo.com
2  AARON D. BRAY (CA SBN 327771)
   ABray@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone:   (650) 813-5600
5  Facsimile:   (650) 494-0792

6  *Attorneys for Defendant* APPLE INC.

Pursuant to Paragraph 2 of the Standing Order for E-Discovery and Email Discovery in Patent Cases Before Judge James Donato ("ESI Standing Order"), Plaintiff LS Cable & System Ltd. and Defendant Apple Inc. hereby agree that, subject to the Court's approval, the following procedures ("ESI Stipulation") shall supplement, and where relevant, supersede the ESI Standing Order and govern the discovery of Electronically-Stored Information ("ESI") in this case:

1. **Email Discovery.** Pursuant to Paragraph 6 the Standing Order for E-Discovery and Email Discovery in Patent Cases Before Judge James Donato, general ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). Absent a court order based on a specific showing of good cause for why this ESI Stipulation should be modified, the parties shall not seek or obtain email discovery.

2. **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced as multi-page, Group IV single-page TIFF images or in multiple page, searchable PDF format, at the producing party's discretion, at a resolution of at least 300 dpi in accordance with the following:

    A. Whichever format is selected, both TIFF images and PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

    B. If the producing party chooses to produce in PDF format, then for documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

    C. **Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the

original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

        D.    **Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR or ZIP encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

    3.    **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

    4.    **Source code.** This ESI Stipulation does not govern the format for production of source code, which only shall be produced pursuant to the relevant provision of the operative Protective Order.

    5.    **Native files.** The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

    6.    **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.

    The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

7. **Requests for hi-resolution or color documents.**  The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

8. **Foreign language documents.**  All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

| | | |
|---|---|---|
| 1 | Dated: April 21, 2025 | K&L GATES LLP |

By: */s/ Erik J. Halverson*
   Erik J. Halverson (SBN 333492)
   erik.halverson@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238
Fax: (415) 882-8220
erik.halverson@klgates.com

Jason A. Engel (*pro hac vice*)
Devon C. Beane (*pro hac vice*)
Rebekah Hill (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jason.engel@klgates.com
devon.beane@klgates.com
rebekah.hill@klgates.com

*Attorneys for Plaintiff
LS Cable & System Ltd.*


MORRISON & FOERSTER LLP


By: */s/ Shaelyn K. Dawson*
   Shaelyn K. Dawson

RICHARD S.J. HUNG (CA SBN 197425)
RHung@mofo.com
SHAELYN K. DAWSON (CA SBN 288278)
ShaelynDawson@mofo.com
MEREDITH L. ANGUEIRA (CA SBN 333222)
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

RYAN J. MALLOY (CA SBN 253512)
RMalloy@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543

ESI STIPULATION
3:24-CV-09194-JD

5

|   |   |
|---|---|
| 1 | Telephone: (213) 892-5200 |
| 2 | Facsimile: (213) 892-5454 |
| 3 | STEPHEN LIU (CA SBN 318533)<br>SLiu@mofo.com |
| 4 | AARON D. BRAY (CA SBN 327771)<br>ABray@mofo.com |
| 5 | MORRISON & FOERSTER LLP<br>755 Page Mill Road |
| 6 | Palo Alto, California 94304-1018<br>Telephone: (650) 813-5600 |
| 7 | Facsimile: (650) 494-0792 |
| 8 | *Attorneys for Defendant*<br>APPLE INC. |

ESI STIPULATION
3:24-CV-09194-JD

6

**ATTESTATION OF E-FILED SIGNATURE**

I, Erik J. Halverson, am the ECF User whose ID and password are being used to file this ESI Stipulation. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Shaelyn K. Dawson has concurred in this filing.

| | |
|---|---|
| Dated: April 21, 2025 | */s/ Erik J. Halverson*<br>Erik J. Halverson |