1  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
2  SHAELYN K. DAWSON (CA SBN 288278)
   shaelyndawson@mofo.com
3  MEREDITH L. ANGUEIRA (CA SBN 333222)
   mangueira@mofo.com
4  TANNYR M. PASVANTIS (CA SBN 353511)
   tpasvantis@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone:     (415) 268-7000
7  Facsimile:     (415) 268-7522

8  RYAN J. MALLOY (CA SBN 253512)
   rmalloy@mofo.com
9  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
10 Los Angeles, California 90017-3543
   Telephone:     (213) 892-5200
11 Facsimile:     (213) 892-5454

12 STEPHEN LIU (CA SBN 318533)
   sliu@mofo.com
13 MORRISON & FOERSTER LLP
   755 Page Mill Road
14 Palo Alto, California 94304-1018
   Telephone:     (650) 813-5600
15 Facsimile:     (650) 494-0792

16 *Attorneys for Defendant*
   APPLE INC.
17

18                UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20                 SAN FRANCISCO DIVISION

21 LS CABLE & SYSTEM LTD.,                    Case No. 3:24-cv-09194-JD

22              Plaintiff,                    **APPLE INC.'S OPPOSITION TO
                                              LS CABLE & SYSTEM LTD.'S
23        v.                                  MOTION FOR LEAVE TO AMEND
                                              INFRINGEMENT CONTENTIONS**
24 APPLE INC.,
                                              Date: December 11, 2025
25              Defendant.                    Time: 10:00 a.m.
                                              Courtroom: 11, 19th Flr.
26                                            Judge:  Hon. James Donato

27

28

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................................ 1

II.    BACKGROUND ......................................................................................................... 1

III.   LEGAL STANDARD................................................................................................. 3

IV.    ARGUMENT .............................................................................................................. 3

    A.     LS Cable Has Not Been Diligent in Discovering the Basis for Amendment.......... 3

    B.     LS Cable Has Not Been Diligent in Seeking Amendment ...................................... 5

    C.     LS Cable's Proposed Amendments Will Prejudice Apple....................................... 5

V.     CONCLUSION ........................................................................................................... 6

1

## **TABLE OF AUTHORITIES**

2
                                                                                          **Page(s)**

3
**Cases**

4
*Altera Corp. v. PACT XPP Techs., AG,*
5
    No. 14-cv-02868-JD, 2015 WL 928122 (N.D. Cal. Feb. 19, 2015) ......................................... 5

6
*Finjan, Inc. v. Symantec Corp.,*
    No. 14-cv-02998-HSG-JSC, 2018 WL 620169 (N.D. Cal. Jan. 30, 2018).............................. 4
7

8
*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.,*
    No. 14-cv-00876-RS-JSC, 2016 WL 2855260 (N.D. Cal. May 13, 2016)........................... 3, 5

9
*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,*
10
    467 F.3d 1355 (Fed. Cir. 2006)....................................................................................... 3

11
*The Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,*
    No. 05-cv-04158-MHP, 2008 WL 624771 (N.D. Cal. Mar. 4, 2008)....................................... 5
12

13
*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,*
    236 F. Supp. 3d 1110 (N.D. Cal. 2017) ........................................................................ 3, 4, 5

14
**Other Authorities**

15
Patent L. R.
16
    3-1 ..................................................................................................................................... 1, 4
    3-4 ..................................................................................................................................... 1, 4
17
    3-6 ..................................................................................................................................... 3, 4

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

The Court should not allow LS Cable to add new claims to this case.  LS Cable's contention that it "diligently" identified these claims based on previously unavailable nonpublic information is untrue:  For each element of these new claims, LS Cable's proposed amended claim chart merely copies and pastes or references the same infringement theories LS Cable presents for analogous claims that it asserted in its original contentions.  To date, LS Cable has not identified, despite Apple's repeated requests, a single piece of new information justifying the addition of these claims.  Nor has it offered any explanation for why it could not have asserted these claims by its original contention deadline—seven months ago.  This lack of diligence is fatal to LS Cable's motion.

Furthermore, even if it were true that LS Cable could not have raised the new claims before Apple's document production, LS Cable still fails to show diligence in seeking amendment.  From August 25 (when it first proposed amendment) and November 4 (when it finally moved for leave to amend), LS Cable delayed its own motion by seeking Apple's non-opposition, while at the same time repeatedly failing to explain to Apple what supposedly justifies this belated amendment.

LS Cable's proposed untimely assertion of new claims is highly prejudicial to Apple.  The parties have already completed claim construction briefing, depriving Apple of the opportunity to consider additional claim construction issues arising from the new claims.  Indeed, LS Cable itself has argued that these claims have a fundamentally different scope from those it has already asserted.  But at the same time, LS Cable refuses to explain that difference and its bearing on its infringement theories, further prejudicing Apple.

Therefore, LS Cable's motion should be denied.

## II.    BACKGROUND

LS Cable's deadline to comply with Patent Local Rule 3-1 was April 3, 2025.  (ECF No. 31 at 11; ECF No. 32.)  As part of its disclosure under Rule 3-1(a), which required LS Cable to identify "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party," LS Cable identified claims 1, 3, 7-9, 11-12, 30-34, 48-50, and 52-53 of the asserted patent, U.S. Patent No. 8,013,568 ("the '568 patent").

On June 3, in accordance with Patent Local Rules 3-3 and 3-4 and the case schedule (*see*

1    ECF No. 31 at 11), Apple served its invalidity contentions and accompanying document production.

2         LS Cable first proposed to Apple the addition of claims 54, 55, 56, and 58 of the '568 patent

3    to the case on August 25. (Liu Decl. Ex. A at 8.) LS Cable did not identify a basis for adding these

4    claims, stating only that because "these claims are all part of Apple's IPR . . . there is little to no

5    prejudice to Apple." (*Id.*) On September 8, Apple asked LS Cable what good cause existed for the

6    proposed amendment. (*Id.* at 7.) On September 15, LS Cable presented two arguments: that Apple

7    made a technical document production after LS Cable served its contentions, and that LS Cable had

8    not yet been able to involve its technical expert in reviewing that production. (*Id.* at 6.) Pointing

9    out that neither argument was tied to the new claims, Apple asked to see a proposed amended claim

10   chart on September 29. (*Id.* at 5.)

11        The chart[1] LS Cable provided to Apple on October 3 (*see id.* at 4) confirmed there is no

12   connection between the new claims and Apple's technical document production. For each element

13   of the new claims, LS Cable's chart either referred back to, or copied and pasted the same mapping

14   from, an analogous element of a previously asserted claim. (*See* Liu Decl. Ex. B.) For example,

15   for proposed new claim 54, LS Cable's mapping consisted entirely of citations of the form "*See* Cl.

16   7[a]" or "*See* Cl. 7[b]" with no additional analysis and no citation to any part of Apple's document

17   production. (*Id.* at 113-15.) For the two claim elements for which LS Cable provided more than

18   just a "*See*" reference (55[f] and 56[e]), LS Cable merely copied, word-for-word, from its mapping

19   for element 1[d]. (*See id.* at 20-21, 117-18, 120-21.) LS Cable's chart thus offered nothing new or

20   unique for any of the proposed new claims. While the chart included new information for certain

21   limitations of the originally asserted claims, LS Cable did not contend that this new information

22   related to the new claims.[2]

23        In its email accompanying the chart, LS Cable stated that "the underlying components of

24   the new claims may be similar to components in the currently asserted claims." (Liu Decl. Ex. A

25   at 4.) But LS Cable also added, without explanation, that "the functional scope of the new claims

26

27   [1] Rather than a final proposed chart, LS Cable provided Apple with a redline showing its proposed
     amendments over its original claim chart. Exhibit B to the Liu Declaration is a redacted version of
     that redline chart.

28   [2] Apple does not oppose the proposed amendments limited to adding or citing new information for
     the originally asserted claims.

APPLE INC.'S OPPOSITION TO MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:24-CV-09194-JD

2

1    differ[s] from and/or complement[s] the original claims." (*Id.*)

2    On October 10, Apple again invited LS Cable to explain how Apple's technical documents

3    justified adding the new claims, pointing out that LS Cable's chart treated those claims as identical

4    to the already asserted claims. (*Id.* at 3.) In addition, Apple asked LS Cable to explain its statement

5    about how the "fundamental scope of the new claims" differed from the already asserted claims, as

6    it could impact Apple's invalidity case and claim construction positions. (*Id.*) LS Cable explained

7    neither. Its written response to Apple on October 15 restated what it had already said in previous

8    correspondence (*id.* at 2), and it did not offer any other argument when the parties met and conferred

9    by videoconference on October 22 or in person on October 28.[3]

10   **III.    LEGAL STANDARD**

11   Under Patent Local Rule 3-6, good cause to amend contentions "exists where the moving

12   party has acted diligently and the opposing party will not be prejudiced." *Verinata Health, Inc. v.*

13   *Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017). "The moving party bears

14   the burden of first establishing diligence," including the two steps of "(1) diligence in discovering

15   the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment

16   has been discovered." *Id.* (cleaned up); *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-

17   cv-00876-RS-JSC, 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (same). If the moving party

18   fails to show diligence, "there is 'no need to consider the question of prejudice.'" *Id.* (quoting *O2*

19   *Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006)).

20   **IV.    ARGUMENT**

21   **A.    LS Cable Has Not Been Diligent in Discovering the Basis for Amendment**

22   LS Cable has not and cannot show good cause because its alleged diligence is unrelated to

23   the claims it seeks to add. Rather, LS Cable's apparent basis for asserting these claims is the same

24   basis on which it asserted the claims it identified in its original infringement contentions back on

25   _____

26   [3] At the October 22 meet-and-confer, the parties also discussed Apple's motion to amend invalidity
     contentions. Because LS Cable indicated that it did not oppose, Apple filed it on October 30 as an
     unopposed motion under Civil Local Rule 7 rather than as a letter brief for discovery disputes as

27   described by this Court's Standing Order for Discovery in Civil Cases. Here, by contrast, a dispute
     exists between the parties. Without taking a position on whether LS Cable's Civil Local Rule 7

28   motion is proper in view of the Court's Standing Order, Apple submits this Opposition under the
     same rule.

APPLE INC.'S OPPOSITION TO MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. 3:24-CV-09194-JD

3

1    April 3.  LS Cable's proposed amended claim chart confirms this by citing to or copying from an

2    analogous old claim for each element of the new claims.  (*See* Liu Decl. Ex. B.)  The chart does not

3    point to any previously-unavailable information pertinent only to the new claims or anything unique

4    to the new claims that justifies their belated addition.  Rather, any new information added in the

5    chart pertains to the ***originally-asserted*** claims and thus does not reflect any circumstance that

6    would situate the new claims differently from the old ones.  Nor has LS Cable ever articulated any

7    such circumstance, despite Apple's repeated requests.  (*See* Section II, *supra*.)  Thus, there is no

8    reason why LS Cable could not have identified the new claims by its April 3 contention deadline,

9    as required under Rule 3-1(a).  Its failure to do so reflects a lack of diligence fatal to its motion.

10   *See Verinata*, 236 F. Supp. 3d at 1113.

11          Instead of establishing how it discovered the basis for adding the new claims and why it

12   was diligent in doing so, LS Cable appeals generally to its allegedly diligent review of Apple's

13   technical documents produced after service of the original infringement contentions.  (*See* ECF No.

14   53 at 5-6.)  But that alleged diligence is irrelevant if LS Cable cannot tie any such subsequently

15   produced information, which was previously unavailable to it, to the amendments it seeks.  It does

16   not matter if LS Cable "endeavored through the over half-a million pages of evidence" Apple

17   produced (*id.* at 5) because LS Cable never explains what any of that material has to do with the

18   proposed new claims.

19          In effect, LS Cable asks the Court to adopt an impermissibly broad reading of Patent Local

20   Rule 3-6, under which plaintiffs could add new claims whenever a defendant produces nonpublic

21   information.  But that would happen in every patent case in this District because Rule 3-4 requires

22   defendants to produce technical information ***after*** receiving infringement contentions.  *See* Patent

23   L.R. 3-1, 3-4.  Thus, LS Cable's view of Rule 3-6 would render toothless Rule 3-1(a)'s requirement

24   that patentees identify "[e]ach claim of each patent in suit that is allegedly infringed."  Patent L.R.

25   3-1(a); *see also Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998-HSG-JSC, 2018 WL 620169, at

26   *2 (N.D. Cal. Jan. 30, 2018) (purpose of contentions is to "require parties to crystallize their theories

27   of the case early in the litigation") (cleaned up).

28          Rule 3-6 is stricter—LS Cable must show how information that was not previously available

1   "led to its proposed amendments." *Verinata* at 1114-15 (denying leave to amend where plaintiff

2   neither identified "specific nonpublic information" nor showed how its disclosure led it to seek the

3   proposed amendments). LS Cable's authority does not state otherwise. *See Altera Corp. v. PACT*

4   *XPP Techs., AG*, No. 14-cv-02868-JD, 2015 WL 928122, at *2 (N.D. Cal. Feb. 19, 2015) (allowing

5   amendments where there was "no indication that PACT would have thought them viable without

6   the confidential information it obtained" after serving its infringement contentions); *The Bd. of Trs.*

7   *of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. 05-cv-04158-MHP, 2008 WL

8   624771, at *1 (N.D. Cal. Mar. 4, 2008) (allowing amendment to add accused product that was not

9   available in the U.S. until after service of infringement contentions).

10          Thus, LS Cable's motion fails for lack of diligence in discovering the basis for amendment.

11          **B.      LS Cable Has Not Been Diligent in Seeking Amendment**

12          LS Cable also has not been diligent in seeking amendment. *See Verinata*, 236 F. Supp. 3d

13   at 1113. LS Cable first informed Apple that it wished to add these claims on August 25. (Liu Decl.

14   Ex. A at 8.) It then waited more than two months until November 4 to move for leave to amend.

15          This delay was LS Cable's own doing: By repeatedly refusing to state its basis for adding

16   new claims, LS Cable made it impossible for Apple to evaluate its request for non-opposition to

17   the amendment. LS Cable did not even provide a claim chart until October 3, only doing so because

18   Apple asked to see it. (*See id.* at 4.) And as explained above, that chart contradicted LS Cable's

19   unsubstantiated claim that it was seeking to add new claims based on Apple's document production.

20   (*See* Section IV.A, *supra*.) Indeed, LS Cable's motion ***still*** fails to identify what supposedly

21   prompted it to assert these claims belatedly. Thus, LS Cable cannot blame the meet-and-confer

22   process for its delay. Rather, the time between August 25 and November 4 should be charged

23   ***against*** LS Cable's diligence.

24          **C.      LS Cable's Proposed Amendments Will Prejudice Apple**

25          While LS Cable's lack of diligence alone defeats its motion, so does the prejudice to Apple.

26   "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other

27   court orders." *Verinata*, 236 F. Supp. 3d at 1113 (quoting *Karl Storz*, 2016 WL 2855260, at *3).

28   Here, all deadlines under the Patent Local Rules have passed, including those relating to claim

construction. (*See* ECF No. 31 at 11-12.) Apple not only will have to retread its invalidity analyses to address the new claims, but also has been deprived of the opportunity to consider, raise, and brief claim construction issues arising from those claims. For instance, proposed new claim 56 recites an "overvoltage monitoring unit" for "detecting first and second voltages," whereas original claim 1 recites an "overvoltage monitoring unit" that "includes first and second voltage detectors." (ECF No. 1-1.) The difference between these phrases, if any, may have a material impact on the case, but Apple did not have an opportunity to consider it during the claim construction process because claim 56 was not asserted. Even if this prejudice could be cured by allowing the parties to redo months of claim construction, that would be a substantial disruption to the case schedule.

In addition, Apple continues to be prejudiced by LS Cable's refusal to explain how "the functional scope of the new claims differ[s] from and/or complement[s] the original claims," as it stated when it provided Apple with its amended chart. (Liu Decl. Ex. A at 4.) The implication that LS Cable's infringement theories are different between the old claims and the new contradicts the actual proposed mapping in the chart, which treats the two as identical. This leaves Apple without notice as to what LS Cable's infringement theories actually are. LS Cable cannot have it both ways: It cannot argue that Apple will not suffer prejudice because it "had notice of the additional asserted claims for over two months" (ECF No. 53 at 6), while withholding contentions that meaningfully differentiate the new claims from the ones it has already asserted. Either the new claims have the same scope as the old ones and LS Cable was not diligent in asserting them, or the prejudice to Apple continues to compound until LS Cable provides adequate notice of its infringement theories. Regardless, LS Cable lacks good cause.

## V.    CONCLUSION

For the foregoing reasons, the Court should deny LS Cable's motion.

1   Dated: November 18, 2025                          MORRISON & FOERSTER LLP

2

3                                                     By: /s/ Shaelyn K. Dawson
                                                          Shaelyn K. Dawson

4                                                         Attorneys for Defendant
                                                          APPLE INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28