# EXHIBIT A

| | |
|---|---|
| **From:** | Halverson, Erik J. |
| **To:** | Liu, Stephen Jung Hoon; Hill, Rebekah; KLG-LS-Apple |
| **Cc:** | MoFo-Apple_LSC |
| **Subject:** | RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys" Eyes Only Material |
| **Date:** | Monday, October 20, 2025 2:08:29 PM |
| **Attachments:** | ~WRD0001.jpg |
| | image001.png |

**External Email**

Hi Stephen,

Let's do 10:30am PT on Wednesday.  We'll send an invite.

Best,
Erik

**K&L GATES**

**Erik Halverson**
K&L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
Phone: 415-882-8238
Mobile: 847-347-5959
erik.halverson@klgates.com
www.klgates.com

**From:** Liu, Stephen Jung Hoon <SLiu@mofo.com>
**Sent:** Monday, October 20, 2025 10:10 AM
**To:** Halverson, Erik J. <Erik.Halverson@klgates.com>; Hill, Rebekah <Rebekah.Hill@klgates.com>;
KLG-LS-Apple <KLG-LS-Apple@klgates.com>
**Cc:** MoFo-Apple_LSC <MoFo-Apple_LSC@mofo.com>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys'
Eyes Only Material

Hi Erik,

Today will be difficult for us, but we could meet and confer on Wednesday between 10-11 or after
2:30 Pacific.

Please also be prepared to discuss Apple's proposed amended invalidity contentions.

1

Thanks,
Stephen

**Stephen Liu**
Associate
sliu@mofo.com
T +1 (650) 813-6493
M +1 (415) 767-8717



---

**From:** Halverson, Erik J. <Erik.Halverson@klgates.com>
**Sent:** Wednesday, October 15, 2025 3:30 PM
**To:** Liu, Stephen Jung Hoon <SLiu@mofo.com>; Hill, Rebekah <Rebekah.Hill@klgates.com>; KLG-LS-Apple <KLG-LS-Apple@klgates.com>
**Cc:** MoFo-Apple_LSC <MoFo-Apple_LSC@mofo.com>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys' Eyes Only Material

<mark>External Email</mark>

---

Hi Stephen,

That the same confidential Apple evidence is identified for Claim 1 and Claim 54 has no bearing on whether or not the basis to assert infringement was available to LS Cable before Apple provided that evidence. As we articulated a month ago, LS Cable's good cause for the amendment is, pursuant to Local Rule 3-6, the "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." LS Cable's infringement contentions were served on April 3, 2025. Two months later, Apple produced over 500,000 pages of documents, which we have been reviewing to identify information relevant for supplementation. This review has been without the assistance of LS Cable's technical expert, due to Apple's objection. This constitutes good cause.

Apple has challenged all claims of the '568 Patent in IPR, and the entirety of its analysis for claims 54, 55, 56, and 58 is simply a cross-cite back to its analysis for Claims 1 and 7; there is no prejudice to Apple by including these claims in the district court case. To the extent there are any terms Apple would seek to construe (noting that Apple identified no terms in these four claims in its IPR petition for construction), LS Cable would not oppose such supplemental briefing. Moreover, Apple's continued delay in taking a position on whether or not it opposes LS Cable's motion and the repeated requests for information that already provided, much like with its objection to Dr. Lee, will not be well-taken by the court. Apple is free to oppose the motion but we cannot continue to delay in bringing this to the Court's attention.

Please provide your availability for a meet and confer Monday.

Best regards,
Erik



**Erik Halverson**
K&L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
Phone: 415-882-8238
Mobile: 847-347-5959
erik.halverson@klgates.com
www.klgates.com

---

**From:** Liu, Stephen Jung Hoon <SLiu@mofo.com>
**Sent:** Friday, October 10, 2025 3:16 PM
**To:** Hill, Rebekah <Rebekah.Hill@klgates.com>; Halverson, Erik J. <Erik.Halverson@klgates.com>;
KLG-LS-Apple <KLG-LS-Apple@klgates.com>
**Cc:** MoFo-Apple_LSC <MoFo-Apple_LSC@mofo.com>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys'
Eyes Only Material

Counsel,

On their face, the proposed amendments show that LS Cable could have asserted these claims at the
time required by the Patent Local Rules but chose not to.  For example, LS Cable's amended chart
does not identify any "nonpublic information about the Accused Instrumentality" that would
implicate claims 54, 55, 56, or 58 specifically.  Instead, LS Cable's contentions for those claims either
refer back to, or copy text from, contentions for an earlier claim.

LS Cable's position that "the functional scope of the new claims differ from and/or complement the
original claims" is inconsistent with its treatment of the new claims in the proposed amended chart
as identical to the original claims.  This only confirms that the addition of these claims will prejudice
Apple:  Apple has developed its invalidity case and submitted terms for and briefed claim
construction without the opportunity to consider, among other things, the nuances LS Cable alludes
to but does not articulate.

Please explain what newly discovered nonpublic information LS Cable contends provides good cause
to add the new claims and why.  Apple cannot fully evaluate LS Cable's proposal until it understands
LS Cable's basis.

Best,
Stephen

**Stephen Liu**
Associate
<u>sliu@mofo.com</u>
T +1 (650) 813-6493
M +1 (415) 767-8717



---

**From:** Hill, Rebekah <<u>Rebekah.Hill@klgates.com</u>>
**Sent:** Friday, October 3, 2025 5:05 PM
**To:** Bray, Aaron D. <<u>ABray@mofo.com</u>>; Halverson, Erik J. <<u>Erik.Halverson@klgates.com</u>>; KLG-LS-Apple <<u>KLG-LS-Apple@klgates.com</u>>
**Cc:** MoFo-Apple_LSC <<u>MoFo-Apple_LSC@mofo.com</u>>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys' Eyes Only Material

==External Email==

---

Counsel:

Attached please find LS Cable's amended infringement contention chart, which includes claims 54, 55, 56, and 58 and amendments, based on Apple's production, to the other claims.  Apple indicated that it would provide its position on LS Cable's supplementation once it had the opportunity to review the proposed amendments.  Please provide Apple's position by October 10.

As discussed below, LS Cable maintains that good cause exists to supplement LS Cable's infringement contentions.  As the local rules explain, good cause includes "Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  Additionally, while the underlying components of the new claims may be similar to components in the currently asserted claims, the functional scope of the new claims differ from and/or complement the original claims, and the new claims are supported by information revealed in Apple's document production.

Again, there is little to no prejudice to Apple as claims 54, 55, 56, and 58 are all part of Apple's already-filed IPR, as well as the other reasons outlined in the prior email traffic on this issue.  Also, Apple has identified two terms for construction for the currently asserted 17 claims.  As noted above, the new claims contain similar components and claim language to the existing claims, and accordingly, it is unlikely that adding these four claims will raise any new issues with respect to claim construction.

Best regards,
Rebekah



**Rebekah Hill**
Associate
K&L Gates LLP
70 W. Madison Street
Suite 3100
Chicago IL, 60602-4207
Phone: 312-807-4293
rebekah.hill@klgates.com
www.klgates.com

---

**From:** Bray, Aaron D. <ABray@mofo.com>
**Sent:** Monday, September 29, 2025 2:04 PM
**To:** Hill, Rebekah <Rebekah.Hill@klgates.com>; Halverson, Erik J. <Erik.Halverson@klgates.com>; KLG-LS-Apple <KLG-LS-Apple@klgates.com>
**Cc:** MoFo-Apple_LSC <MoFo-Apple_LSC@mofo.com>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys' Eyes Only Material

**PRIVILEGED & CONFIDENTIAL; ATTORNEY-CLIENT PRIVILEGE & WORK PRODUCT DOCTRINE ASSERTED**

Counsel,

Without seeing LS Cable's proposed infringement charts, Apple cannot agree to LS Cable's belated proposal to amend its infringement contentions to add new claims.  If LS Cable sends Apple its proposed infringement charts for consideration, however, Apple will provide its position.

Adding new claims greatly expands the case, and LS Cable has offered no rationale for why it could not have included these claims in its original infringement contentions.

It is thus unclear how Apple's technical production provides good cause to *add new claims* at this late stage, as opposed to supplementing theories for existing claims.   Meanwhile, LS Cable disclosed its expert in July, months after it selected which claims to assert in its infringement contentions.  The status of its expert thus does not independently provide good cause to add new claims.

Regardless, these additions would be highly prejudicial to Apple.  For example, Apple's development of its invalidity case in the district court (including system prior art and Section 112) has been focused on the presently asserted claims.  As another example, the parties identified terms for claim construction long ago, and claim construction briefing is already underway.

Regards,
Aaron

**Aaron D. Bray** (he/him)
Associate
abray@mofo.com
T +1 (650) 813-4036
M +1 (650) 660-4358



---

**From:** Hill, Rebekah <Rebekah.Hill@klgates.com>
**Sent:** Monday, September 15, 2025 8:05 PM
**To:** Bray, Aaron D. <ABray@mofo.com>; Halverson, Erik J. <Erik.Halverson@klgates.com>; KLG-LS-Apple <KLG-LS-Apple@klgates.com>
**Cc:** MoFo-Apple_LSC <MoFo-Apple_LSC@mofo.com>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys' Eyes Only Material

==External Email==

---

Hi Aaron,

LS Cable contends that good cause exists to supplement its Infringement Contentions to include Claims 54, 55, 56, and 58 due to Apple's production of documents after LS Cable's Infringement Contentions were due. LS Cable's Infringement Contentions were served on April 3, 2025, and Apple's document production occurred on June 3, 2025. Apple has produced over 500,000 pages of documents, which we have been reviewing to identify information relevant for supplementation.

Further, LS Cable has been unable to involve its technical expert, Dr. Lee, as Apple has continued to object to him receiving PO information, while purporting to work towards a solution. Rather than continue to delay, LS Cable seeks to amend now to incorporate the information it has reviewed, and will likely need to further supplement once the issue is resolved. Accordingly, good cause exists to supplement LS Cable's infringement contentions.

Best regards,
Rebekah



**Rebekah Hill**
Associate
K&L Gates LLP

70 W. Madison Street
Suite 3100
Chicago IL, 60602-4207
Phone: 312-807-4293
rebekah.hill@klgates.com
www.klgates.com

---

**From:** Bray, Aaron D. <ABray@mofo.com>
**Sent:** Monday, September 8, 2025 1:07 PM
**To:** Halverson, Erik J. <Erik.Halverson@klgates.com>; KLG-LS-Apple <KLG-LS-Apple@klgates.com>; Hill, Rebekah <Rebekah.Hill@klgates.com>
**Cc:** MoFo-Apple_LSC <MoFo-Apple_LSC@mofo.com>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys' Eyes Only Material

Hi Erik,

Thanks for pinging.  So we can evaluate this, please let us know what LS Cable contends is good cause to amend to add additional claims.

Thanks,
Aaron

**Aaron D. Bray** (he/him)
Associate
abray@mofo.com
T +1 (650) 813-4036
M +1 (650) 660-4358



---

**From:** Halverson, Erik J. <Erik.Halverson@klgates.com>
**Sent:** Friday, September 5, 2025 4:40 PM
**To:** Bray, Aaron D. <ABray@mofo.com>; KLG-LS-Apple <KLG-LS-Apple@klgates.com>; Hill, Rebekah <Rebekah.Hill@klgates.com>
**Cc:** MoFo-Apple_LSC <MoFo-Apple_LSC@mofo.com>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys' Eyes Only Material

==External Email==

---

Counsel,

We have not heard back on the below proposal, just a friendly bump to the top of the inbox.

Best,
Erik



**Erik Halverson**
K&L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
Phone: 415-882-8238
Mobile: 847-347-5959
erik.halverson@klgates.com
www.klgates.com

---

**From:** Halverson, Erik J.
**Sent:** Monday, August 25, 2025 8:08 AM
**To:** Bray, Aaron D. <ABray@mofo.com>; KLG-LS-Apple <KLG-LS-Apple@klgates.com>; Hill, Rebekah <Rebekah.Hill@klgates.com>
**Cc:** MoFo-Apple_LSC <MoFo-Apple_LSC@mofo.com>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys' Eyes Only Material

Hi Aaron,

LS can agree to a supplementation of Apple's invalidity contentions in the event that Apple is willing to agree to a supplementation of LS's Infringement Contentions to include Claims 54, 55, 56, and 58.  Notably, these claims are all part of Apple's IPR, such that there is little to no prejudice to Apple.

Please let us know if Apple agrees.

Best,
Erik



**Erik Halverson**
K&L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
Phone: 415-882-8238
Mobile: 847-347-5959
erik.halverson@klgates.com

[www.klgates.com](www.klgates.com)

---

**From:** Bray, Aaron D. <[ABray@mofo.com](mailto:ABray@mofo.com)>
**Sent:** Monday, August 18, 2025 5:05 PM
**To:** KLG-LS-Apple <[KLG-LS-Apple@klgates.com](mailto:KLG-LS-Apple@klgates.com)>; Halverson, Erik J. <[Erik.Halverson@klgates.com](mailto:Erik.Halverson@klgates.com)>;
Hill, Rebekah <[Rebekah.Hill@klgates.com](mailto:Rebekah.Hill@klgates.com)>
**Cc:** MoFo-Apple_LSC <[MoFo-Apple_LSC@mofo.com](mailto:MoFo-Apple_LSC@mofo.com)>
**Subject:** RE: LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys'
Eyes Only Material

Counsel,

Following up on the below, please let us know your posiiton.

Thanks,
Aaron

**Aaron D. Bray** (he/him)
Associate
[abray@mofo.com](mailto:abray@mofo.com)
T +1 (650) 813-4036
M +1 (650) 660-4358



---

**From:** Bray, Aaron D. <[abray@mofo.com](mailto:abray@mofo.com)>
**Sent:** Friday, July 25, 2025 7:42 PM
**To:** [klg-ls-apple@klgates.com](mailto:klg-ls-apple@klgates.com)
**Cc:** MoFo-Apple_LSC <[MoFo-Apple_LSC@mofo.com](mailto:MoFo-Apple_LSC@mofo.com)>; [rebekah.hill@klgates.com](mailto:rebekah.hill@klgates.com);
[erik.halverson@klgates.com](mailto:erik.halverson@klgates.com)
**Subject:** LS Cable v Apple - Amended Invalidity Contentions -- Contains Confidential - Attorneys' Eyes
Only Material



You received 4 files from abray@mofo.com via

# Kiteworks

[Access files](#)

Counsel,

Please find attached amended invalidity contentions (Exhibits A-16 and A-17) incorporating recent third-party discovery.

Pursuant to Patent L.R. 3-6(b), good cause exists to amend due to the third parties' production of documents because the confidential third-party discovery was not previously available.

Please let us know your position on the motion to amend and, if necessary, your availability to meet and confer.

Regards,
Aaron

**Aaron D. Bray** (he/him)
Associate
abray@mofo.com
T +1 (650) 813-4036
M +1 (650) 660-4358

File links expire: Aug 10, 2025

 **4 PDFs**

Deft Apple Inc's Invalidity Contentions – Amended Exhibit A-17 (Oral-B Toothbrush)_AEO (Redline).pdf, Deft Apple Inc's Invalidity Contentions – Amended Exhibit A-16 (SplashPower System)_AEO.pdf, Deft Apple Inc's Invalidity Contentions – Amended Exhibit A-17 (Oral-B Toothbrush)_AEO.pdf, Deft Apple Inc's Invalidity Contentions – Amended Exhibit A-16 (SplashPower System)_AEO (Redline).pdf

If you have never used Kiteworks, or have not accessed within 30 days, you will need to **create an account** in order to access the files.

10

==================================================================================
=====


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Erik.Halverson@klgates.com.


==================================================================================
=====


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.


==================================================================================
=====


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.


==================================================================================
=====


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.


==================================================================================
=====


11

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.