Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238
Fax: (415) 882-8220
erik.halverson@klgates.com

Jason A. Engel (*pro hac vice*)
Rebekah Hill (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jason.engel@klgates.com
rebekah.hill@klgates.com

*Attorneys for Plaintiff LS Cable & System Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LS CABLE & SYSTEM LTD.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 3:24-cv-09194-JD<br><br>**PLAINTIFF LS CABLE & SYSTEM LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Date: December 11, 2025<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 1

    A. LS Cable Was Diligent ................................................................................................ 1

    B. LS Cable's Additional Asserted Claims Are Supported By Previously Unavailable Information .................................................................................................................. 2

    C. LS Cable's Supplementation Does Not Prejudice Apple ............................................. 4

III. CONCLUSION ..................................................................................................................... 7

## I. INTRODUCTION

Plaintiff LS Cable & System, Ltd. ("LS Cable") acted diligently and satisfied Patent Local Rule 3-6. LS Cable seeks leave to amend its infringement contentions based on previously unavailable information that Apple produced two months after LS Cable served its initial infringement contentions. After receiving this information from Apple, LS Cable promptly reviewed the materials and determined that they reveal previously unknown structural and functional details of the accused instrumentalities that support originally asserted Claims 1, 3, 7-9, 11-12, 30-34, 48-50, 52-53, as well the assertion of additional Claims 54, 55, 56, and 58. LS Cable moved to amend at the earliest reasonable opportunity and has cited the specific portions of Apple's technical production that support the new limitations.

## II. ARGUMENT

### A. LS Cable Was Diligent

Apple's argument misunderstands both LS Cable's diligence and the nature of LS Cable's amendments. LS Cable repeatedly informed Apple that it intended to rely on its desired technical expert to analyze Apple's previously unavailable confidential information to assist in annotating the specific components and features that meet the claim limitations. Apple, however, has continued to object—improperly (*see* Dkt. Nos. 47, 49)—to LS Cable's use of that expert. LS Cable should not be required to commit to particular component-level identifications without the benefit of its expert's analysis.

At the same time, LS Cable did not want to wait additional months before amending its infringement contentions simply because Apple refuses to allow LS Cable's expert's participation. LS Cable therefore moved for leave to amend its contentions now, reserving the right to provide more detailed evidence, including annotations, callouts, and explanatory analysis, once the issue regarding its expert's participation is resolved. Apple cannot manufacture a diligence problem by simultaneously withholding the very expert involvement needed to interpret its highly technical schematics and then criticizing LS Cable for not providing expert-level specificity sooner. LS Cable moved as soon as it reasonably could in light of Apple's objections.

Apple also does not oppose LS Cable's amendments to the existing asserted claims (Apple's

Oppo. at 2 n.2), and does not contest LS Cable's diligence with respect to those amendments. Apple's lack of objection to those amendments suggests that Apple does not genuinely dispute LS Cable's diligence with respect to any of LS Cable's amendments. Had Apple believed LS Cable's amendments were untimely, unsupported, or improper, Apple presumably would have raised the same concerns it asserts elsewhere. At a minimum, Apple's silence reflects an implicit acknowledgement that LS Cable acted diligently in reviewing the newly produced information and updating its infringement contentions.

### B. LS Cable's Additional Asserted Claims Are Supported By Previously Unavailable Information

Apple does not cite any case law to support its assertion that LS Cable is required to identify previously unavailable information that is "pertinent *only* to the new claims." (Apple's Oppo. at 4). This is not the standard, and the same evidence can, and is, relevant to the previously identified claims **as well as** the new claims identified in LS Cable's infringement contentions. Apple relies on *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110 (N.D. Cal. Feb. 14, 2017) to argue that Rule 3-6 requires that "LS Cable must show how information that was not previously available 'led to its proposed amendments.'" (Apple's Oppo., at 4-5.) But *Verinata* does not stand for that proposition.

In *Verinata*, the court explained that the plaintiff already possessed the relevant nonpublic information, but couched its amended theories in more recently produced information in an attempt to add doctrine-of-equivalents theories to its contentions. *Verinata*, 236 F. Supp. 3d at 1114-15. The court rejected the plaintiff's argument that "it would have been unreasonable to rely on earlier discovery materials or scientific literature" because the earlier materials concerned a technology that the parties themselves had already represented operated in substantially the same manner and infringed in the same way as the technology identified in the later produced materials. *Id.* at 1115. Because the amended contentions were "merely responsive to [defendant's] noninfringement contentions rather than raising theories based on previously unknown information[,]" the court held that the plaintiff had not shown good cause. *Id.* at 1114-15.

The opposite is true here. LS Cable did not have any nonpublic information about the

accused instrumentalities when it served its initial infringement contentions. LS Cable simply could not have asserted its theories now included in its amended contentions without first reviewing Apple's previously unavailable materials. Here, the new information revealed substantive, previously unknown structural and functional details essential to the claim limitations LS Cable asserts in its amended contentions, which is precisely the circumstance in which amendment is appropriate under Rule 3-6.

As shown in Apple's Exhibit B (LS Cable's redlined amended infringement contentions), independent Claims 54, 55, 56, and 58 include distinct limitations that materially alter the scope of each claim, and LS Cable has cited the previously unavailable evidence supporting its infringement theories for these claim limitations. *See generally* Ex. B. For example, Claims 55 and 56 require "an adjustment request signal being transmitted **repeatedly**," a limitation that does not appear in any of the originally asserted claims. *See* Ex. B, 115-121; *see generally* Ex. B. Additionally, Claim 54 requires a "wireless transmitting unit" arranged in a manner that is not recited by the originally asserted claims. Ex. B, 114-116; *see generally* Ex. B. As a final example, Claim 58 recites "wherein the change of intensity of the magnetic field includes a change of intensity of the magnetic field by adjusting a power applied to the primary coil of the external contact-less charging device based on relative positions of the contact-less charging circuit module and the external contact-less charging device." Ex. B, 122-124; *see generally* Ex. B. Although individual components of this Claim 58 limitation may be mentioned in independent Claims 1, 7, and 48, they are never arranged in the same structural and functional configuration as required by Claim 58. *See* Ex. B, 122-124; Ex. B, 3-36, 41-70, 83-111. LS Cable's citations to Apple's previously unavailable information demonstrate that these claim requirements, among others, are met by the accused instrumentalities.

Reviewing this previously unavailable information enabled LS Cable to perform the diligence necessary to ensure it asserts claims in a non-frivolous manner. That LS Cable's amended infringement contentions cross-reference certain analysis from earlier-asserted claims does not mean LS Cable is asserting that the same technical components satisfy every claim limitation in the same way or that the same document supports each limitation for the same reasons. Once the dispute concerning LS Cable's expert is resolved, LS Cable intends to further identify and annotate

the specific portions of the technical materials cited in its amended infringement contentions (and supplement with any additional technical materials identified by LS Cable's expert) to provide a full, detailed explanation of its infringement theories. At this time, LS Cable's amendments are grounded in previously unavailable information and are therefore proper.

### C. LS Cable's Supplementation Does Not Prejudice Apple

Apple is not prejudiced by LS Cable's amended infringement contentions. Apple cannot credibly claim that it will have to "retread its invalidity analyses to address the new claims." (Apple's Oppo. at 6.) Apple already challenged all claims of the '568 Patent in an *inter partes* review (*Apple Inc. v. LS Cable & System*, IPR2025-01141), including the additional claims LS Cable seeks to assert. Notably, Apple's Opposition completely ignores that Apple's IPR petition used the ***exact same*** invalidity analysis for Claims 54, 55, 56, and 58 that it used for Claims 1 and 7 (by way of simply cross-referencing its analysis of Claims 1 and 7, and adding nothing more):

> 44. **Claim 54**
>
> Claim 54 is met based on Baarman-878 in view of NCP1800 Datasheet and Horowitz. (EX1005, ¶230.)
>
>     a.  **[Preamble]**
>
> See claim 7[Preamble]. (EX1005, ¶231.)
>
>     b.  **[A]**
>
> See claim 7[A]. (EX1005, ¶232.)
>
>     c.  **[B]**
>
> See claim 7[B]. (EX1005, ¶233.)
>
>     d.  **[C]**
>
> See claim 7[C]. (EX1005, ¶234.)
>
>     e.  **[D]**
>
> See claim 1[D]. (EX1005, ¶235.)
>
>     f.  **[E]**
>
> See claim 7[E]. (EX1005, ¶236.)

*See Apple Inc.*, IPR2025-01141, Paper 2 at 68.

> 45. **Claim 55**
>
> Claim 55 is met based on Baarman-878 in view of NCP1800 Datasheet and Horowitz. (EX1005, ¶237.)
>
>     a.    [Preamble]
>
> See claim 7[Preamble]. (EX1005, ¶238.)
>
>     b.    [A]
>
> See claim 1[A]. (EX1005, ¶239.)
>
>     c.    [B]
>
> See claim 1[B]. (EX1005, ¶240.)
>
>     d.    [C]
>
> See claim 1[C]. (EX1005, ¶241.)
>
>     e.    [D]
>
> See claim 1[D]. (EX1005, ¶242.)
>
>     f.    [E]
>
> See claim 1[E]. (EX1005, ¶243.)
>
>     g.    [F]
>
> See claim 1[E]. (EX1005, ¶244.)

*See id.* at 69.

> 46. **Claim 56**
>
> Claim 56 is met based on Baarman-878 in view of NCP1800 Datasheet and Horowitz. (EX1005, ¶245.)
>
>     a.    [Preamble]
>
> See claim 7[Preamble]. (EX1005, ¶246.)
>
>     b.    [A]
>
> See claim 7[A]. (EX1005, ¶247.)
>
>     c.    [B]
>
> See claim 7[B]. (EX1005, ¶248.)
>
>     d.    [C]
>
> See claim 7[C]. (EX1005, ¶249.)
>
>     e.    [D]
>
> See claim 1[D]. (EX1005, ¶250.)
>
>     f.    [E]
>
> See claim 1[E]. (EX1005, ¶251.)

*Id.* at 69-70.

> 48. **Claim 58**
>
> Claim 58 is met based on Baarman-878 in view of NCP1800 Datasheet and Horowitz. (EX1005, ¶258.)
>
>     a.    [Preamble]
>
> See claim 7[Preamble]. (EX1005, ¶259.)
>
>     b.    [A]
>
> See claim 1[A]. (EX1005, ¶260.)
>
>     c.    [B]
>
> See claim 1[B]. (EX1005, ¶261.)
>
>     d.    [C]
>
> See claim 1[C]. (EX1005, ¶262.)
>
>     e.    [D]
>
> See claim 1[D]. (EX1005, ¶263.)
>
>     f.    [E]
>
> See claim 1[E]. (EX1005, ¶264.)

*Id.* at 71.

Apple has already done its invalidity analyses for Claims 54, 55, 56, and 58, and Apple did not, and cannot, contend otherwise.

Additionally, Apple contends that it has been deprived of the opportunity to raise claim construction issues for the additional asserted claims. Apple provides as an example that Claim 56 recites "'an overvoltage monitoring unit' for 'detecting first and second voltages,' whereas original claim 1 recites 'an overvoltage monitoring unit' that 'includes first and second voltage detectors.'" (Apple's Oppo. at 6.) Apple fails to acknowledge that Claim 1 recites "an overvoltage monitoring unit that includes first and second voltage detectors respectively ***detecting first and second voltages***." If Apple actually had an issue with the differences between the claim terms "detecting first and second voltages" and "includes first and second voltage detectors respectively detecting first and second voltages," Apple could have addressed these claim terms in its original claim construction brief. Apple chose not to do so. Moreover, Apple has failed to suggest or articulate what kind of additional claim construction exercise would be needed, making this argument nothing

more than a strawman.  This strawman should be rejected.

### III. CONCLUSION

For the foregoing reasons, LS Cable respectfully requests that the Court grant LS Cable's motion for leave to serve its supplemental infringement contentions pursuant to Patent L.R. 3-6.

Dated: November 25, 2025

Respectfully submitted,

*/s/ Erik J. Halverson*
Erik J. Halverson (SBN 333492)
erik.halverson@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

Jason A. Engel (*pro hac vice*)
Rebekah Hill (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jason.engel@klgates.com
rebekah.hill@klgates.com

*Attorneys for Plaintiff LS Cable & System Ltd.*