Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238
Fax: (415) 882-8220
erik.halverson@klgates.com

Jason A. Engel (*pro hac vice*)
Rebekah Hill (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jason.engel@klgates.com
rebekah.hill@klgates.com

*Attorneys for Plaintiff LS Cable & System Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LS CABLE & SYSTEM LTD., | Case No. 3:24-cv-09194-JD |
| Plaintiff, | **K&L GATES LLP'S MOTION TO QUASH APPLE INC.'S SUBPOENA FOR DOCUMENTS AND DEPOSITION, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** |
| v. | |
| APPLE INC., | |
| Defendant. | Date: June 18, 2026 |
| | Time: 10:00 a.m. |
| | Courtroom: 11, 19th Floor |
| | Judge: Hon. James Donato |

**TABLE OF CONTENTS**

I.     INTRODUCTION .................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 2

       A.     The Supplemental Examination and *Ex Parte* Reexamination ............................. 2

       B.     The Apple Litigation and K&L Gates's Role as Trial Counsel ............................ 3

       C.     Apple's Subpoena ............................................................................. 3

III.   LEGAL STANDARD .............................................................................................. 5

IV.    ARGUMENT .......................................................................................................... 5

       A.     The Court Must Quash the Subpoena Because It Seeks Privileged and
              Work-Product-Protected Materials and No Waiver Has Occurred ....................... 5

              1.     Attorney-Client Privilege Protects the EPR Communications .................. 5

              2.     The Work Product Doctrine Provides Independent, Near-Absolute
                     Protection for K&L Gates's EPR Strategy Materials ............................. 6

              3.     No Waiver Has Occurred ............................................................ 9

       B.     The Subpoena Imposes Undue Burden on K&L Gates as Nonparty
              Litigation Counsel and Must Be Quashed Under Rule 45 and the *Shelton*
              Doctrine .......................................................................................... 10

              1.     Subpoenas to Nonparty Law Firms Are Subject to Heightened
                     Scrutiny ............................................................................. 10

              2.     Apple Cannot Satisfy the *Shelton* Three-Part Test for Deposing
                     Counsel............................................................................... 11

       C.     The Subpoena Circumvents the Statutory Ban on Third-Party
              Participation ...................................................................................... 13

       D.     Apple's Request-by-Request Deficiencies............................................... 14

       E.     In the Alternative, the Court Should Enter a Protective Order Strictly
              Limiting the Scope of Any Discovery ..................................................... 14

V.     CONCLUSION...................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Cases**

*Asetek Danmark A/S v. CoolIT Sys. Inc.*,
No. 19-cv-00410-EMC (LB), 2021 WL 4699170 (N.D. Cal. Oct. 8, 2021) ............................. 12

*Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
237 F.R.D. 618 (N.D. Cal. 2006) ............................................................................................. 7

*Cave Consulting Grp. v. OptumInsight, Inc.*,
No. 15-cv-03424-JCS, 2016 WL 7475820 (N.D. Cal. Dec. 29, 2016) ..................................... 7

*Chao v. Aurora Loan Servs., LLC*,
No. C 10–3118 SBA (LB), 2012 WL 5988617 (N.D. Cal. Nov. 26, 2012) .............................. 11

*Chevron Corp. v. Pennzoil Co.*,
974 F.2d 1156 (9th Cir. 1992) ................................................................................................. 9

*Genentech, Inc. v. United States ITC*,
122 F.3d 1409 (Fed. Cir. 1997) ............................................................................................... 7

*Guardant Health, Inc. v. Pers. Genome Diagnostics, Inc.*,
No. 19-mc-80131-SVK, 2019 WL 13243011 (N.D. Cal. July 22, 2019) ................................. 12

*Hatamian v. Advanced Micro Devices, Inc.*,
No. 14-CV-00226-YGR(JSC), 2016 WL 2606830 (N.D. Cal. May 6, 2016) ............................ 5

*Hickman v. Taylor*,
329 U.S. 495 (1947) ............................................................................................................ 6, 7

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
161 F.R.D. 86 (N.D. Cal. 1995) ............................................................................................. 10

*Holmgren v. State Farm Mut. Auto. Ins. Co.*,
976 F.2d 573 (9th Cir. 1992) ................................................................................................... 8

*Hurry v. Fin. Indus. Regul. Auth.*,
No. 17-mc-80026-LB, 2017 WL 3701955 (N.D. Cal. Apr. 7, 2017) ........................................ 5

*In re Cendant Corp. Sec. Litig.*,
343 F.3d 658 (3d Cir. 2003) .................................................................................................... 8

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007) (en banc) ..................................................................... 8, 9, 10

*Oak Indus. v. Zenith Elecs. Corp.*,
687 F. Supp. 369 (N.D. Ill. 1988) ............................................................................................ 7

*Sacks Holdings, Inc. v. Vaidya*,
No. 24-MC-80197-PHK, 2024 WL 4730424 (N.D. Cal. Nov. 7, 2024) .................................... 5

*Shelton v. Am. Motors Corp.*,
805 F.2d 1323 (8th Cir. 1986) ....................................................................................... 9, 11, 13

*Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
   276 F.R.D. 376 (D.D.C. 2011) ................................................................................... 6, 9

*Tennison v. City & Cnty. of San Francisco*,
   226 F.R.D. 615 (N.D. Cal. 2005) ................................................................................... 8

*Trunk v. City of San Diego*,
   No. 06 CV 1597 LAB (WMc), 2007 WL 2701356 (S.D. Cal. Sept. 13, 2007) ........................ 11

*United States v. C.B.S.*,
   666 F.2d 364, 371 (9th Cir. 1982) ............................................................................... 10

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981) ................................................................................................... 6

**Statutes**

35 U.S.C. § 257 ........................................................................................................ 13

37 C.F.R. § 1.601 ..................................................................................................... 13

37 C.F.R. § 1.625 ..................................................................................................... 13

Fed R. Civ. P. 45(d)(3)(A) ........................................................................................... 5

Fed. R. Civ. P. 26(b)(3)(A) .......................................................................................... 7

**<u>NOTICE OF MOTION</u>**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 18, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable James Donato, in Courtroom 11 of the United States District Judge for the Northern District of California, Nonparty K&L Gates LLP ("K&L Gates") hereby moves this Court pursuant to Federal Rules of Civil Procedure 45(d)(3)(A), 45(d)(3)(B), and 26(b)(3), and Federal Rule of Evidence 502, for an order quashing in its entirety the Subpoena to Testify at a Deposition in a Civil Action and for production of documents served upon K&L Gates by Defendant Apple Inc. ("Apple") on March 27, 2026.

In the alternative, K&L Gates moves for a protective order pursuant to Rules 26(c) and 45(d)(3) strictly limiting the scope of any permitted discovery to non-privileged, non-protected information not already available in the publicly accessible reexamination file.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I.    INTRODUCTION

On March 27, 2026, Apple served K&L Gates with a sweeping subpoena demanding twelve categories of documents and deposition testimony on eleven topics. Halverson Decl. ¶ 2. K&L Gates served as patent prosecution counsel, including for supplemental examination, and *ex parte* reexamination ("EPR") counsel for Plaintiff LS Cable & System Ltd. ("LS Cable"), and now serves as LS Cable's trial counsel in this litigation. Halverson Decl. ¶ 3. Every document category and every deposition topic is directed at K&L Gates's attorney-client communications with LS Cable and at K&L Gates's privileged legal strategy, analysis, and opinion work product generated during the supplemental examination and resulting EPR of U.S. Patent No. 8,013,568 (the "'568 Patent") before the United States Patent and Trademark Office. Ex. A (Apple's Subpoena).

K&L Gates objected to the subpoena eight business days after receiving the subpoena, on April 6, 2026. Ex. B (Halverson Email dated April 6, 2026); Halverson Decl. ¶ 4. When Apple refused to modify the subpoena based on the objections, K&L Gates sought a meet and confer on April 19, 2026, and the meet and confer occurred on April 23, 2026. Halverson Decl. ¶ 5. No

agreement was reached. Halverson Decl. ¶ 5. K&L Gates now moves to quash the subpoena, and at least three independent grounds compel this result.

First, Federal Rule of Civil Procedure 45(d)(3)(A) *requires* the Court to quash a subpoena that demands disclosure of privileged or work-product-protected material where no exception or waiver applies. Apple's subpoena commands exactly that: it seeks documents and testimony squarely within the protection of the attorney-client privilege and the work product doctrine, and no waiver of any kind has occurred. Ex. A.

Second, Rule 26(b)(3) independently bars discovery of K&L Gates's EPR work product. Apple cannot demonstrate the substantial need and undue hardship necessary to overcome even ordinary work product protection–let alone the near-absolute protection afforded to the opinion work product that makes up the overwhelming bulk of what Apple seeks. The entire factual record of the supplemental examination and resulting EPR is publicly available in the USPTO's Patent Center. Halverson Decl. ¶ 6. Apple already has everything it is entitled to see.

Third, the subpoena imposes unjustified undue burden on K&L Gates as a non-party. Two of K&L Gates's attorneys who participated in the EPR–Jason Engel and Erik Halverson–serve as LS Cable's lead trial counsel in this case. Halverson Decl. ¶ 8. Deposing active trial counsel is disfavored to the point of near-categorical prohibition. Apple likewise cannot meet the standard for deposing K&L Gates's third EPR attorney, as the public EPR file contains all relevant facts.

Finally, Apple's subpoena is an impermissible end-run around Congress's express statutory command that third parties are prohibited from participating in any manner in a supplemental examination proceeding. 37 C.F.R. § 1.601(b). Because only the patent owner can file the supplemental examination request, third-party participation is also prohibited in any EPR ordered under 35 U.S.C. § 257 and 37 C.F.R. § 1.625. Apple had no right to participate in LS Cable's EPR when it was conducted, and it cannot now use discovery to obtain, through privileged files and trial-counsel depositions, what Congress barred it from obtaining during the proceeding itself.

The motion to quash should be granted in its entirety.

## II.   BACKGROUND

### A.   The Supplemental Examination and *Ex Parte* Reexamination

On March 12, 2021, LS Cable, acting through K&L Gates, filed a request for supplemental examination of the '568 Patent before the USPTO, assigned Control No. 96/000,355. Halverson Decl. ¶ 6. The USPTO issued its determination that the request raised a substantial new question of patentability on April 21, 2021, and the Director ordered EPR of the Patent pursuant to 35 U.S.C. § 257(b). Halverson Decl. ¶ 6.

The EPR proceeding was conducted under 37 C.F.R. §§ 1.530 through 1.570, with the specific exceptions applicable to reexaminations ordered under 35 U.S.C. § 257. Upon conclusion of the EPR, an EPR certificate issued on September 28, 2023. Halverson Decl. ¶ 6.

The EPR ordered under 35 U.S.C. § 257 retained the same Control No. 96/000,355 as the supplemental examination proceeding. Halverson Decl. ¶ 6. The entire publicly-filed record of both the supplemental examination and the resulting EPR is available through the USPTO's Patent Center. *See* Ex. C (EPR Control No. 96/000,355 File Wrapper);  Halverson Decl. ¶¶ 6, 9.

**B.    The Apple Litigation and K&L Gates's Role as Trial Counsel**

LS Cable filed the present action against Apple on December 18, 2024, less than one year after the EPR concluded. Halverson Decl. ¶ 7. The case involves claims of infringement of the '568 Patent. K&L Gates serves as trial counsel for LS Cable in this action. *Id.* ¶ 8. Attorneys Jason Engel and Erik Halverson are both lead members of LS Cable's trial team and were involved in the supplemental examination and EPR proceedings. *Id.* ¶ 8. A third K&L Gates attorney, Matthew Dicke, assisted in the supplemental examination and EPR proceedings and signed filings, and while he is involved in the litigation, he has not yet appeared in this action. *Id.* ¶ 8.

**C.    Apple's Subpoena**

On March 27, 2026, Apple served K&L Gates with a subpoena pursuant to Federal Rules of Civil Procedure 30 and 45, commanding K&L Gates to produce documents and to provide deposition testimony. Halverson Decl. ¶ 2. The deposition is noticed for May 22, 2026. *Id.*

The subpoena's twelve document requests and eleven deposition topics cover:

• All prior art known to K&L Gates or LS Cable related to the Patent and related patents (RFP No. 1);

- All documents relating to the role of each lawyer, agent, or consultant involved in preparing or prosecuting the Patent, including their knowledge of prior art (RFP No. 2);

- All documents relating to K&L Gates's knowledge of prior art, including when first learned (RFP No. 3);

- All documents concerning communications with any entity relating to prior art and the Patent (RFP No. 4);

- All documents relating to any search for and identification of prior art (RFP No. 5);

- All documents relating to decisions concerning whether or how to disclose (or not disclose) prior art to the USPTO during prosecution (RFP No. 6);

- Documents sufficient to show K&L Gates's general practices and procedures with respect to the duty of disclosure under 37 C.F.R. § 1.56 (RFP No. 7);

- All documents and communications related to the EPR, including all reasons for the EPR, all reasons for amending and adding claims, and any consideration of Apple products (RFP No. 8);

- All documents supporting or undermining K&L Gates's assertion in ECF No. 33 that "the new language in Claim 7 was added to clarify what a person of ordinary skill in the art would have understood to always be inherent and implicit in the original patent claims" (RFP No. 9);

- All documents related to LS Cable's and K&L Gates's understanding of the meanings of the pre- and post-reexamination claims (RFP No. 10);

- All documents regarding the timing of LS Cable's retention of K&L Gates (RFP No. 11);

- All non-privileged documents and communications relating to the lawsuit and/or Apple (RFP No. 12). *See* Ex. A, at 8-9.

The eleven deposition topics mirror the document requests and seek additional testimony on: prior art knowledge; the facts and circumstances surrounding drafting and prosecution of the Patent; K&L Gates's understanding of inventorship; the actual or perceived subject matter, scope, and novel aspects of the Patent; K&L Gates's prosecution policies and practices for LS Cable; the reasons for and conduct of the EPR; the basis for K&L Gates's claim construction assertions in ECF No. 33; LS Cable's and K&L Gates's understanding of the pre- and post-reexamination claim meanings; and the timing of LS Cable's retention of K&L Gates. Ex. A, at 4-5.

K&L Gates promptly reviewed the subpoena and determined that the document requests and deposition topics are directed overwhelmingly at privileged attorney-client communications and protected work product, and requested Apple withdraw its improper subpoena. Ex. B. Apple declined to withdraw or meaningfully narrow the subpoena, necessitating this motion. Ex. B.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3)(A) mandates that "[o]n timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." Fed R. Civ. P. 45(d)(3)(A). This is not discretionary, the use of "must" is mandatory. *Hurry v. Fin. Indus. Regul. Auth.*, No. 17-mc-80026-LB, 2017 WL 3701955, at *2 (N.D. Cal. Apr. 7, 2017) (explaining Rule 45(d)(3)(A)(iii) "*requires* the Court to quash a subpoena that 'requires disclosure of privileged or other protected matter'" (emphasis in original)).

Rule 45(d)(1) imposes upon the party issuing and serving a subpoena an affirmative duty to take reasonable steps to avoid imposing undue burden or expense on the subpoena target. The court must enforce this duty and may impose sanctions–including lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply. *Sacks Holdings, Inc. v. Vaidya*, No. 24-MC-80197-PHK, 2024 WL 4730424, at *2 (N.D. Cal. Nov. 7, 2024).

Federal Rule of Civil Procedure 26(b)(3)(A) provides that a party ordinarily may not discover documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including the party's attorney. *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-CV-00226-YGR(JSC), 2016 WL 2606830, at *2 (N.D. Cal. May 6, 2016). Where such materials are otherwise discoverable, the requesting party must show substantial need and the inability to obtain the substantial equivalent by other means without undue hardship. *Id.* Even then, Rule 26(b)(3)(B) requires the court to protect against disclosure of "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."

## IV.    ARGUMENT

### A. The Court Must Quash the Subpoena Because It Seeks Privileged and Work-Product-Protected Materials and No Waiver Has Occurred

#### 1.    Attorney-Client Privilege Protects the EPR Communications

The attorney-client privilege protects confidential communications between attorney and client made for the purpose of obtaining or rendering legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). There is no serious question that K&L Gates's communications with LS Cable regarding the supplemental examination and EPR are privileged as they were made in confidence, between attorney and client, for the purpose of providing legal advice about the patent proceeding and the patent's claims, and have never been disclosed outside of the privilege.

Highly instructive authority in this context is *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376 (D.D.C. 2011), where the court quashed a litigation subpoena directed to a law firm that conducted an EPR on behalf of a party (notably Apple), under circumstances similar to those presented here. *Id.* at 377-78. The court held that attorney-client privilege and work product protection fully apply to EPR proceedings, and quashed the subpoena in its entirety. *Id.* at 380-82, 380-86. The reasoning of *Sterne Kessler* applies with equal force here, and this case is even stronger. Apple's subpoena is directed at the *patent owner's* litigation counsel, seeking to invade LS Cable's private legal strategy for strengthening the very patent it is asserting.

Apple's twelve document requests are, without exception, directed at the substance of K&L Gates's legal advice to LS Cable. RFP No. 8, for instance, demands all documents and communications related to the EPR, "including, but not limited to, all reasons for the Reexamination, all reasons for amending and adding claims, and any consideration of Apple products during the Reexamination." RFP No. 9 demands all documents supporting or undermining K&L Gates's legal position set forth in ECF No. 33 at 4 regarding the purpose and effect of the claim amendment. RFP No. 10 demands all documents related to K&L Gates's understanding and interpretation of the meanings of the pre- and post-reexamination claims. Each of Apple's requests and topics are not seeking facts; they are seeking attorney legal analysis, strategy, and advice–the core of what the attorney-client privilege protects.

### 2. The Work Product Doctrine Provides Independent, Near-Absolute Protection for K&L Gates's EPR Strategy Materials

The work product doctrine, first announced in *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947), and codified in Rule 26(b)(3)(A), protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."

Fed. R. Civ. P. 26(b)(3)(A); *Hickman*, 329 U.S. at 510 ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney.") The doctrine preserves the adversary system by preventing one party from free-riding on its opponent's mental effort, research, and analysis. *Hickman*, 329 U.S. at 516 (Jackson, J., concurring) ("Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary."); *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 622 (N.D. Cal. 2006) ("The work-product privilege is intended to promote a fair adversarial system by protecting the 'attorney's thought processes and legal recommendations' from the 'prying eyes of his or her opponent.'" (quoting *Genentech, Inc. v. United States ITC*, 122 F.3d 1409, 1415 (Fed. Cir. 1997) (citations omitted))).

The materials K&L Gates generated in connection with the supplemental examination and EPR are squarely within the work product doctrine. LS Cable filed the supplemental examination in a context where its patent was commercially significant and where infringement by parties including Apple was plainly foreseeable. The decision to seek supplemental examination–with the attendant claim amendments and prior art disclosures–was a strategic legal decision made in anticipation of enforcement proceedings, and that ultimately resulted in the present litigation. *See Cave Consulting Grp. v. OptumInsight, Inc.*, No. 15-cv-03424-JCS, 2016 WL 7475820, at *10 (N.D. Cal. Dec. 29, 2016) ("In light of the deluge of infringement litigation that commenced soon after [defendant] successfully obtained the '897 patent and continued through and beyond [defendant's] successful reexamination, the Court concludes that both the application and the reexamination were conducted with an eye towards litigation, and thus fall within the scope of work product protection."); *id.* (citing *Oak Indus. v. Zenith Elecs. Corp.*, 687 F. Supp. 369, 375 (N.D. Ill. 1988) (holding defendant "may not [depose patent attorney] in connection with the reexamination proceedings" where "the reexamination involved the same central issue raised by this litigation, i.e., the validity of the [asserted] patent"). All documents generated in connection with that strategy (i.e., prior art analyses, claim amendment deliberations, draft responses, internal memoranda assessing USPTO rejection arguments, and communications between K&L Gates attorneys and LS Cable regarding claim scope and claim amendments) are paradigmatic work product.

Critically, the vast majority of what Apple seeks constitutes *opinion work product*–the "mental impressions, conclusions, opinions, or legal theories" of K&L Gates's attorneys regarding the patent. This species of work product commands "greater, nearly absolute, protection." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1375-76 (Fed. Cir. 2007) (en banc) (recognizing heightened protection for opinion work product in patent context); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) ("A party seeking opinion work product must make a showing beyond the substantial need/undue hardship test required under Rule 26(b)(3) for non-opinion work product"); *Tennison v. City & Cnty. of San Francisco*, 226 F.R.D. 615, 623 (N.D. Cal. 2005) ("[A] compelling need ordinarily will not justify the production of opinion work product, which 'receives greater protection than ordinary work product and is discoverable only upon a showing or rare and exceptional circumstances.'" (quoting *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003))). Even if Apple could somehow satisfy the substantial need/undue hardship test for ordinary work product, opinion work product must still be protected.

Consider the specific requests that most nakedly seek opinion work product:

• RFP No. 6 demands all documents relating to "any decision concerning whether or how to disclose (or whether not to disclose) any piece of Prior Art to the Patent and Trademark Office during prosecution." The decision of *whether and how to disclose* prior art is a quintessential attorney judgment call–an exercise of professional discretion guided by legal knowledge of the duty of disclosure and strategic assessment of materiality. It is, by definition, opinion work product.

• RFP No. 7 demands documents sufficient to show K&L Gates's "general practices and procedures" with respect to the duty of disclosure under 37 C.F.R. § 1.56. K&L Gates's internal policies for advising clients on disclosure obligations are protected work product and are irrelevant to any claim or defense in this case. Apple has not asserted inequitable conduct,[1] and this request appears designed solely to embarrass K&L Gates or is a fishing expedition into internal procedures.

• RFP No. 9 and Deposition Topic No. 9 demand materials related to K&L Gates's legal position, set forth in a court filing (ECF No. 33), about why claim language was added during EPR.

_____

[1] Apple's Answer to LS Cable's Complaint (Dkt. No. 65) includes a catchall defense of "waiver, unclean hands, acquiescence, inequitable conduct, equitable estoppel, and/or laches or other equitable doctrines," but pleads no facts or particularized allegations supporting such a defense.

This is an attempt to use a subpoena to compel K&L Gates to produce the privileged analysis and work product that informed its litigation filings, which is prohibited by the work product doctrine. Ex. A, at 5.

Apple cannot demonstrate substantial need for any of these materials. The full factual record of the supplemental examination and EPR–every document *filed* with the USPTO, every office action, every claim amendment, every response, and the reexamination certificate–is publicly available in Patent Center. *See* Ex. C; Halverson Decl. ¶¶ 6, 9. What Apple cannot obtain from the public file–and what it is therefore seeking through this subpoena–is not additional facts, but K&L Gates's private legal strategy and attorney mental impressions. That is not a legitimate basis for overcoming work product protection.

### 3.   No Waiver Has Occurred

Apple bears the burden of demonstrating waiver of privilege or work product protection. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) ("the party seeking to take the deposition" must show "the information sought is relevant and nonprivileged"). It cannot do so.

### (a) Filing the Supplemental Examination Does Not Constitute Waiver

The supplemental examination file is open to public inspection through Patent Center once a filing date is accorded. Halverson Decl. ¶ 6. The *public record* is what was disclosed–the documents actually filed with the USPTO. The communications, analyses, and deliberations that gave rise to those submissions have never been disclosed and remain protected. The general rule is that filing documents with a tribunal discloses only what is filed, not the attorney-client communications and work product informing those filings. *See Sterne Kessler*, 276 F.R.D. at 385.

### (b) LS Cable Has Not Placed K&L Gates's Advice "At Issue"

Subject-matter waiver may occur only when a party affirmatively relies on privileged communications as an element of a claim or defense, such that it would be unfair to allow the party to use the privilege both as a sword and a shield. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *In re Seagate*, 497 F.3d at 1373 ("[A]sserting the advice of counsel defense and disclosing opinions of opinion counsel do not constitute waiver of the attorney-client privilege for communications with trial counsel."). LS Cable has asserted no advice-of-counsel defense. It

has not relied upon K&L Gates's EPR advice to establish any affirmative claim or defense. The fact that K&L Gates made a legal argument in ECF No. 33 regarding the purpose of a claim amendment does not put the underlying privileged communications "at issue"–making legal arguments in a pleading is not the same as asserting privileged advice as a defense. *See In re Seagate Tech.*, 497 F.3d at 1374 (limiting scope of any waiver to what is actually placed at issue).

### (c) FRE Rule 502 Confirms No Subject-Matter Waiver

FRE 502(a) provides that subject-matter waiver–under which a disclosure may also waive undisclosed communications on the same subject–arises "only if: (1) the waiver is intentional, (2) the disclosed and undisclosed communications concern the same subject matter; and (3) they ought in fairness to be considered together." None of these conditions are satisfied here. LS Cable has made no intentional disclosure of privileged communications, nor has it selectively disclosed part of a communication to gain a litigation advantage that would make it unfair to withhold the rest. Apple alleges that the statement that "the new language in Claim 7 was added to clarify what a person of ordinary skill in the art would have understood to always be inherent and implicit in the original patent claims" constitutes waiver. Dkt. No. 33 at 4. This is not an intentional disclosure of a privileged communication.

### A. The Subpoena Imposes Undue Burden on K&L Gates as Nonparty Litigation Counsel and Must Be Quashed Under Rule 45 and the *Shelton* Doctrine

#### 1. Subpoenas to Nonparty Law Firms Are Subject to Heightened Scrutiny

Rule 45(d)(1) imposes on Apple an affirmative duty to take reasonable steps to avoid imposing undue burden or expense on K&L Gates, and the Court must enforce this duty. Rule 45(d)(2)(B)(ii) further requires that any order compelling compliance "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Courts apply heightened scrutiny to subpoenas directed at nonparties generally, and even greater scrutiny where the nonparty is a law firm, given the privileged and confidential nature of attorney-client relationships with other clients who are not before the court. *See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.").

The burden of Apple's subpoena on K&L Gates is not hypothetical or speculative. Twelve document requests reaching back to 2021 and earlier, and a deposition covering eleven broad topics, would require K&L Gates to undertake a massive review of documents, which are overwhelmingly privileged and work product protected, to compile a privilege log and prepare witnesses for deposition. This burden is imposed on a nonparty law firm and far exceeds what Rule 45 permits.

**2.    Apple Cannot Satisfy the *Shelton* Three-Part Test for Deposing Counsel**

The most widely applied standard governing depositions of nonparty law firms and their attorneys is in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), consistently applied in this District. *See, e.g.*, *Chao v. Aurora Loan Servs., LLC*, No. C 10–3118 SBA (LB), 2012 WL 5988617, at *4 (N.D. Cal. Nov. 26, 2012) (granting motion to quash after "apply[ing] *Shelton* as the relevant standard for evaluating whether [defendant] seeks information that is so crucial from trial counsel that this court should allow a deposition"); *Nocal, Inc. v. Sabercat Ventures, Inc.*, No. C 04–0240 PJH(JL), 2004 WL 3174427, at *2 (N.D. Cal. Nov. 15, 2004) (subpoenaing party must "show[] the extraordinary circumstances required by the decision in the *Shelton* case."). Under *Shelton*, a court may compel an attorney's deposition only if the requesting party demonstrates: (1) no other means exist to obtain the information sought; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to preparation of the case. *Shelton*, 805 F.2d at 1327. Apple bears that burden here and cannot satisfy any of these three prongs.

**(a) The Information Is Available in the EPR Public File**

Through USPTO Patent Center, Apple has access to every document that was actually filed, including the supplemental examination request, the USPTO's finding of substantial new question of patentability, the Office actions and responses, the claim amendments, and the EPR certificate. *See Trunk v. City of San Diego*, No. 06 CV 1597 LAB (WMc), 2007 WL 2701356, at *7 (S.D. Cal. Sept. 13, 2007) ("The minimal benefit that would be derived from allowing [plaintiffs] to depose [subpoenaed attorney] for the supposed purpose of gleaning cumulative historical information is outweighed by the need to respect the attorney-client privilege, prevent unreasonably duplicative discovery and protect against annoyance and undue burden."). Apple cannot claim that "no other means exist" to obtain information that is sitting in a publicly accessible government database.

**(b) The Information Apple Seeks Is Privileged**

As demonstrated above, the information Apple seeks through its deposition topics is overwhelmingly, and in most cases exclusively, attorney-client privileged and work-product-protected. Deposition Topic No. 8, for example, seeks testimony on "the reasons for the Reexamination, all reasons for amending and adding claims, and any consideration of Apple products during the Reexamination." The "reasons" for the reexamination and for claim amendments are classic attorney advice and work product; they exist in K&L Gates's privileged communications with LS Cable and in its internal attorney memoranda and notes–not in any non-privileged form. Deposition Topics No. 4 through 6 seek testimony on the drafting and prosecution of the Patent, inventorship, and K&L Gates's understanding of the subject matter, scope, and novel aspects of the Patent–again, all legal analysis and opinion that is categorically protected.

### (c)  The Information Is Not "Crucial" to Apple's Case

The prosecution history of the Patent, including the EPR prosecution history, is a matter of public record available to Apple, its experts, and its counsel. This public record is fully sufficient for Apple's claim construction, invalidity, and non-infringement analysis. What Apple claims to "need"–the internal deliberations behind the claim amendments, the strategy underlying the EPR–is not material to any claim or defense Apple has asserted. Apple has not raised an inequitable conduct defense with specificity, which is the defense that would ordinarily justify intrusion into prosecution counsel's prior art knowledge and disclosure decisions. *See Guardant Health, Inc. v. Pers. Genome Diagnostics, Inc.*, No. 19-mc-80131-SVK, 2019 WL 13243011, at *2 n.2 (N.D. Cal. July 22, 2019). Without such a defense, there is simply no legitimate basis for compelling a law firm to open its privileged files and submit its attorneys to deposition. *See Asetek Danmark A/S v. CoolIT Sys. Inc.*, No. 19-cv-00410-EMC (LB), 2021 WL 4699170, at *2 (N.D. Cal. Oct. 8, 2021) (granting motion to quash deposition of prosecution counsel because "[w]ithout allegations of inequitable conduct, there is a risk of a deposition with too few parameters to limit the inquiry.").

### (d) Deposing Active Trial Counsel Is Categorically Impermissible

Two of the three K&L Gates attorneys involved in the EPR–Jason Engel and Erik Halverson–are serving as LS Cable's lead trial counsel in this case. Halverson Decl. ¶ 8. Courts overwhelmingly hold that deposing active trial counsel imposes an unacceptable burden on the

adversarial process and is presumptively impermissible. *See Shelton*, 805 F.2d at 1327 ("[Deposing] opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation."). This concern applies here: deposing K&L Gates would invade their current litigation strategy and work product protections, have a "chilling effect" on the attorney-client relationship with LS Cable, and create the spectre of disqualification proceedings should Apple seek to call them as trial witnesses. *Id.* The deposition must be quashed as to litigation counsel. *Nocal, Inc.*, 2004 WL 3174427, at *2 (granting motion to quash, stating "The Supreme Court of the United States alluded to a presumption that trial counsel should not be forced to testify because doing so compromises the standards of the legal profession.").

### B.    The Subpoena Circumvents the Statutory Ban on Third-Party Participation

Congress established supplemental examination as a proceeding available exclusively to patent owners. A request for supplemental examination "must be filed by the owner(s) of the entire right, title, and interest in the patent." 37 C.F.R. § 1.601(a). Congress reinforced this exclusivity by expressly prohibiting third-party participation. "Any party other than the patent owner (i.e., any third party) is prohibited from filing papers or otherwise participating in any manner in a supplemental examination proceeding." *Id.* § 1.601(b). By extension, third-party participation is also prohibited in any EPR ordered under 35 U.S.C. § 257 and 37 C.F.R. § 1.625.

Apple was fully excluded from LS Cable's EPR proceeding by force of statute and regulation. It had no right to attend or submit papers, and no right to question K&L Gates's attorneys about their strategy during the proceeding. Apple's subpoena attempts to accomplish through litigation discovery exactly what Congress prohibited: full access to the inner workings of the supplemental examination and EPR strategy, including the prior art considered, the reasons for claim amendments, and the attorneys' legal analysis of claim scope and validity. Allowing this subpoena would nullify Congress's third-party exclusion by allowing parties to simply wait until a lawsuit is filed and then subpoena counsel to obtain everything that the statute bars them from seeing. Courts should not permit litigation discovery to achieve what substantive patent law expressly prohibits. The motion to quash should be granted on this independent ground.

### C.   Apple's Request-by-Request Deficiencies

Beyond the categorical privilege and work product objections that apply to every request, several of Apple's individual requests have additional, specific defects:

**RFP No. 7 / Topic No. 7 (Firm Practices and Procedures on Disclosure):** Apple seeks documents sufficient to show K&L Gates's "general practices and procedures … with respect to the duty of disclosure set forth in 37 C.F.R. § 1.56." Apple has asserted no inequitable conduct defense. The Firm's internal disclosure policies are wholly irrelevant to any claim or defense at issue, and the request appears to be a fishing expedition. Even setting aside privilege, this request must be quashed as disproportionate to the needs of the case under Rule 26(b)(1).

**RFP No. 9/Topic No. 9 (Documents Supporting ECF No. 33 Legal Arguments):** Apple demands all documents "that support or undermine" K&L Gates's legal argument made in a court filing at ECF No. 33. Apple is attempting to use Rule 45 to compel disclosure of the privileged legal analysis and work product underlying K&L Gates's advocacy on behalf of its client. This is not a legitimate use of the subpoena power. A party may not subpoena opposing counsel's internal research and analysis simply because that counsel has made legal arguments in court filings.

**RFP No. 11/Topic No. 11 (Timing of Retention):** Apple demands all documents regarding "the timing of LS Cable's retention of K&L Gates." The timing of LS Cable's retention of its own attorneys is irrelevant to any claim or defense in this litigation. This request, like RFP No. 7, appears designed to embarrass, harass, or create a pretext for additional discovery.

**RFP No. 12 (Non-Privileged Documents About the Lawsuit):** Apple acknowledges the privilege issue by limiting this request to "non-privileged" documents and communications relating to the lawsuit and/or Apple. However, K&L Gates is litigation counsel in this very case. Its internal documents about the lawsuit are, by definition, either privileged attorney-client communications or protected attorney work product. There are no responsive, non-privileged documents in the Firm's files on this topic. This request should be quashed as both overbroad and moot.

### D.   In the Alternative, the Court Should Enter a Protective Order Strictly Limiting the Scope of Any Discovery

If the Court is not inclined to quash the subpoena in its entirety, K&L Gates respectfully requests in the alternative the Court enter a protective order under Rules 26(c) and 45(d)(3)(B) that:

1. Prohibits any deposition of Jason Engel or Erik Halverson, who serve as LS Cable's active trial counsel in this litigation, in their capacity as reexamination participants;

2. Limits any permissible deposition testimony by Matt Dicke to facts already reflected in the public reexamination file–specifically, the procedural history of Control No. 96/000,355 and the content of documents actually filed with the USPTO–and prohibits any inquiry into internal legal strategy, legal analysis, attorney-client communications, or opinion work product;

3. Requires that any deposition of Mr. Dicke be limited in time and conducted subject to standing privilege objections, with disputed questions reserved for in camera review by the Court;

4. Prohibits any document production except, at most, documents (if any exist) that are (a) not protected by the attorney-client privilege or work product doctrine, (b) not already reflected in the public reexamination file, and (c) proportional to the needs of the case;

5. Enters an order pursuant to FRE 502(d) providing that any disclosure ordered by the Court in connection with this motion does not constitute a waiver of attorney-client privilege or work product protection in this or any other federal or state proceeding; *see* Fed. R. Evid. 502(d) (authorizing a federal court to enter an order providing that privilege or work product protection is not waived by disclosure connected with the litigation pending before the court, and that the protection applies in any other federal or state proceeding); and

6. Requires Apple to reimburse K&L Gates for its reasonable costs and attorney's fees incurred in connection with responding to and opposing this subpoena, pursuant to Rules 45(d)(1) and 26(c)(3).

## V.    CONCLUSION

For the foregoing reasons, K&L Gates LLP respectfully requests that the Court quash Apple's subpoena in its entirety, or, in the alternative, the Court should enter a protective order limiting the scope of discovery.

Dated: April 30, 2026

Respectfully submitted,

*/s/ Erik J. Halverson*
Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

Jason A. Engel (*pro hac vice*)
Rebekah Hill (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jason.engel@klgates.com
rebekah.hill@klgates.com

*Attorneys for Plaintiff LS Cable & System Ltd.*