# EXHIBIT A

RICHARD S.J. HUNG (CA SBN 197425)
RHung@mofo.com
SHAELYN K. DAWSON (CA SBN 288278)
ShaelynDawson@mofo.com
MEREDITH L. ANGUEIRA (CA SBN 333222)
MAngueira@mofo.com
TANNYR M. PASVANTIS (CA SBN 353511)
TPasvantis@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:     (415) 268-7000
Facsimile:     (415) 268-7522

RYAN J. MALLOY (CA SBN 253512)
RMalloy@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:     (213) 892-5200
Facsimile:     (213) 892-5454

*Attorneys for Defendant*
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LS CABLE & SYSTEM LTD., | Case No. 3:24-cv-09194-JD |
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO K&L GATES LLP** |
| v. | |
| APPLE INC., | Judge: Hon. James Donato |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. will cause a subpoena to testify at a deposition, and for the production of documents, electronically stored information, or objects to be served on K&L Gates LLP.  A true and correct copy of the subpoena is attached as Exhibit 1 (which includes Attachment A and Attachment B).

The deposition will be conducted in person or by remote audio-video conference and shall be recorded by any means that the Federal Rules of Civil Procedure permit, including audio, video and stenographic means, as well as means for the instant display of testimony on a computer.  The deposition shall be conducted upon oral examination before a certified court reporter either in person or from a remote location authorized to administer oaths under law.  The deposition will commence on a date to be determined, or on a date otherwise agreed by the parties and K&L Gates LLP.  The deposition will take place at a location to be determined, or at a location to be agreed upon by the parties and K&L Gates LLP.  Topics for the deposition are attached as Attachment B to the subpoena.

K&L Gates LLP has also been requested to produce the documents and materials designated in Attachment A to the subpoena, within 30 days of the service of the subpoena or on a date otherwise agreed to by the parties.

The deposition will continue from day to day, Saturdays, Sundays, and holidays excepted, until completed.  You are invited to attend the deposition and to inspect and copy any documents or designated tangible things produced in response to this subpoena.

Dated: March 27, 2026

MORRISON & FOERSTER LLP

By: */s/ Shaelyn K. Dawson*
Shaelyn K. Dawson

*Attorneys for Defendant*
APPLE INC.

# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | |
|---|---|
| LS CABLE & SYSTEM LTD. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:24-cv-09194-JD |
| APPLE INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                   K&L Gates LLP

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment B.

| Place: Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105 | Date and Time:<br>05/22/2026 9:00 am |
|---|---|

The deposition will be recorded by this method:    Audio, video, and stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A; please produce on or before 04/24/2026.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/27/2026

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Shaelyn Dawson |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Apple Inc.
_____ , who issues or requests this subpoena, are:

Shaelyn Dawson, Morrison Foerster, 425 Market St, San Francisco CA 94105; 4152687000; shaelyndawson@mofo.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A
Page 4 of 15

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:24-cv-09194-JD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit A
Page 6 of 15

## ATTACHMENT A

### DEFINITIONS

1. The Local Rules for the United States District Court for the Northern District of California are hereby incorporated by reference.

2. "K&L Gates," "You," or "Your" means K&L Gates, including without limitation any of your subsidiaries, parents, divisions, affiliates, predecessors, consultants, agents, representatives, lawyers, and acquired companies, and any other persons acting or purporting to act on behalf of K&L Gates.

3. "LS Cable" means "LS Cable & System Ltd.," including without limitations any of its subsidiaries, parents, divisions, affiliates, predecessors, consultants, agents, representatives, lawyers, and acquired companies, and any other persons acting or purporting to act on behalf of LS Cable & System Ltd.

4. "Asserted Patent" means United States Patent No. 8,013,568.

5. "Related Applications" means (1) the Korean Provisional Application, (2) any application claiming priority to the Korean Provisional Application (including the application for the Asserted Patent); (3) continuation, continuation-in-part, divisional, reissue, reexamination, review, and substitution applications relating to the Asserted Patent or PCT/KR2006/001713; (4) applications for foreign counterparts, equivalents and extensions of any of the foregoing; and (5) the complete file histories for any of the foregoing applications.

6. "Related Patents Owned by LS Cable" means patents, other than the Asserted Patent, issued or arising from Related Applications.

7. "Prior Art" has the same meaning as used in 35 U.S.C. § 101 et seq., and includes all things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103, and all things, patents, publications, disclosures, sales, or other acts or occurrences that any person or entity has identified as "prior art" or relevant to the invalidity of the patent(s) identified in the relevant request.

1

8. "Lawsuit" means *LS Cable & System Ltd. v. Apple Inc.*, Case No. 3:24-cv-09194-JD (N.D. Cal.), including without limitation all claims, counterclaims, defenses, motions, pleadings, amendments, hearings, orders, discovery, appeals, and any other proceedings, filings, or matters relating thereto.

9. "Person" shall include any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

10. "Document" shall be interpreted in the broadest possible sense and, at a minimum, shall be synonymous in meaning with and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes Communication(s) and anything that would be a "writing" or "recording" as defined by Rule 1001 of the Federal Rules of Evidence.

11. "Communication" means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations. "Include" and "including" means including without limitation.

12. "Relate to," "refer to," "relating to," and "referring to" means relating to referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

13. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any documents or responses which might be otherwise construed to be outside their scope.

14. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

15. The singular is to be construed as including the plural and vice versa.

16. In answering the following Document Requests, furnish all available information, including information in the possession, custody, or control of any of K&L Gates attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under K&L Gates control, who have the best knowledge, not merely information known to K&L Gates based on K&L Gates own personal knowledge. If you cannot fully respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Requests that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Requests cannot be answered fully and completely; and state what knowledge, information or belief K&L Gates has concerning the unanswered portion of any such Document Requests.

17. If K&L Gates response to a particular Document Request is a statement that K&L Gates lacks the ability to comply fully and completely with that Document Request, K&L Gates must answer each such Document Request to the fullest extent K&L Gates deems possible; specify the portion of each Document Request that K&L Gates claims to be unable to answer fully and completely; state the facts upon which K&L Gates relies to support its contention that it is unable to answer the Document Request fully and completely; and state what knowledge, information, or belief K&L Gates has concerning the unanswered portion of each such Document Request.

### Instructions

1. This Subpoena requires You to produce all documents and things called for in each category below that were created or originated by You, or that came into Your possession, custody, or control from all files or other sources that contain responsive documents and things, wherever located and whether active, in storage, or otherwise.

2. Where only a portion of a document concerns the subject indicated, the entire document is to be produced, along with all attachments, appendices, and exhibits.

3

3.      All documents and things shall be produced as they are kept in the ordinary course of business, with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond with the categories identified in the list of documents to be produced.

4.      If there are no documents or things responsive to a category specified below, please state in a writing produced at the time and place that documents are demanded to be produced by this subpoena.

5.      Electronic records and computerized information should be produced in an intelligible format or together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

Any Prior Art related to the Asserted Patent and/or Related Patents known to K&L Gates or LS Cable.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Things related to the role of each lawyer, patent agent, or consultant involved in the preparation or prosecution of the Asserted Patent and/or Related Patents, as well as each individual's knowledge of the Prior Art and when each individual first learned of each of the Prior Art.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Things relating to Your knowledge of the Prior Art, including when You first learned of each of the Prior Art.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning Communications with any entity relating to the Prior Art and/or the Asserted Patents and/or Related Patents.

**REQUEST FOR PRODUCTION NO. 5:**

4

Exhibit A
Page 10 of 15

All Documents related to Your, LS Cable, or any third party, including search for and identification of Prior Art to the Asserted Patents and/or Related Patents.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to any decision concerning whether or how to disclose (or whether not to disclose) any piece of Prior Art to the Patent and Trademark Office during prosecution of the Asserted Patents and/or Related Patents.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to accurately and completely show the general practices and procedures that You have followed with respect to the duty of disclosure set forth in 37 C.F.R. § 1.56.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications related to the Reexamination of the Asserted Patent, including, but not limited to, all reasons for the Reexamination, all reasons for amending and adding claims, and any consideration of Apple products during the Reexamination.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications that support or undermine Your assertion that "[i]n reality, the new language in Claim 7 was added to clarify what a person of ordinary skill in the art would have understood to always be inherent and implicit in the original patent claims." *See* ECF No. 33 at 4.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications related to LS Cable's and Your understanding and interpretation of the meanings of the pre-reexam and post-reexam claims of the Asserted Patent (including without limitation claim 7).

**REQUEST FOR PRODUCTION NO. 11:**

All Documents regarding the timing of LS Cable's retention of K&L Gates.

**REQUEST FOR PRODUCTION NO. 12:**

All non-privileged Documents and Communications relating to the Lawsuit and/or Apple, Inc.

6

## ATTACHMENT B

### DEFINITIONS

1.      The Local Rules for the United States District Court for the Northern District of California are hereby incorporated by reference.

2.      "K&L Gates" "You," or "Your" means K&L Gates, including without limitation any of your subsidiaries, parents, divisions, affiliates, predecessors, consultants, agents, representatives, lawyers, and acquired companies, and any others persons acting or purporting to act on behalf of K&L Gates.

3.      "LS Cable" means "LS Cable & System Ltd.," including without limitations any of its subsidiaries, parents, divisions, affiliates, predecessors, consultants, agents, representatives, lawyers, and acquired companies, and any other persons acting or purporting to act on behalf of LS Cable & System Ltd.

4.      "Asserted Patent" means United States Patent No. 8,013,568.

5.      "Related Applications" means (1) the Korean Provisional Application, (2) any application claiming priority to the Korean Provisional Application (including the application for the Asserted Patent); (3) continuation, continuation-in-part, divisional, reissue, reexamination, review, and substitution applications relating to the Asserted Patent or PCT/KR2006/001713; (4) applications for foreign counterparts, equivalents and extensions of any of the foregoing; and (5) the complete file histories for any of the foregoing applications.

6.   "Related Patents Owned by LS Cable" means patents, other than the Asserted Patent, issued or arising from Related Applications.

7.      "Prior Art" has the same meaning as used in 35 U.S.C. § 101 et seq., and includes all things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103, and all things, patents, publications, disclosures, sales, or other acts or occurrences that any person or entity has identified as "prior art" or relevant to the invalidity of the patent(s) identified in the relevant request.

8. "Person" shall include any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

9. "Document" shall be interpreted in the broadest possible sense and, at a minimum, shall be synonymous in meaning with and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes Communication(s) and anything that would be a "writing" or "recording" as defined by Rule 1001 of the Federal Rules of Evidence.

10. "Communication" means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations. "Include" and "including" means including without limitation.

11. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any documents or responses which might be otherwise construed to be outside their scope.

12. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13. The singular is to be construed as including the plural and vice versa.

## DEPOSITION TOPICS

1. Any Prior Art related to the Asserted Patents and/or Related Patents known to K&L Gates or LS Cable.

2. All Documents and Things relating to Your knowledge of the Prior Art, including when You first learned of each of the Prior Art.

8

Exhibit A
Page 14 of 15

3.  All Documents concerning Communications with any entity relating to the Prior Art and/or the Asserted Patents and/or Related Patents.

4.  The facts and circumstances surrounding the drafting and prosecution of the Asserted Patents, including without limitation the individuals from K&L Gates and LS Cable involved in drafting and prosecution, the respective roles and contributions of each individual, and the Prior Art identified or shared by each individual before and during prosecution.

5.  Your understanding of the inventorship of the Asserted Patents, including without limitation each named inventor's role in conception of the claimed subject matter of the Asserted Patents.

6.  The actual or perceived subject matter, scope or intended scope, and novel or inventive aspects of the Asserted Patents.

7.  K&L Gates's current or prior policies and practices with respect to patent prosecution for LS Cable.

8.  The reasons for the Reexamination, all reasons for amending and adding claims, and any consideration of Apple products during the Reexamination.

9.  The bases for and merits of Your assertion that "[i]n reality, the new language in Claim 7 was added to clarify what a person of ordinary skill in the art would have understood to always be inherent and implicit in the original patent claims." *See* ECF No. 33 at 4.

10.  LS Cable's and Your understanding and interpretation of the meanings of the pre-reexam and post-reexam claims of the Asserted Patent (including without limitation claim 7).

11. The timing of LS Cable's retention of K&L Gates.

9

Exhibit A<br>Page 15 of 15