MORRISON FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SEATTLE, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

May 21, 2026

Writer's Direct Contact
+1 (415) 268-7259
ShaelynDawson@mofo.com

The Honorable James Donato
United States District Judge
U.S. District Court for the Northern District of California

***Re:*** ***LS Cable & System Ltd. v. Apple Inc.*****, Case No. 3:24-cv-09194-JD**

Dear Judge Donato:

K&L Gates's motion to quash should be denied, because Apple's subpoena seeks discovery into a topic at the heart of this case and, critically, as to which LS Cable has waived any privilege or protection. At the outset, Apple's request is more targeted than K&L incorrectly characterizes it. In the parties' correspondence and meet-and-confer, Apple expressly narrowed the subpoena to one subject: LS's reasons for seeking pre-suit reexamination and amendment of the patent-in-suit, including its purpose for adding new claim language in the reexam, which it relied on and disclosed to this Court in its briefing (and in doing so, waiving any privilege over that subject matter). Apple also made clear it is not seeking post-complaint litigation strategy and offered a two-hour remote deposition, substantially reducing any claimed burden.

As detailed in Apple's Motion to Dismiss, LS initiated the reexam to amend and add new claims only after pressing Apple for a license to the '568 Patent and receiving Apple's position that the original claims were invalid and did not cover Apple products. (ECF No. 29 at 1.) Only then did LS file its complaint alleging infringement. (ECF No. 1.) This reexamination history is the basis for Apple's defense under 35 U.S.C. § 305, that the patent claims are unenforceable because they were broadened impermissibly during reexamination. (ECF No. 29 at 1.) To the extent it had any claim of privilege or work product protection over the reexamination's purpose, LS waived it when it represented to this Court, in its brief opposing Apple's Motion, that K&L amended the claims for the purpose of "clarify[ing] what a person of ordinary skill in the art would have understood to always be inherent and implicit in the original patent claims." (ECF No. 33 at 4.) K&L and LS cannot use privilege as both a sword and a shield. Having volunteered its own account of why the claims were amended, and relied on that as grounds to deny Apple's defense, K&L may not now block Apple from probing the factual basis for that account.

Independent of its waiver, K&L also has not carried its burden to establish that privilege or work-product applies to every responsive document related to the reexamination. K&L failed to produce a privilege log or offer any particularized identification of protected materials, resting instead on conclusory assertions. K&L's reliance on *Shelton* is misplaced. *Shelton* imposes a high bar on discovery into litigation strategy, not pre-suit activities like the reexamination here. That LS chose K&L as litigation counsel after retaining K&L as reexam

counsel does not bar discovery into their role as reexam counsel. Otherwise, parties could insulate otherwise discoverable information simply by hiring the same counsel for litigation.

K&L's motion also fails on procedural grounds. It did not serve adequate, specific objections within 14 days of the subpoena's service, nor did it move to quash by the subpoena's compliance date. Its belated motion and vague email objection do not satisfy Rule 45. (Fed. R. Civ. P. 45.)

## I. Apple seeks limited discovery into a subject K&L put at issue, and K&L cannot use privilege/work-product as both a sword and a shield.

K&L Gates's motion focuses on topics that are not at issue. Apple has clarified that it seeks only RFP Nos. 8-10 and Topic Nos. 8-10, which are directed to LS Cable's reasons for pursuing reexamination and amending the claims, including the basis for K&L's "clarification" assertion in its briefing to this Court. K&L's argument that Topic 9 seeks testimony about litigation decisions is incorrect. (ECF No. 84 at 1.) Topic 9 seeks the basis for K&L's assertion to this Court that "the new language in Claim 7 was added to clarify" the claim scope, which was an amendment decision made pre-suit. (*See* ECF No. 84-1 at 15.)

Having chosen to disclose and rely on this purported purpose before the Court, LS and K&L cannot now prevent Apple from testing it. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("[P]rivilege . . . may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived."). LS Cable cannot avoid waiver by arguing that it has not expressly invoked an advice-of-counsel defense. *See Starsight Telecast, Inc. v. Gemstar Dev. Corp.*, 158 F.R.D. 650, 653 (N.D. Cal. 1994) (finding partial waiver despite lack of reliance on counsel defense). *Cave Consulting Grp., Inc. v. OptumInsight, Inc.* (a case K&L relied on in its originally-filed motion (ECF No. 78 at 7)) is particularly instructive: although the court found certain prosecution and reexamination materials to be work product, it held that "[s]uch protection is waived" because the patentee used "counsel's investigation and legal conclusion as a sword" and then tried to withhold the materials serving as the basis for that conclusion. 2016 WL 7475820, at *9-*10 (N.D. Cal. Dec. 29, 2016) (finding attorney-client privilege also waived). The same principle applies here. And if K&L insists that only protected attorney opinion supports its "clarification" statement, LS Cable should not be permitted to advance and rely on that theory at all.

## II. K&L Gates has not established blanket privilege or work-product protection, and the public PTO file is not a substitute for the discovery Apple seeks.

K&L seeks to quash Apple's subpoena based on the sweeping premise that materials relating to LS Cable's reexamination are categorically protected by the attorney-client privilege or work-product doctrine. But the burden rests "on the party asserting the privilege to establish all the elements of the privilege." *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002). That burden cannot be met through generalized assertions that a subject matter is "privileged" or materials in counsel's files are "likely" protected. Instead, K&L must make a particularized showing as to the specific documents or communications being withheld. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.,* 408 F.3d 1142, 1149 (9th Cir. 2005) (upholding waiver and stating that where "a privilege log is presumptively

sufficient and boilerplate objections are presumptively insufficient."). "The most common way to do this is with a privilege log." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015).

Contrary to paragraph 7 of the Court's Standing Order for Discovery in Civil Cases, K&L has served no privilege log, identified no categories of withheld documents, and offered only the conclusory assertion that the subpoena seeks protected information. K&L's vague "undue burden" claim does not justify withholding a privilege log. Nor is the public PTO file history a substitute. It shows what was filed, not why LS Cable chose that course, or what basis supports K&L's "clarification" assertion. That also distinguishes *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*: Kodak failed to identify with specificity what it sought or why it mattered, and the reexam and litigation were proceeding concurrently. 276 F.R.D. 376, 384-85 (D.D.C. 2011). Here, Apple has done the opposite.

K&L's arguments also should be rejected as untimely and improperly raised. Its April 6 email was not a proper Rule 45 response; it said only that "much" of what Apple sought would "likely" be protected. (ECF No. 84-2 at 2.) K&L then waited until April 30—after the April 24 document deadline—to move to quash. K&L provides no explanation for the delay in filing its motion. Thus, the Court should deny K&L's effort to quash.

## III. *Shelton* and Rule 45 do not justify quashal, and K&L's "alternative" protective order is no real alternative (as K&L acknowledges).

K&L's reliance on *Shelton* fares no better. Apple subpoenaed K&L as an entity, not Messrs. Engel or Halverson in their capacity as litigation counsel, and the subpoena expressly allows K&L to designate a witness. (ECF No. 84-1 at 5.) "[D]epositions of attorneys in patent infringement and invalidity suits are not unusual." *Vita-Mix Corp. v. Basic Holdings, Inc.*, 2007 WL 2344750, at *2-3 (N.D. Ohio Aug. 15, 2007); *see also* A*mgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1328 (Fed. Cir. 2003) (involving a prosecuting attorney's deposition). And the "mere fact" that the same firm later serves as litigation counsel "does not insulate them from discovery about a transactional matter, now-concluded, that preceded the litigation." *In re Andre*, 2019 WL 6699958, at *3 (N.D. Cal. Dec. 9, 2019). Even if *Shelton* applies, Apple satisfies it: the public file does not disclose the basis for K&L's assertion that the claims were amended merely to "clarify" their scope. Rather, Apple seeks the factual basis for those amendments, which occurred pre-suit, and not current trial strategy; and that information is crucial to Apple's § 305 defense. Apple's need for this discovery does not depend on an inequitable conduct defense.

K&L's alternative protective order is no real alternative. Apple does not oppose a non-trial counsel designee involved in the reexamination (such as Mr. Dicke) or a standard Rule 502(d) order. (Fed. Rule Evid. Rule 502(d).) And Apple already offered a short remote deposition. Further limiting the scope to what is already in the public reexamination file would render the discovery pointless, because the basis for K&L's "clarification" is not in that file. The Court therefore should reject K&L's proposed protective order, compel it to respond to the subpoena, and adopt the limits Apple offered.

MORRISON FOERSTER

Respectfully submitted,

Morrison & Foerster LLP

*<u>/s/ Shaelyn K. Dawson</u>*
Shaelyn K. Dawson

Attorneys for Defendant
Apple Inc.