# 서울동부지방법원

## 회 신 서

법원행정처 국제심의관실 귀중

공조번호 : 2026-D-350
사건번호 : 2026러11
촉탁국가 : 미국

귀 법원이 촉탁한 증인 박동영에 대한 증인신문을 실시하였으므로 그 증인신문조서를 송부합니다.

덧붙임 : 증인신문조서 1부.

2026. 9. 28.

서 울 동 부 지 방 법 원 장

---

주 : 증인신문 이외의 증거조사의 경우에는 그 종류에 따라 적의 변경하여 사용할 것.

A2614

www.scourt.go.kr
음성출력용바코드

# 서 울 동 부 지 방 법 원

## 조 서

1차

사 건 2026러11 사법공조(증거조사촉탁)

| | | | |
|---|---|---|---|
| 판 사 | 방 혜 미 | 기 일 | 2026. 9. 8. 15:00 |
| 법 원 주 사 | 양 민 선 | 장 소 | 308호 법정 |
| | | 공개 여부 | 공 개 |

사건과 당사자의 이름을 부름

원고 소송대리인 법무법인(유한) 태평양 담당변호사 강기중, 염호준, 홍정훈 각 출석

피고 소송대리인 변호사 박성수, 최수정 각 출석

증인 박동영 출석

---

판 사

민사소송법 제159조 제1항의 규정에 따라 증인의 증언내용을 녹음할 것을 명하고 당사자에게 이를 고지

별도 조서와 같이 증인신문

종결

법 원 주 사 양 민 선 전자서명완료

판 사 방 혜 미 전자서명완료

www.scourt.go.kr
음성출력용바코드

# 서 울 동 부 지 방 법 원

## 증인신문조서

(2026. 9. 8. 15:00 1차 조서의 일부)

| | | | |
|---|---|---|---|
| 사 건 | 2026러11 사법공조(증거조사촉탁) | | |
| 증 인 | 이 름 | 박동영 | |
| | 생 년 월 일 | 1960. 6 28. | |
| | 주 소 | 서울 송파구 양재대로72길 15, 101동 108호(오금동, 현대백조아파트) | |

판 사

증인에게 선서의 취지를 명시하고 위증의 벌을 경고한 다음, 별지 선서서에 의하여 선서를 하게 하였다.

증인에 대한 신문내용은 법정녹음시스템의 녹음파일(고유번호:000211-20260200000011-260908162919)과 같다.

| | | | | |
|---|---|---|---|---|
| 법 원 주 사 | 양 | 민 | 선 | 전자서명완료 |
| 판 사 | 방 | 혜 | 미 | 전자서명완료 |

www.scourt.go.kr

음성출력용바코드

# 선 서

양심에 따라 숨기거나 보태지 아니하고
사실 그대로 말하며,
만일 거짓말을 하면
위증의 벌을 받기로
맹세합니다.

증인 [signature] (또는 서명)

# 미국 특허 US 8,013,568 C1 청구항 1 (국문번역)

1. 배터리 셀에 전기에너지를 충전하기 위한 충전회로를 포함하는 무접점 충전 배터리에 있어서,

외부 무접점 충전기의 1차 코일로부터 생성된 자기장에 의해 고주파 교류 전류가 유도되는 2차 코일을 포함하는 **고주파 교류전류 유도부**;

상기 유도된 고주파 교류전류를 입력받아 이를 직류전류로 변환하는 **정류부**;

상기 정류부로부터 직류전류를 입력받아 정전압/정전류 모드로 상기 배터리 셀에 충전 전력을 공급하는 **정전압/정전류 공급부**; 및

상기 정전압/정전류 공급부의 양단에서 제1 및 제2 전압을 각각 검출하는 제1 및 제2 전압 검출기와, 상기 정전압/정전류 공급부 양단에서 검출된 전압을 모니터링하고 자기장의 세기 변화를 유도하도록 무선 통신을 통해 상기 외부 무접점 충전기로 모니터링 결과를 전송하는 마이크로프로세서를 포함하는 **과전압 모니터링부**;를 포함하고,

상기 모니터링 결과는 무접점 충전 배터리와 외부 무접점 충전기의 상대적인 위치를 기반으로 상기 외부 무접점 충전 장치의 1차 코일에 인가되는 전력을 조정함으로써 자기장의 세기 변화를 유도하기 위한 무선 피드백 제어 신호를 포함하는 것을 특징으로 하는 무접점 충전 배터리.

# 미국 특허 US 8,013,568 C1 청구항 7 (국문번역)

7. 배터리 셀에 전기적으로 연결되고 무접점 방식으로 상기 배터리 셀에 전기에너지를 충전하는 데 사용되는 무접점식 충전 회로 모듈에 있어서,

외부 무접점 충전기에서 발생한 자기장에 의해 고주파 교류전류가 유도되는 **고주파 교류전류 유도부**;

상기 유도된 고주파 교류전류를 입력받아 유도된 고주파 교류전류를 직류전류로 변환하는 **정류부**;

상기 정류부로부터 직류전류를 수신하여 정전압/정전류 모드로 상기 배터리 셀에 충전전력을 공급하는 **정전압/정전류 공급부**; 및

자기장의 세기 변화를 유도하기 위해, 상기 정전압/정전류 공급부의 양단 전압을 모니터링하고 모니터링 결과를 상기 외부 무접점식 충전기로 무선 송신하는 **마이크로프로세서**;를 포함하고,

상기 자기장의 세기 변화는 상기 무접점식 충전 회로 모듈과 상기 외부 무접점식 충전기의 상대적 위치에 기초하는 것을 특징으로 하는 무접점식 충전 회로 모듈.

www.scourt.go.kr
음성출력용바코드

| 확인인 |
| --- |
| 전자서명완료 |

# 서 울 동 부 지 방 법 원

## 녹 취 서 (요지)

| | |
| --- | --- |
| 사건번호 | 2026러11 |
| 기 일 | 2026. 9. 8. 15:00 |
| 장 소 | 제308호 법정 |
| 속기내용 | 증인 박동영의 증언 |
| 총 면 수 | 22면 |
| 비 고 | |

민사소송규칙 제35조의 규정에 따라 작성한 녹취서를 붙임과 같이 제출합니다.

2026. 9. 8.

속기서기보 김 진 희 전자서명완료

※ 이 녹취서는 진술의 주요한 부분만을 정리하여 기재하는 방식으로 작성되었습니다.
※ 당사자나 증인 등은 이 녹취서에 적힌 사항에 대해 이의를 제기할 수 있습니다. 이의가 제기되면 법원사무관등이 그 이의의 취지를 이 녹취서 또는 별도의 서면에 기재하거나 이 녹취서 중 해당 부분을 정정하여야 합니다.

www.scourt.go.kr
음성총적용바코드

피고 대리인 박성수

증인에게

문 증인의 전체 성명과 현재 직위를 진술해주십시오.

답 이름은 박동영입니다. 1960년 6월 28일생이고요. 현재는 재신정보라는 곳의 부사장으로 일하고 있습니다.

문 재신정보에 있다고 하였는데, 컨설팅이나 자문 등의 형태로 LS전선과 지속적인 관계를 유지하고 있는 것인가요.

답 없습니다.

문 취득한 모든 학위, 다닌 기관, 전공 분야, 재학 일자를 포함하여 증인의 학력을 진술해주십시오.

답 고등학교는 부산고등기술학교를 나왔고요. 전자공학과를 공부했습니다. 그러고 바로 한전에 입사되는 관계로 해서 대학은 부경대를 1993년도에 들어갔습니다. 아, 1993년 졸업을 했네요. 연도, 날짜가 조금 따로 하다보니까요. 그때도 전자공학과 물론 공부하고 나왔습니다.

문 대학 졸업 후 다른 대학원 같은 건 안 다녔나요.

답 없습니다.

문 고용주, 직책, 담당 업무 및 고용 일자를 포함하여 증인의 전체 고용 이력을 진술해주십시오.

답 학교를 졸업하면서 바로 한국전력으로 들어갔고요. 고용주 이름까지는 잘 모르겠습니다. 그때 당시 많이 바뀌었기 때문에요. 하여튼 한국전력에 1979년도, 입사는 1월 15일로 제가 기억하고 있습니다. 1979년 1월 14일 입사해서, 정식일자는 15일, 15일로 입사해서 거기에서 쭉 근무했고요. 정보통신 쪽으로 주로 일

www.scourt.go.kr
음성출력용바코드

을 했습니다. 정보통신이라는 곳에서도 분야별로 조금 다르기는 한데요. 저는 주로 VHF무전기, 요즘 말하는 대로 워키토키, 무전기를 조금 많이 했고요. 무전기는 주로 또 정전되었을 때 사용할 수 있는 한전의 비상통신망으로 사용을 하기 때문에 거기에서 사용했던 부분들이 주로 배터리의 충전기라든지 비상전원으로 많이 사용하는 그 일을 주로 맡아서 했고요. 그 이후에는 한전, 한국전력공사를 한전으로 그냥 하겠습니다. 한전 자회사인 한전KDN으로 나와서 주로 스카다시스템, 그것도 주로 정진시에 대비해서 원격으로 감시, 제어하는 시스템입니다. 그 스카다시스템을 개발하고, 원격검침이라든지 이런 부분의 개발 업무를 제가 총괄했습니다. 그 이후에는 연도를 다 지금 몰라서, 기억이 잘 안 나서 다 언급하기는 조금 어려운데요. 동양텔레콤을 거쳐서 지금 이야기하고 있는 LS전선으로는 제가 2005년 2월 1일부로 입사를 했습니다. 그러고 제가 LS전선을 그만둔 것은 2009년 12월 31일부로 제가 그만두게 되었고요. 그 이후 지금 현재 말씀드렸던 재신정보라는 곳에서 지금까지 일을 하고 있습니다.

문 조금 더 구체적으로 묻고자 하는 게 LS전선에 들어가고 난 다음에, 2005년 2월 1일부터 2005년 7월까지 LS전선에서 어떤 연구를 하고 어떤 프로젝트를 했는지 상세하게 진술해주십시오.

답 LS전선은 제가 지인을 통해서, 동양텔레콤에 있을 때 제가 주로 통신망에 대한, 케이블TV, 이런 망에 대한, 장비에 대한 특허들, 아이디어가 많이 있다는 걸 소문 듣고 저와 연결이 됐고요. 2월 1일 입사는 했지만 그 전부터 SBMO라는 신사업개발조직이 따로 있었습니다. 그 조직의 팀장과 같이 SBMO가 미래에 할 일들에 대한 부분들을 전체 같이 논의를 했었고요. 그 다음에 제가 입사를 그때 해야 하기 때문에 나름대로 저도 제 능력을 LS전선에 보여주기 위해서 제가 갖고 있는 모든 아이디어를 넣어서 SBMO에 제안도 했던, 그런 상황이었고요. 말

www.scourt.go.kr
음성축약용바코드

씀하시는 그 기간 동안에 신사업 아이템으로 발굴된 것을 전부 다 실현시키기 위한 작업들을 쭉 했습니다.

문 SBMO라고 말하였는데, 그게 무슨 뜻인가요.

답 시드 비즈니스 모델 마케팅 해서, 영어로는 다 모르겠는데요. 그 팀에서 한 신사업개발팀이라고 보시면 됩니다.

문 그렇다면 증인이 미국 특허 제8,013,568호의 발명자로 등재된 이유는 무엇인가요.

답 그건 지금 저도 정확하게는 모르겠는데요. 한국 특허 낼 때 저희들이 갖고 있는 모든 아이디어를 거기 다 담아서 특허로 출원됐기 때문에 그것이 그냥 동일한 형태로 등록된 걸로 저는 이해하고 있습니다.

문 증인이 맡았던 직위에 대해, 증인의 업무가 비접촉식 배터리 충전시스템 또는 관련 기술을 어느 정도 포함하였는지 설명해주십시오.

답 신사업개발팀의 과제는 많았는데요. 그중의 한 아이템입니다. 그래서 무선충전기에 대한 부분들은 제 나름대로 아까 말씀드린 대로 한전에서 이미 배터리나 충전기의 어떤 특성이나 이런 부분들을 먼저 조금 많이 알고 있었고 경험이 있었기 때문에 그 과제들을 조금 주도하고 기능에 대한 부분을 어떻게 구현할 것인지에 대한, 또 배터리 특성에 맞춰서 어떻게 일종의 배터리 충전 관리를 어떻게 해야 할 건지, 이런 부분에 대한 것들을 제가 조금 관여했습니다.

문 쟁점 특허로 이어진 주제에 관한 작업을 시작하였다고 증인이 주장하는 최초일자를 특정해주십시오.

답 지금 시간이 20년 넘었지 않습니까? 20년 조금 넘어가는데요. 어떤 날짜인지 그건 조금 제가 하기 어려운데, 신사업개발팀에 갖고 있던 모든 아이템들을 제

www.scourt.go.kr
음성출력용바코드

가 조금 관여하는 형태로 진행됐습니다.

문 쟁점 특허의 청구항이 증인이 착상한 발명을 기술하고 있다고 주장하는 것인가요.

답 지금 쟁점 특허라는 내용을 제가 잘 모르거든요. 어느 부분을 가지고 쟁점 특허라고 이야기하시는지요.

문 구술로 피고 대리인이 설명을 하겠습니다. 쟁점 특허 청구항을 보시면, 무접점 방식으로 배터리셀의 전기에너지를 충전하는 모듈 회로로서 고주파 교류전류 유도부가 있고, 고주파 교류전류를 직류로 변환하는 정류부가 있고, 일정한 전류를 위해서 정전압/정전류 공급부가 있고요. 그리고 이게 변경이 됐는데, 최초에는 과전압 상태가 확인되는지 모니터링하는 유닛이 있고, 이러한 무접점 충전기로 그러한 조정 요구를 전달해서 자기장의 세기 변화를 유도하는 과전압 모니터링부, 이런 내용들이 들어가 있는 특허입니다. 한 번 답해보세요.

답 지금 말씀하시는 부분들은 거의 충전기나 무선충전기로 가려고 하면 기본적인 구성사안입니다. 기본적인 구성사안인데, 문제는 제가 한전에 있을 때도 경험상으로 받았던 부분들이, 그때 1980년도 당시에는 주로 니켈-카드뮴 종류의 배터리들을 주로 가지고 있었는데, 조금만 과전압 들어가거나 하면 금방 배터리가 상해서 사용을 못하고요. 그 다음에 충전은 된, 전압은 보이지만 그게 사용을 하면 금방 방전되어버리고, 이런 특성이 많이 있거든요. 그래서 배터리에 대한 부분들을 나름대로 전압 관리나 이런 것을 하기 위해서 전압 감시도 돼야 되고, 정전압, 그러니까 과전압도 감시가 돼야 되고, 그럴 때 제대로 충전해주기 위해서 코일이, 우리가 무선이 되어버리기 때문에 선이 연결되지 않고 떨어져있는 상태라면 전력을 어떤 형태든지 에너지를 전달해야 되지 않습니까. 그때 안정적으로 전력을 전달하기 위한 목적의 내용들입니다.

www.scourt.go.kr
출력용바코드

문 쟁점 특허로 이어진 주제에 관한 작업을 시작하였다고 증인이 주장하는 최초 일자가 언제인가요.

답 그 작업 일자는 제가 특정하기 어렵습니다. 저희 특성 자체가 어떤 날짜나 이런 건 특정하기 어려운데 기술이나 기계에 대한 부분들은 시간이 조금 지나도 그에 대한 정확한 개념이나 이해를 하고 있기 때문에 그 부분은 명확하게 말씀드릴 수 있겠습니다.

문 쟁점 특허의 청구항이 증인이 착상한 발명을 기술하고 있다고 주장하는지요.

답 예.

문 발명을 처음 구상하였을 때 충전 모듈과 충전기 상대적 위치에 따라서 자기장의 세기를 조정하는 내용의 아이디어가 그 안에 들어있었나요.

답 그렇습니다. 그렇게 하려고 했습니다.

문 그렇다면, 쟁점 특허에 반영된, 증인이 착상하였다고 주장하는 발명을 기술해주십시오.

답 그때 당시에도 특허내기 위해서 직접 제가 쓴 것이 아니라 변리사 통해서 다 작성을 하면서 그때 당시의 제 생각과 내용이 그 내용 안에 다 들어갔다고 봤기 때문에 그때 당시 진행됐던 거고요. 지금도 말씀드릴 수 있는 부분들은 배터리에 대한 부분의 관리라든지 전압감시라든지 과충전을 제어할 수 있는 부분에 대한 것들은 기본적으로 구성이 돼야 한다고 보고 있고요. 그게 그때 당시까지만 해도 제 생각으로는 시기적으로 그때 기술이 존재했는지 안했는지 명확하게 보지는 않았지만, 지금도 기억은 못하고 있지만, 전체적인 상황으로 봐서는 배터리 상태, 충전 상태를 옛날 무선충전기가 패드와 본체, 2차 배터리 측, 2차로 보면 배터리 측으로 보는데, 거기에 대한 부분들에 어떤 정보 신호를 주고받는

www.scourt.go.kr
음성출력용바코드

상황은 없었던 걸로 알고 있습니다. 그래서 그 부분을 저희들이 별도로 보완했던 것 같습니다.

문 증인은 무선충전의 일반적인 개념을 발명한 것은 아닙니다. 그렇지요.

답 예.

문 증인은 비접촉식 충전 기능 배터리 자체를 발명한 것은 아닙니다. 그렇지요.

답 예.

문 증인의 발명 당시, 이미 어떤 무선충전 기술들이 존재하였나요.

답 예. 그때 여러 우리 직원들이, 팀원들이 같이 하면서 그때 당시에도 무선충전이라는 것은 간단하게 봐서는 그때 전동칫솔 같은 경우나 이런 것들이 무선충전으로 저희들은 같은 부류 안에 넣고 있었습니다.

문 기존의 어떤 무선충전 기술이 서로 가변적 거리를 가지는 충전기와 기기 간의 충전을 가능하게 하였나요. 지금 말하는 그런 기계인가요.

답 예. 그때 당시로는 그런 것들은 지정된 위치에 올려야만 됩니다. 그리고 그 구조도 그때 봤을 때, 그 전에 한전의 형태로 보면 크래들이라는 것 위에 올리면 다 접점식으로 밑에 스프링 단자들이 있어서 접점식으로 충전하거든요. 그런데 무선이 되면 그런 부분이 없이 올려져서 돼야 되는데, 전동칫솔 같은 경우가 올리면 딱 정해진 자리에 맞게 들어가야만 이게 충전이 됩니다.

문 제가 묻는 것은 조금 다른 걸 묻는 것 같습니다. 다시 묻겠습니다. 기존의 어떤 무선충전 기술이 서로 가변적 거리를 가진 충전기와 기기 사이의 충전을 가능하게 하였나요.

답 그런 건 본 적이 없는 것 같습니다.

문 기존의 어떤 무선충전 기술이 충전되는 기기에 공급되는 전압 또는 전류의 측

www.scourt.go.kr
위조방지용바코드

정치에 기반하여 충전되는 기기에 피드백을 제공하였나요.

답 그때 당시에 존재 기술에 대한 부분을 물으시는데,

문 그렇습니다. 당시에 존재하던 기술이요.

답 그때는 인식하지 못했습니다.

문 증인은 외부 비접촉식 충전 장치의 1차 코일로부터 발생한 자기장에 의해 고주파 교류 전류가 유도되는 2차 코일을 포함하는 고주파 교류전류 유도부를 발명한 것은 아닙니다. 그렇지요.

답 예.

문 증인은 유도된 고주파 교류 전류를 수신하여 이를 직류 전류로 변환하는 정류부를 발명한 것은 아닙니다. 그렇지요.

답 그렇습니다.

문 증인은 직류 전류를 수신하여 정전압/정전류 모드로 배터리에 충전 전력을 공급하는 정전압/정전류 공급부를 발명한 것은 아닙니다. 그렇지요.

답 그렇습니다.

문 증인은 전압 검출부를 발명한 것은 아닙니다. 그렇지요.

답 예.

문 증인은 정전압/정전류 공급부의 양단 전압을 검출하는 과전압 감시부를 발명한 것은 아닙니다. 그렇지요.

답 예.

문 증인은 외부 비접촉식 기기의 배터리를 충전하기 위한 자기장의 변화를 유도하기 위해 외부 비접촉식 충전 장치에 신호를 공급하는 마이크로프로세서를 발명한 것은 아닙니다. 그렇지요.

www.scourt.go.kr
음성출력용바코드

답 예, 그렇습니다.

문 증인은 전압 비교부를 발명한 것은 아닙니다. 그렇지요.

답 예.

문 증인은 전압 비교부 자체를 발명한 것은 아니라고 하였는데, 그렇다면 증인이 이 사건 발명의 아이디어를 구성하는 데는 얼마나 걸렸나요.

답 기간에 대한 부분들은 제가 기억에 없지만, 어떤 아이디어가 딱 생각날 때는 하루도 가능하고요. 생각나는 게 갑자기 뭔가 떠오르면 받고 올리는 그런 작업들이 있기 때문에 얼마 동안 했느냐 그건 조금 기억하기 어렵습니다.

문 증인의 작업은 기존의 무선충전 기술과 어떻게 달랐나요.

답 아까 말씀드린 대로 기본 고정형의 고정 위치가 정해진 자리에 놓는 무선충전기는 전력이 넘어오더라도 자체적으로 평가해서 충전을 하는 양이라든지 전압이라든지 이렇게 고정돼있습니다. 그러나 저희들이 발상을 넣은 부분은 그런 배터리의 상태를 받아서 감시해서 과전압 충전이 되는지 어떤지를 평가해서 1차 측 패드로 무선 상태의 신호를 보내서, 충전 상태를 보내서 1차 측 전력도 제어할 수 있도록 한 게 저는 특허로 그렇게 알고 있습니다.

문 각 특허 청구항의 저 부분은 누가 발명하였다는 것을 진술해주면 좋겠습니다.

답 기본적으로 그때 당시 우리가 개발을 할 때 인원들이 딱 분야별로 나눠서 따로 한 게 아니고요. 팀제로 거의 움직였기 때문에 어떤 특정 부분의 기술만 따로 했다고 역할을 보기가 조금 어렵고요.

{별지(참고자료) 미국 특허 US 8,013,568 C1 청구항 1(국문번역) 및 미국 특허 US 8,013,568 C1 청구항 7(국문번역)을 각 제시하고}

문 증인, 위 증을 보면, 이게 미국 사건이니까 전체 번역문을 다 가지고 있지는 않

www.scourt.go.kr
음성출력용바코드

고요. 이게 국문번역 중에서 청구항 1항 부분입니다. 위 1항 부분을 보면, 아까 제가 기술의 개요에 대해서 설명을 드렸던 1항이고요. 특히 1항 청구항의 제일 마지막을 보면, 모니터링 결과가 다시 무선 피드백 된다는 이야기들이 나와 있고요. 그리고 또 하나 중요한 청구항이 청구항 제7항입니다. 위 7항을 보면, 대부분의 내용이 비슷하게 나와 있고, 쭉 읽어보면 뒷부분이 조금 더 상세하게 기재되어있다는 것을 알 수 있을 겁니다. 어떠한가요. 증인, 미국 특허 뒷부분만 읽겠습니다. 미국 특허 US 8,013,568 C1 청구항의 7입니다. 위 증을 보면서 청구항 1이나 청구항 7을 비롯해서 다른 청구항의 어떤 부분은 누가 발명에 기여하였는지 답해주십시오.

답 아까 말씀드린 대로 항목별 비교는 기억이 잘 없고요. 기본적으로 무선충전기라는 걸 아까 전체 블록다이어그램을 보시면, 파트마다 이렇게 기능은 있고, 박스 그려서 많이 되어있지만, 사실 그것 전체 다를 묶어서 보시면 이런 시스템도, 지금 우리 사용하는 이 시스템도 보면, 마이크가 있고 앰프가 있고 스피커가 있고 각각 따로 있지 않습니까. 그게 하나의 큰 덩치처럼 이렇게 보이는데, 무선충전기는 그게 전부 다가 조그마한 손바닥 안에 하나 들어가 있습니다. 그냥 회로 하나기 때문에 회로 하나 안에서도 전압을 검출하거나 또 정류한다면 정류부라는 것은 조그마한 회로에, 우리가 말하는 (청취불능) 다이오드 한 개 들어가 있습니다. 그게 정류부거든요. 그렇게 표현이 지금 현재 되어있는 것을, 그러면 정류부 누가 했느냐, 그 다음에 거기에 정전압 회로 누가 했느냐, 이렇게 다 따져서 하기는 어렵고요. 전체 기능상으로 아까 말씀하셨던 정전압 발생부, 검출부, 이런 각 부서나 부품들을 따로 개발하느냐 물으시는데, 그 기능을 개발한 게 아니라 그런 것을 묶어서 하나의 기능화시키는 작업을 저희들이 하고, 거기에 맞춰서 거기에 맞는 특허를 개발한 것이지, 하나의 부품을 개발했느냐, 지금

www.scourt.go.kr
출력용바코드

밖에 그런 부품들은 다 있습니다. 아까 예를 들어서,

문 부품을 질문한 건 아니고요.

답 그러니까요. 기능이 정류부라고 되어있지만, 정류부라는 것은 다이오드 하나 넣는 것을 제가 '오른손으로 넣었습니다. 왼손으로 넣었습니다.'가 아니라 회로를 구현하고 그 기판을 만드는, 우리는 PCB라고 그러는데요. Printed Circuit Board, 거기 PCB에 부품 하나 올리는 것으로 그냥 정류부 되거든요. 그래서 회로 전체에 대한 관장이나 이런 부분은 저와 주로 문성욱, 그쪽 파트가 아마 한 것 같고요. 그 다음에 코일 같은 경우나 이런 부분들은 주로 권광희 박사라든지 한섭, 아마 김정범 사원도 아마 거기 조금 참여한 것 같고요. 그 다음에 최성욱은 거기에 관련된 배터리라든지 특성시험이라든지 이런 부분 조금 관여해서 같이 한 것 같고요.

문 청구된 발명에서 증인의 구체적인 기여를 기술해주십시오.

답 저는 아까 말씀드렸다시피 전체적인 그런 회로 구성에 대한 부분들을 조언하는 것과 배터리를 저는 그전부터 경험삼아서 했던 일이기 때문에 어떤 부분에 중점을 두고 회로 구성, 동작이 돼야하는지 이런 부분에 대한 것들을 제가 관여했습니다.

문 쟁점 특허의 어느 청구항의 착상에 기여하였으나 발명자로 기재되지 않은 사람이 있는지요.

답 없는 걸로 알고 있습니다.

문 증인은 과전압 감시부에 대한 아이디어를 생각해내었나요.

답 그렇습니다. 아까 배터리라는 게 기본적으로 그때 당시의 경험만으로도 보면 니켈-카드뮴을 쓰면 과전압으로 그나마 금방, 예를 들어서 형상기억금속이라든지

www.scourt.go.kr
위변조방지코드

이런 게 나오지 않습니까. 마찬가지로 니텔-카드뮴 자체가 그 전압에 대한 부분을 기억하고 있는 기억형상이 조금 나타나기 때문에 그 부분에 대한 것들을,

문 쟁점 특허에 기술되고 청구된 과전압 감시부에 대한 증인의 이해를 설명해주십시오.

답 과전압이라는 게 아까 말씀드린 대로 배터리의 특성 자체가 과전압으로 들어갔을 경우에 금방 성능이 떨어지고 배터리 수명이 다해져버리기 때문에 그런 것을 방지하기 위해서는 꼭 그런 기능이 있어야 된다고 봤기 때문에 그랬습니다.

문 그렇다면, 과전압 모니터링한다는 것이 마이크로프로세스와 같은 것인가요.

답 마이크로프로세스를 어떻게 보시느냐에 따라 다른데, 그 안에 들어가 있는 부분들은 마이크로프로세스 하나가 기능이 여러 가지가 있을 수 있습니다. 전압감시도 할 수가 있고, 전류가 어떻게 흐르는지도 볼 수도 있고, 또 앞에 입력 들어오는 전압이 얼마인지도 동시에 다 볼 수 있는, 그런 장치들입니다.

문 각 청구된 발명이 실제적이든 의제적이든 처음으로 실시화된 시기와 방법을 특정해서 알려주십시오.

답 결국 우리 제품을 언제 개발했느냐로 이해하면 됩니까?

문 제품이 아니라 시제품일 수도 있고, 그것에 대해서 저희는 특정하지 않습니다. 한 번 더 묻겠습니다. 쟁점 특허에 각 청구된 발명이 실제적이든 의제적이든 처음으로 실시화된 시기와 방법을 특정해서 말해주십시오.

답 그건 아마 제가 입사하고 난 이후에, 그리 오래 걸리지 않은 것 같습니다. 정확한 날짜는 기억이 안 납니다.

문 그렇다면 청구된 발명을 실시화하려다가 실패한 시도를 기술해주십시오.

답 실패라는 게 개발과정 중에 이런 방법도 찾아보고 저런 방법도 찾는 그건데, 실

www.scourt.go.kr
음성출력용바코드

패라고 보기는 어려울 것 같습니다.

문 실패한 적이 없는가요.

답 그렇습니다. 단, 코일의 위치나 형상에 따라 반복적으로 여러 가지 방법을 시험해본 적은 있습니다. 한 가지 예를 들어서 이렇게 설명 드릴게요. 우리는 패드 위에 폰을 올려놓기로 했는데 그 위치가 달라짐에 따라서 전류가 크게 올 수도 있고 작게 올 수도 있고, 결합도라 그러지요. 결합도가 떨어지면 출력이 제대로 들어오지 않습니다. 2차로 넘어오지 않습니다. 그래서 패드를 1차를 크게 하고 2차를 작게 놓을 때와, 또 1차에 작은 패드 여러 개를, 코일을 여러 개를 깔아 놓고 그 위에 폰을 올려놓을 때와, 그런 부분들 여러 가지 비교시험을 해보는 그런 과정이었지 그게 뭐 특별히 실패라고 보지는 않습니다.

문 증인의 말에 따르면, 여러 가지 비교시험 과정은 있었으나 실패라고 할 수는 없다고 말한 것이 맞는가요.

답 그렇습니다.

문 쟁점 특허에 청구된 주제의 개발과 관련하여 증인이 검토한 각 문서, 제품, 공개자료 또는 기타 자료를 특정해서 말해주십시오.

답 그때 당시 개발하면서 만들었던 문서나 이런 것들은 LS전선에 그대로 다 남아있을 걸로 알고 있고요. 그 다음에 지금…. 방금 논점을 잊어버렸는데요.

문 한 번 다시 묻겠습니다. 쟁점 특허에 청구된 주제의 개발과 관련하여 증인이 검토한 각 문서, 제품, 공개자료 또는 기타 자료를 특정해서 알려주십시오.

답 작업할 때 문서는 거기 다 남아있고요. 제품 같은 경우에는 연구개발하면서 우리 성능 확인을 위해서 그 자리에 다 있었습니다. 가지고 있었고요.

문 증인이 다 남아있다고 하는 것은 LS케이블, LS전선에 남아있다는 의미인가요.

www.scourt.go.kr
음성출력용바코드

답 예, 저는 기억은 그렇게 할 수밖에 없습니다.

문 이전 질문에서 특정된 항목 관련하여, 증인이 그것을 언제 검토하였는지, 그리고 그 정보가 쟁점 특허에 청구된 주제를 개발하는 데 어떻게 사용하였는지 진술해주십시오.

답 그때 여러 방법으로 개발하는 과정 중에, 제가 한 아이템만 붙들고 있었던 게 아니기 때문에 우리 팀원들이 가지고 온 것을 수시로 결과를 보면서 진행과정도 평가를 했기 때문에 계속 하면 하고, 그 내용을 보고 있었습니다.

문 쟁점 특허에 청구된 어떠한 주제가 한국 가출원의 출원 이전에 공개적으로 개시되었나요.

답 저희들 팀 자체가 시드 비즈니스를 하기 때문에 외부에 공개된 적은 없는 걸로 알고 있습니다.

문 증인은 Wireless Power Consortium("WPC")의 활동에 참여한 적이 있는가요.

답 없습니다.

문 증인은 Qi Standard의 개발, 작성 또는 채택에 관여한 적이 있는가요.

답 없습니다.

문 증인은 쟁점 특허가 어느 표준에 필수적이거나 필수적이었다고 주장하는 것인가요.

답 표준도 제가 관여를 안했기 때문에 그 내용은 잘 모르겠습니다. 지금 말씀하시는 기술기준표준에 제가 참여를 안했기 때문에, 그 내용도 지금 정확하게 보지 않았기 때문에 저는 그 내용하고는 관계없다고 봅니다.

문 Qi Standard를 포함하되, 이에 한정되지 않는 어느 표준에 필수적이거나 필수적이었다고 증인이 주장하는 쟁점 특허의 청구항이 몇 항인지 특정해 줄 수 있는

www.scourt.go.kr
음성출력용바코드

가요.

답 모르겠습니다.

문 Qi Standard을 포함하되, 이에 한정되지 않는 어느 표준에 필수적이지 않거나 필수적이지 않았다고 증인이 주장하는 쟁점 특허의 각 청구항을 특정해 주십시오.

답 Qi Standard를 본 적이 없습니다.

문 증인은 관련 특허 출원의 준비에 관여하였나요.

답 그렇습니다.

문 증인이 그 특허 출원 준비에 관여한 관련 출원의 어느 출원에 대해, 증인 관여의 성격을 기술해주시되, 증인이 출원의 어느 부분을 작성 또는 검토하였는지, 또는 초안에 관한 의견을 제공하였는지, 그리고 그러한 활동의 일자를 특정해 주시기 바랍니다.

답 기본적인 기능은 아까 말씀드렸다시피 구성이 어떻게 돼야 되는지에 대한 부분들, 기능 설계는 제가 기본적으로 했고요. 그 다음에 그때 당시에도 특허출원을 위한 문장 작성이라든지 출원서 자체는 변리사가 해온 것을 제가 검토하고 추가수정 부분을 전부 다 관리를 했고요. 그 다음 일자에 대한 부분들은 언제 작업을 했는지, 언제 했는지 그건 지금 기억이 없습니다.

문 증인은 어느 관련 출원의 심사과정에 관여하였는지요.

답 심사과정에 참여하지 않았습니다. 단, 논쟁이 되거나 하는 부분들을 물어보실 경우에는 제가 했지만, 심사에는 관여하지 않았습니다.

문 기재된 발명자 목록이 어떻게 결정되었는지에 관한 정황을 진술해주시되, 발명자 자격을 결정하는데 사용된 기준을 포함해서 설명해주십시오.

www.scourt.go.kr
음성출력용바코드

답 그때 당시 우리가 아이템이 조금 많았기 때문에 딱 특정해서 어떤 자격이 있어야 되는 분이 아니라 신사업에는 현재 꼭 하고 있는 업무 이외의 것들도 머지 시켜서 할 수 있다고 봤기 때문에 팀원 전체를 대상으로 연구개발하게 되었고, 그 아이템이 만들어졌을 때 지금 거기 나와 있는 구성원들, 우리 한 6명의 팀원들이 같이 작업을 했기 때문에 특정적으로 자격이 있다, 없다, 그런 부분까지는 논하지 않았습니다.

문 기재된 발명자로 기재되지 않은 어느 사람에 의해 발명자 자격이 있다는 주장이 있었나요. 그런 것을 알고 있는가요.

답 없었습니다.

문 증인이 참여하였거나 인지하였던 발명자 자격에 관련된 분쟁이나 논의가 있으면 진술해주십시오.

답 없었습니다.

문 한국 가출원에 개시된 주제가 무엇인지 기술해주십시오.

답 핵심은 기본 무선충전 기능에서 배터리 충전 상태를 1차로 넘겨줘서 그 정보를 가지고 충전기, 배터리의 관리를 효율적으로 할 수 있도록 하는 게 그게 쟁점이고, 핵심이라고 봅니다.

문 지금 제가 한국 가출원에 대해서 물었고 증인이 대답하였는데요. 한국 가출원에 마이크로프로세스라는 용어가 어디에 등장하나요.

답 그 단어까지는 제가 기억을 못하겠는데 아까 말씀드린 대로 기본적으로 전압을 측정하기 위해서, 또한 전압 비교하기 위해서, 이런 비교기 자체도 마이크로프로세스라는 이름으로 붙일 수가 있거든요. 어떤 평가를 하는 기능을 갖는 부품이나, 그러면 그걸 마이크로프로세스라고 이야기할 수도 있는 부분입니다.

www.scourt.go.kr

문 한국 가출원에 개시된 주제가 증인이 생각해 낸 발명을 정확하게 기술하고 있는가요.

답 그렇다고 봅니다.

문 한국 가출원의 내용에 대해서 묻는 것입니다. 쟁점 특허의 청구항 1의 각 한정사항에 대해 한국 가출원의 어디에 해당 한정사항이 기술되어있는가요.

답 지금 말씀하시는 쟁점 특허라는 게 지금 명확하게 구분을 제가 지어서 이해를 못하고 있고요.

문 쟁점 특허는 지금 미국 특허고요. 미국 특허가 한국 가출원 특허의 어느 부분에, 미국의 어느 내용이 들어있는지 설명을 해주시지요.

답 기본적인 기술이라든지 구현에 대한 부분들은 제가 특허로 이야기할 수 있지만, 지금 말씀하신대로 항목별 나누거나 어떤 기능이 여기에 들어가 있다, 그건 지금 제가 쟁점사항을 받은 게 없기 때문에 그건 지금 답을 하기가 어렵습니다.

문 어느 관련 출원의 심사과정 이전 및 심사과정 중에 증인이 인지하고 있었던 선행기술의 각 항목을 특정해주십시오.

답 그때 당시로는 선행기술 보지 못했습니다.

문 증인이 관여하였거나 인지하였던, 선행기술을 특정하기 위해 수행된 조사들을 기술해주십시오.

답 그것도 그때 당시로는 제가 조사를 한 건 없고요. 변리사가 다 조사를 해왔던 부분 중에서 특별히 우리가 요구하는 그 항목에 부합되는 게 없다고 이야기 들었기 때문에 진행을 했습니다.

문 증인은 Splash Pad라는 제품을 아는가요.

답 그때 당시로서는 저는 못 들어봤습니다.

www.scourt.go.kr
음성출력용바코드

문 그렇다면, 그러한 Splash Pad 제품에 대한 증인의 인지 정황을 기술해주십시오.

답 지금 조금 제 기억이 그때 것인지, 지금 것인지, 중간에 조금 변경된 이후의 것인지를 지금 현재 제가 시기적인 구분을, 지금도 제가 배터리 관련 모니터링사업이나 이런 걸 하고 있기 때문에 그 시점에 맞춰서 보고서를 봤는지, 기본적으로 Splash Pad 방식의 충전기가 있었다는 것을 언제 인지했는지는 조금 알기 어렵습니다.

문 그렇다면 증인이 Splash Pad에 대해서 알게 된 시기가 언제인지요. 지금 잘 모른다는 것처럼 들리는데요.

답 예, 그건 명확하게 어떤 시점인지는 조금 알기 어렵습니다.

문 그렇다면 Splash Power는 어떠한가요. Splash Power에 대해서 알게 된 것은 언제인가요.

답 아마 유사하게는 무선충전 개발하던 그 시점이었던 것 같습니다. 기본적으로는요.

문 증인은 2005년 7월 29일 이전에 쟁점 특허에 청구된 발명 제품의 판매 또는 판매 청약을 알고 있는가요.

답 그건 없었던 걸로 알고 있습니다.

문 증인은 2005년 7월 29일 이전에 미국에서 쟁점 특허에 청구된 발명의 제조 또는 사용을 알고 있는가요.

답 들은 바 없습니다.

문 증인은 2005년 7월 29일 이전에 쟁점 특허에 청구된 발명을 구현한 제품을 수입한 것을 알고 있는가요.

답 누가 수입했다는 걸 이야기하는 겁니까?

www.scourt.go.kr
음성출력용바코드

문 어느 누구든지요.

답 그건 못 봤습니다.

문 증인은 2005년 7월 29일 이전에 청구된 주제를 개시하는 공개자료를 알고 있는가요.

답 없습니다.

문 증인은 2005년 7월 29일 이전에 동일한 주제와 관련하여 전 세계 어디에서든 제출된 특허출원을 알고 있는가요.

답 못 봤습니다.

문 증인은 LS전선과 어떠한 금전적 이해관계를 가지고 있으며, 있다면 증인의 금전적 이해관계의 성격이 어떤 것인지 기술해주십시오.

답 지금은 전혀 관계없습니다.

문 LS전선의 주식이나 채권을 가지고 있는가요.

답 없습니다.

문 미국 특허 관련해서 보상받은 것이 있는가요.

답 없습니다.

문 증인은 Apple을 상대로 한 LS전선 사건(LS Cable & System Ltd. v. Apple Inc., 사건번호 3:24-cv-09194-JD, 캘리포니아 북부지구)의 결과에 어떠한 금전적 이해관계를 가지고 있으며, 그렇다면 증인의 금전적 이해관계의 성격이 무엇인지 설명해주십시오.

답 관계된 바도 없고요. 지금 그 부분에 대해는 전혀 저하고는 관계없는 걸로 이해하고 있습니다.

문 증인은 여기 나오기 전에 변호사나 로펌으로부터 조언을 받거나 증언 준비를

www.scourt.go.kr
음성출력용바코드

도움 받았나요.

답 예, 최근 이것 때문에 연락 와서 한두 번 만났습니다.

문 혹시 두어 번 만난 사람이 이 법정 안에 있는가요.

답 예.

**원고 대리인 홍정훈**

**증인에게**

문 증인은 피고 대리인이 "증인이 정전압/정전류 공급부에 양단 전압을 검출하는 과전압 감시부를 발명하지 않았습니다. 맞는가요."라는 질문에 대해서 "예."라고 하였는데요. 정전압/정전류 공급부에 양단 전압을 모니터링하고 그 모니터링 결과를 송신부에 보내서 전력제어에 유용하도록 하는 구성, 또는 방식을 발명한 것이 맞지요.

답 그렇습니다.

**원고 대리인 염호준**

**증인에게**

문 증인, 제가 아까 피고 대리인이 질문했던 부분을 다시 한 번 질문할 텐데요. 질문 잘 듣고 이에 대해서 한 번 대답해주시기 바랍니다. 증인은 정전압/정전류 공급부에 양단 전압을 검출하는 과전압 감시부를 발명하지 않았습니다. 맞는가요.

답 예, 아니라고 했는데요. 제가 이해하는 기본개념은 이렇습니다. 아까 부품 하나 하나를 이야기하고 한 기능에 대해서 '증류부를 개발하였습니까?' 개발 안 한

www.scourt.go.kr

게 맞습니다. 다 그렇게 말씀을 드렸고요. 그 다음에 기본적으로 제가 이해하는 상황으로는 충전에 관련된 정보를 배터리 상태를 받아서 피드백하는 그 과정에는 아까 양단 전압이라고 할 수도 있고, 충전부 입력 전압이라고 할 수도 있고, 또 양단이라는 것은 배터리 양단 전압이라고도 할 수 있는 부분이 있는데, 그 부분들의 각 전압들을 읽어서 피드백하는 부분에 대한 걸 개발했다는 것이지, 거기에 들어가는 하나의 부품, 하나의 칩, 그건 아니라고 말씀드렸던 사항입니다.

**원고 대리인 홍정훈**

**증인에게**

문 아까 마이크로프로세스를 발명하지 않았다고 하였는데, 이것은 마이크로프로세스 소자 자체를 발명하지 않았다는 취지로 답한 것이지요.

답 그렇습니다.

문 수신부의 모니터링 결과에 따라서 송신부에 신호를 전달하고 그에 따라서 송신 전력을 조정하도록 하는 그런 기능이나 구성은 발명한 것이 맞지요.

답 그렇습니다. 그 기능이 들어가 있지요.

문 아까 질문 중 쟁점 특허의 청구항 착상에 참여한 각 사람에 대해 역할을 기술해달라는 취지의 질문이었는데, 아까 증인은 발명은 기능적인 부분에 관한 것이어서 각 파트를 누가 했다고 구분하기 어렵다고 답하였거든요. 그것은 아까 다른 발명자들과 함께 아이디어를 논의했다는 취지로 답하였는데, 그렇기 때문에 각 사람의 역할을 정확히 구분하기 어렵다는 취지로 진술한 것이지요.

답 예. 딱 특정하기는 어렵지만 아까 말씀드린 대로 조금 러프하게는 누가 어떤 부

www.scourt.go.kr
음성출력용바코드

분을 했고, 어떤 부분을 했고, 그건 말씀드렸습니다. 끝.

www.scourt.go.kr
음성출력용바코드

이 녹취서(요지) 제12면 제8·9·10행, 제16면 제18·20·22행, 제21면 제10행(전단, 후단) 각 기재의 "마이크로프로세스"를 "마이크로프로세서"로, 제20면 제20행 기재의 "증류부"를 "정류부"로 각 정정

2026. 10. 1.

법원주사 양 민 선 전자서명완료

7214

2026 .10. 08

(박동영) 350
(최성욱) 354
(회성옥) 355
(현광희) 356
(한성) 357

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LS CABLE & SYSTEM LTD.,
Plaintiff,

v.

APPLE INC.,
Defendant.

Case No. 24-cv-09194-JD

**ORDER RE ISSUANCE OF LETTERS OF REQUEST**

Pursuant to the parties' stipulation, Dkt. No. 71, the Court will issue the letters of request. Signed versions of Apple's letters of request, Dkt. Nos. 71-1 and 71-2, will be filed on the docket. The Clerk of Court is directed to prepare two certified copies bearing the seal of the court for Apple to pick up at the Clerk's Office, 16th Floor, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102.

**IT IS SO ORDERED.**

Dated: April 8, 2026

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by: ________
Deputy Clerk

Date: 04/10/2026

United States District Court
Northern District of California

MORNINGSIDE
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

**Date: 2026/04/23**

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- English (USA)

To:

- Korean

The documents are designated as:

- 'LS Cable_20260410_Letter of Request for Testimony and Documents.pdf'

Samuel Wu, Managing Director of this company, attests to the following:
"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Samuel Wu

Signature of **Samuel Wu**, Managing Director

연방지방법원

캘리포니아 북부지구

| | |
|---|---|
| LS전선 주식회사,<br>원고,<br><br>대<br><br>APPLE INC.,<br>피고. | 사건번호 24-cv-09194-JD<br><br>**축탁서 발부에 관한 명령** |

당사자들의 합의(Dkt. No. 71)에 따라, 본 법원은 촉탁서를 발부합니다. Apple의 촉탁서 서명본(Dkt. Nos. 71-1 및 71-2)은 기록에 등재될 것입니다. 법원서기에게 Apple이 Clerk's Office, 16th Floor, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102에서 수령할 수 있도록 법원 인장이 찍힌 인증 사본 2부를 준비할 것을 지시합니다.

**이에 명합니다.**

일자: 2026년 4월 8일

James Donato
연방지방법원 판사

**본인은 첨부된 문서가 본인 사무실에**
보관된 원본의 진정하고 정확한
사본임을 이에 증명합니다.

증명:
Mark B. Busby
법원서기, 연방지방법원
캘리포니아 북부지구

담당

부서기

일자: [illegible]

# 별지 1

RICHARD S.J. HUNG(CA SBN 197425)
rhung@mofo.com
SHAELYN K. DAWSON(CA SBN 288278)
shaelyndawson@mofo.com
MEREDITH L. ANGUEIRA(CA SBN 333222)
mangueira@mofo.com
TANNYR M. PASVANTIS(CA SBN 353511)
tpasvantis@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
전화: (415) 268-7000
팩스: (415) 268-7522

RYAN J. MALLOY(CA SBN 253512)
rmalloy@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
전화: (213) 892-5200
팩스: (213) 892-5454

피고 APPLE INC.의 대리인

연방지방법원

캘리포니아 북부지구

샌프란시스코 지부

| | |
|---|---|
| LS전선 주식회사, 원고,<br><br>대<br><br>APPLE INC.,<br><br>피고. | 사건번호 3:24-cv-09194-JD<br><br>**해외 증거조사에 관한 헤이그협약에 따른 이의 없는 촉탁서** |

| | |
|---|---|
| 신청인/촉탁 기관: | 연방지방법원<br>캘리포니아 북부지구<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br>미합중국 |
| 피촉탁국 중앙당국: | 법원행정처<br>수신: 국제담당관<br>대한민국<br>서울<br>서초구<br>서초대로 219(우편번호 06590) |
| 이행된 촉탁서를 반송받을 자: | Shaelyn K. Dawson<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>미합중국 |
| 촉탁 기관이 촉탁서에 대한 회신 수령을 요구하는 일자의 명시: | 가능한 한 조속히. |

* * *

연방지방법원 캘리포니아 북부지구는 대한민국 법원행정처의 관할 사법당국에 경의를 표하며, 원고 LS전선 주식회사(이하 "LS전선")가 피고 Apple Inc.(이하 "Apple")를 상대로 주장하고 있는 미국 특허 제8,013,568호(이하 "'568 특허")의 발명자들에게 별지 A 내지 E에 기재된 질문에 답변하도록 강제하기 위한 국제 사법공조를 요청합니다.

본 법원은 민사 또는 상사 사건에 있어서 해외에서의 증거조사에 관한 1970년 3월 18일 헤이그협약에 따라 본 문서에 기재된 공조를 요청하며, 동 협약은 미합중국에서 28 U.S.C. § 1781에 의해, 그리고 대한민국에서 각각 채택·시행되고 있습니다. 연방지방법원 캘리포니아 북부지구는 본 소송절차에 대해 적법한 관할권을 가지는 법률 및 형평법상의 관할 법원이며, 그 관할 내외에서 증인의 출석을 강제할 권한을 보유합니다.

촉탁된 증언은 위 표제의 특허침해 소송에서 사용될 예정이며, 본 법원의 견해로는 '568 특허의 유효성 및 동 소송에서 LS전선이 Apple로부터 회수할 수 있는 손해배상액(있을 경우)과 관련하여 매우 중요한 의미를 가질 것입니다.

본 촉탁은, 이로 인해 어떠한 자도 범죄를 저지르거나 본 소송이 대한민국에서 진행되는 경우에 받게 될 조사보다 더 광범위한 형태의 조사를 받도록 요구하지 아니한다는 이해하에 이루어집니다. 본 법원은 그 권한의 적법한 행사를 통해, 촉탁된 증언은 대한민국 법원행정처의 개입 없이는 확보될 수 없다고 판단하였습니다.

**1. 발신인**

미합중국 연방지방법원 캘리포니아 북부지구(450 Golden Gate Avenue, San Francisco, California 94102), 동 법원의 James Donato 판사.

**2. 피촉탁국 중앙당국:**

법원행정처, 수신: 국제담당관, 대한민국 서울 서초구 서초대로 219(우편번호 06590).

**3. 이행된 촉탁서를 반송받을 자 및 반송 기한:**

이행된 촉탁서는 미합중국 연방지방법원 캘리포니아 북부지구(450 Golden Gate Avenue, San Francisco, California 94102), 동 법원의 James Donato 판사 앞으로 반송되어야 합니다.

**4. 촉탁 기관이 촉탁서에 대한 회신 수령을 요구하는 일자의 명시**

2026년 8월 1일

**5. 협약 제3조에 따라, 아래 서명한 신청인은 다음과 같은 촉탁을 제출하는 영광을 가집니다.**

(a) **촉탁국인 미합중국의 촉탁 사법당국(제3조(a)):**

미합중국 연방지방법원 캘리포니아 북부지구(450 Golden Gate Avenue, San Francisco, California 94102), 동 법원의 James Donato 판사.

(b) **(제3조(a))의 관할 당국 앞**

대한민국

(c) **사건명 및 사건번호:**

LS Cable & System Ltd. v. Apple Inc., 사건번호 3:24-cv-09194-JD, 캘리포니아 북부지구(이하 "Apple 사건").

**6. 당사자 및 그 대리인의 성명과 주소(촉탁국 내 대리인 포함)(제3조(b))**

**(a) 당사자 및 그 대리인의 성명과 주소(제3조(b)):**

i. 본 사건의 원고는 LS전선 주식회사이며, 주소는 대한민국 경기도 안양시 동구 호계동 1026-6 LS타워(우편번호 431-080)입니다.

ii. LS전선 주식회사의 대리인은 미합중국 K&L Gates LLP(4 Embarcadero Center, Suite 1200, San Francisco, CA 94111)입니다.

iii. 본 사건의 피고는 미합중국 Apple Inc.(One Apple Park Way, Cupertino, California 95014)입니다.

iv. 피고 Apple Inc.의 대리인은 다음과 같습니다.

- Richard S.J. Hung, Shaelyn K. Dawson, Meredith L. Angueira, Tannyr M. Pasvantis - 미합중국 Morrison & Foerster LLP(425 Market Street, San Francisco, California 94105) 소속.
- Ryan Malloy - Morrison & Foerster LLP(707 Wilshire Boulevard, Los Angeles, California 90017-3543) 소속.

**(b) 기타 당사자 및 그 대리인(제3조(b)):**

없음.

**7. 절차의 성격 및 목적, 그리고 관련 사실(제3조(c)):**

Apple 사건은 LS전선이 Apple이 미국 특허 제8,013,568호(이하 "'568 특허")를 침해한다고 주장하는 민사소송입니다. '568 특허는 부선 피드백 제어 수단에 의한 과전압 상태의 해결을 위한 배터리 충전 회로 및 방법을 기술한다고 표방합니다. '568 특허는 박동영, 문성욱, 최성욱, 권상희, 한섭(Sub Han) 및 김성범을 발명자로 기재하고 있습니다. LS전선은 위 기재된 발명자들이 쟁점 특허에 관한 자신들의 권리를 LS전선에 양도하였고, LS전선이 현재 쟁점 특허의 소유자라고 주장합니다.

Apple은 특정 제품들을 제조·판매하고 있으며(또는 과거에 제조·판매하였으며), 이에는 다음의 제품들이 포함되나 이에 한정되지 아니합니다. Apple iPhone 기기: iPhone 8, iPhone 8 Plus, iPhone X, iPhone XS, iPhone XS Max, iPhone XR, iPhone 11, iPhone 11 Pro, iPhone 12, iPhone 12 Mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 Mini, iPhone 13 Pro, iPhone 13 Pro Max, iPhone 14, iPhone 14 Plus, iPhone 14 Pro, iPhone 14 Pro Max, iPhone 15, iPhone 15 Plus, iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 17, iPhone 17 Air, iPhone 17 Pro, iPhone 17 Pro

Max, 각종 iPhone SE 세대. Apple AirPods 기기: AirPods 1세대, AirPods 2세대, AirPods 3세대, AirPods Pro 2, AirPods 3, AirPods 4, 그리고 액티브 노이즈 캔슬레이션 기능이 있는 AirPods 4(이하 총칭하여 "Apple 시스템"). LS전선은 Apple이 Apple 시스템을 제조, 사용, 판매 청약, 수입 및/또는 판매함으로써 '568 특허를 침해한다고 주장합니다.

Apple은 '568 특허가 무효이며 Apple이 동 특허를 침해하지 않는다고 주장합니다. Apple은 나아가 '568 특허가 유효하고 침해되었다고 하더라도, LS전선이 받을 수 있는 손해배상은 제한적이라고 주장합니다.

**8. 취해야 할 사법 조치(제3조(d)):**

본 법원이 이 민사소송을 신속하고 공정하며 효율적인 방식으로 해결할 수 있도록 돕기 위해, 본 법원은 피촉탁 당국이 '568 특허의 기재된 발명자들(아래 기재)에게 별지 A 내지 E에 기재된 질문에 답변하도록 하는 명령을 발령해 주실 것을 정중히 요청합니다.

**9. 요청된 사법 조치의 목적**

본 문서에 특정된 증인들은 Apple을 상대로 주장된 '568 특허의 발명자들로 특정됩니다. '568 특허의 기재된 발명자로서, 이 증인들은 '568 특허로 이어진 기술의 연구개발, 미국 특허상표청(USPTO)에서의 특허 심사, 청구된 주제의 범위, 청구된 주제와 관련된 선행기술의 존재 및 그에 대한 인식 등에 관한 중요한 정보를 보유하고 있습니다. 그들의 답변은 위 표제 사건의 재판에서 Apple의 항변, 반소 및 손해배상 주장을 뒷받침하기 위해 사용될 것입니다. 이러한 용도의 일부는 아래에 기술되어 있습니다.

'568 특허가 무효라는 항변을 제시하기 위해, 그리고 특허가 진정한 발명자를 잘못 기재한 이유로 미국법상 무효로 판단될 수 있기 때문에, Apple은 '568 특허의 청구된 주제에 대한 각 개인의 발명적 기여와 관련된 정보를 구합니다.

'568 특허의 최초 출원일 이전에 존재했던 선행기술(미국 특허법상 허용되는 더 이른 일자가 아님)에 의해 '568 특허가 무효라는 항변을 제시하기 위해, Apple은 발명자들이 '568 특허의 청구된 주제를 착상하였다고 주장하는 일자, 동 주제가 실시화된 일자, 그리고 착상일로부터 실시화일까지의 합리적으로 계속된 활동에 관한 사실 및 정황과 관련된 정보를 구합니다.

'568 특허로 이어진 미국 국내단계 비가출원의 최초 출원일 이전에 존재했던 선행기술(즉 '568 특허로 이어진 가출원 또는 한국 출원의 최초 출원일 이전이 아님)에 의해 '568 특허가 무효라는 항변을 제시하기 위해, Apple은 '568 특허 대비 가출원 및 한국 출원의 내용과 범위에 관한 정보를 구합니다.

'568 특허가 타인에 의해 발명되었기 때문에 무효라는 항변을 제시하기 위해, Apple은 주장된 청구항의 청구된 주제를 착상하게 된 사실과 정황에 관한 정보를 구합니다.

'568 특허가 선행기술에 의해 무효라는 항변을 제시하기 위해, Apple은 선행기술의 존재 및 범위에 관한 정보를 구합니다.

'568 특허의 출원인이 미국 특허상표청에서 부적절한 행위(inequitable conduct)를 행하였기 때문에 '568 특허가 집행 불가능하다는 항변을 제시하기 위해, Apple은 '568 특허로 이어진 출원이 제출될 당시 기재된 발명자들이 알고 있던 선행기술과 관련된 정보를 구합니다.

'568 특허가 선행기술에 의해 무효이며 침해되지 않았다는 항변을 제시하기 위해, Apple은 '568 특허에 기술된 주장된 발명의 범위에 관한 기술적 정보를 구합니다.

'568 특허의 주장된 침해로 인해 귀속되는 적절한 손해배상액에 관한 Apple의 입장을 뒷받침하기 위해, Apple은 '568 특허와 관련된 금전적·가치적 정보를 구하며, 이에는 증인들이 그들의 주장된 발명과 관련하여 받은 금전 및 '568 특허의 근간이 되는 가치에 대한 그들의 인식이 포함됩니다.

'568 특허의 주장된 침해로 인해 귀속되는 적절한 손해배상액에 관한 Apple의 입장을 뒷받침하기 위해, Apple은 '568 특허의 청구항 중 표준제정기관이 공포한 표준을 실시하는 데에 필수적이거나 요구되거나 그 외에 필요했던 것이 있는지(있다면 어느 것인지)에 관한 사실적 정보 및 '568 특허를 실시허락하기 위한 공정하고 합리적이며 비차별적인(FRAND) 조건에 관한 정보를 구합니다. 구하고자 하는 증거를 더욱 명확히 하기 위해, 별지 A 내지 E로 첨부된 것은 Apple의 변호인이 조사될 증인들에게 질의하고자 하는 주제의 목록입니다.

**10. 조사받을 자의 성명 및 주소(제3조(e)):**

박동영
대한민국 서울특별시 송파구 양재대로72길 15,
101동 108호(우편번호 05652)

문성욱
대한민국 경기도 용인시 수지구 진산로 90,
516동 1404호(우편번호 16923)

최성욱
대한민국
경기도 부천시 원미구 중동로 108, 112동 1402호(우편번호 14613)
전화 +82-2-2164-4449

권광희
대한민국
경기도 안양시 동안구 경수대로 430, 115동 301호(우편번호 14126)

한섭(Sub Han)
대한민국
서울특별시 금천구 벚꽃로 254, 1301호(우편번호 08511)
전화 +82-2-870-8343

**11. 조사받을 자에게 할 질문(제3조(f)):**

별지 A 내지 E 참조.

**12. 증거가 선서 또는 확약 하에 제공되어야 한다는 요건(제3조(h)):**

본 법원은 질문이 선서 하에 질의되고 답변되도록 정중히 요청합니다.

**13. 따라야 할 특별한 방법 또는 절차(제3조(i)):**

본 법원은 증인들이 가능한 한 조속히 신문에 출석하도록 지시될 것을 정중히 요청합니다.

본 법원은 증인들이 별지 A 내지 E에 기재된 바와 같이 Apple 및 그 변호인이 원하는 질문에 답변하도록 지시될 것을 정중히 요청합니다.

본 법원은 Apple의 한국 변호인이 별지 A 내지 E에 기재된 주제와 관련된 추가 질문을 증인(들)에게 할 수 있도록 허용해 주신 것을 정중히 요청합니다.

본 법원은 대한민국 민사소송법에 따라 Apple의 한국 변호인에 의한 직접신문 및 재직접신문이 허용될 것을 정중히 요청합니다.

본 법원은 절차가 속기사에 의해 기록될 것을 정중히 요청합니다.

본 법원은 절차의 녹취가 위 기재된 바와 같이 본 법원 및 당사자들의 대리인에게 전자적 형태로 제공될 것을 정중히 요청합니다.

본 법원은 어느 당사자 또는 변호인을 위한 동시통역(예: 위스퍼링 통역)이 해당 당사자의 비용으로 허용될 것을 정중히 요청합니다.

연방증거규칙 준수를 위해 발생하는 비용(법원 기록, 비디오 녹화, 동시통역)은 헤이그협약의 규정에 따라 Apple의 부담으로 합니다.

나아가, 확보될 증거의 중요성에 비추어, 본 촉탁들이 최고의 고려를 받을 것을 요청합니다.

증인들에 의해 제공된 답변이 성격상 비밀이라고 간주되는 범위 내에서, 본 사건에는 그러한 증언의 비밀을 보호하기 위한 보호명령(protective order)이 존재합니다. 요청이 있을 경우, 보호명령은 별도로 제공될 것입니다.

본 촉탁서의 어느 요청이 수용될 수 없는 범위 내에서, 본 촉탁의 이행은 적용 법에 따라 수행되어야 하며, 본 촉탁서의 일부가 수용될 수 없다는 사실이 나머지 부분의 이행에 영향을 미쳐서는 안 됩니다.

**14. 촉탁 이행 시간 및 장소의 통지와 통지받을 자의 신원 및 주소 요청(제7조)**

Apple의 한국 변호인(김·장 법률사무소 박성수 변호사, Crescendo Building, 대한민국 서울특별시 종로구 새문안로 75(우편번호 03182), 전화 +82-2-3703-1870, seongsoo.park@kimchang.com. 김·장 법률사무소 최수정 변호사, Crescendo Building, 대한민국 서울특별시 종로구 새문안로 75(우편번호

03182), 전화 +82-2-3703-1526, soojung.choi@kimchang.com)에게 본 촉탁이 이행될 일자와 장소 또는 촉탁과 관련된 문제점에 관해 가능한 한 조속히 통지될 것을 요청합니다. 나아가, 가능하다면 이행 예정일의 최소 15일 전에 위 변호인들에게 통지가 제공될 것을 요청합니다.

**15. 촉탁서 이행 시 촉탁 당국 사법 인력의 참석 또는 참여 요청(제8조)**

사법 인력의 참석은 요청하기 않습니다.

**16. 책임 및 상환 가능한 수수료와 비용(제14조):**

헤이그협약 제14조에 따라 상환 가능한 발생 수수료 및 비용은 Apple이 부담합니다. 미지급액에 대한 청구서는 위 제6항(a)(iv)에 기재된 주소로 Morrison & Foerster를 거쳐 Apple에 송부되어야 합니다.

**17. 상호주의:**

미국 법원은 법령(미국법전 제28편 제1782조 참조)에 의해 대한민국 법원에 유사한 공조를 확장할 권한을 부여받았으며, 대한민국 법원이 보여준 호의에 기꺼이 상호 응답할 것입니다. 연방지방법원 캘리포니아 북부지구는 대한민국 사법당국에 최고의 경의를 표합니다.

일자: San Francisco, California
2026년 4월 8일

James Donato
연방지방법원 판사

[법원 인장]

본건은 첨부된 문서가 본인 사무실에 보관된 원본의 진정하고 정확한 사본임을 이에 증명합니다.

증명:
Mark B. Busby
법원서기, 연방지방법원
캘리포니아 북부지구

담당: ________
부서기
일자: 2026년 4월 10일

일자: 2026년 3월 26일

RICHARD S.J. HUNG
SHAELYN K. DAWSON
RYAN J. MALLOY
MEREDITH L. ANGUEIRA
TANNYR M. PASVANTIS
MORRISON & FOERSTER LLP

서명: /s/ Shaelyn Dawson
SHAELYN K. DAWSON

피고 APPLE INC.의 대리인

**<u>별지 A(박동영)</u>**

피고들은 박동영에게 아래 특정된 질문들 및 답변으로부터 발생할 수 있는 후속 질문들을 하도록 정중히 요청합니다.

**정의 및 지시사항**

1. "Apple"은 Apple Inc.를 의미합니다.

2. "LS전선"은 LS Cable & Systems Ltd. 및 그 자회사, 사업부, 전신, 후신, 현·전 임원, 이사, 직원, 대리인, 대행자 및 그를 대신하여 행동하는 모든 자를 의미합니다.

3. "기재된 발명자"는 박동영, 문성욱, 최성욱, 권광희, 한섭(Sub Han) 및 김정범을 의미합니다.

4. "쟁점 특허"는 미국 특허 제8,013,568호를 의미하며, 재심사 이전 형태(B2) 및 재심사 이후 형태(C1)를 모두 포함합니다.

5. "한국 가출원"은 KR20050069871을 의미합니다.

6. "한국 비가출원"은 한국 특허출원 제10-20060038960호를 의미합니다.

7. "관련 출원"은 다음을 의미합니다. (1) 한국 가출원, (2) 한국 가출원의 우선권을 주장하는 모든 출원(쟁점 특허에 대한 출원 포함), (3) 쟁점 특허 또는 PCT/KR2006/001713과 관련된 계속출원, 부분계속출원, 분할출원, 재발행출원, 재심사출원, 심판출원 및 대체출원, (4) 전술한 어느 출원의 외국 대응 출원, 등가 출원 및 연장 출원, (5) 전술한 어느 출원의 전체 심사이력.

8. "관련 특허"는 쟁점 특허 이외에 관련 출원으로부터 등록되거나 발생한 특허를 의미합니다.

9. "쟁점 청구항"은 LS전선이 Apple을 상대로 주장하는 쟁점 특허의 청구항을 의미합니다.

10. "선행기술"은 35 U.S.C. § 101 이하에서 사용되는 것과 동일한 의미를 가지며, 35 U.S.C. § 102(또는 그 하위 조항) 및 35 U.S.C. § 103의 가장 넓은 의미에 포함되는 모든 사물, 특허, 공개자료, 공개, 판매 또는 기타 행위나 사건, 그리고 어떠한 개인 또는 주체가 관련 요청에서 특정된 특허의 무효성과 관련된 "선행기술"로 특정하였거나 관련이 있다고 한 모든 사물, 특허, 공개자료, 공개, 판매

11. 또는 기타 행위나 사건을 포함합니다.

12. "및"과 "또는"이라는 단어는 나타나는 어느 곳에서든 연결적 및 분리적으로 모두 읽어야 하며, 이들 단어 중 어느 것도 정보 요청의 범위를 제한하는 것으로 해석되어서는 안 됩니다.

13. 어느 시제의 동사 사용은 모든 다른 시제의 동사 사용으로 해석되며, 단수형은 복수형을 포함하는 것으로 간주되고 그 역도 또한 같습니다. 명사 또는 대명사의 단수형 및 남성형은, 특정 문맥이 적절하게 만드는 바에 따라, 복수 및/또는 여성 또는 중성을 포용하며, 그와 같이 읽고 적용됩니다.

14. 문맥상 달리 요구되지 않는 한, "어느"와 "각"이라는 용어는 "모든"을 포함하고 포용합니다.

15. "포함한다" 또는 "포함하여"는 한정 없이 포함하는 것을 의미합니다.

16. "관련된다" 또는 "관련하여"는 논의되는 사항과 어떠한 방식으로든 논리적으로 또는 사실적으로 연결되는 것으로 구성되거나, 언급하거나, 반영하거나, 관련되거나, 존재하는 것을 의미합니다.

17. "사람"은 자연인 또는 법인을 의미하며, 이에는 개인, 법인, 사업체, 법률사무소, 합작투자, 조합, 개인사업자, 정부, 정부의 기관 또는 기구, 비법인 단체 및 협동조합이 포함됩니다.

**<u>조사 질문: 박동영</u>**

1. 귀하의 전체 성명과 현재 직위를 진술해 주십시오.

2. 취득한 모든 학위, 다닌 기관, 전공 분야, 재학 일자를 포함하여 귀하의 학력을 기술해 주십시오.

3. 고용주, 직책, 담당 업무 및 고용 일자를 포함하여 귀하의 전체 고용 이력을 기술해 주십시오.

4. 각 직위에 대해, 귀하의 업무가 비접촉식 배터리 충전 시스템 또는 관련 기술을 어느 정도 포함하였는지 설명해 주십시오.

5. 쟁점 특허로 이어진 주제에 관한 작업을 시작하였다고 귀하가 주장하는 최초의 일자를 특정해 주십시오.

6. 쟁점 특허의 청구항이 귀하가 착상한 발명을 기술하고 있다고 주장하십니까, 예 또는 아니요?

7. 그렇다면, 쟁점 특허에 반영된, 귀하가 착상하였다고 주장하는 발명을 기술해 주십시오.

8. 귀하는 무선 충전의 일반적인 개념을 발명하지 않았습니다, 맞습니까?

9. 귀하는 비접촉식 충전 가능 배터리를 발명하지 않았습니다, 맞습니까?

10. 귀하의 발명 당시, 이미 어떠한 무선 충전 기술들이 존재하였습니까?

11. 기존의 어떤 무선 충전 기술이 서로 가변적 거리를 가진 충전기와 기기 간의 충전을 가능하게 하였습니까?

12. 기존의 어떤 무선 충전 기술이 충전되는 기기에 공급되는 전압 및/또는 전류의 측정치에 기반하여 충전되는 기기에 피드백을 제공하였습니까?

13. 귀하는 외부 비접촉식 충전 장치의 1차 코일로부터 발생한 자기장에 의해 고주파 교류 전류가 유도되는 2차 코일을 포함하는 고주파 교류 전류 유도부를 발명하지 않았습니다, 맞습니까?

14. 귀하는 유도된 고주파 교류 전류를 수신하여 이를 직류 전류로 변환하는 정류기를 발명하지 않았습니다, 맞습니까?

15. 귀하는 직류 전류를 수신하여 정전압/정전류 모드로 배터리에 충전 전력을 공급하는 정전압/정전류 공급부를 발명하지 않았습니다, 맞습니까?

16. 귀하는 전압 검출기를 발명하지 않았습니다, 맞습니까?

17. 귀하는 정전압/정전류 공급부의 양단 전압을 검출하는 과전압 감시부를 발명하지 않았습니다, 맞습니까?

18. 귀하는 외부 비접촉식 기기의 배터리를 충전하기 위한 자기장의 변화를 유도하기 위해 외부 비접촉식 충전 장치에 신호를 전송하는 마이크로프로세서를 발명하지 않았습니다, 맞습니까?

19. 귀하는 전압 비교기를 발명하지 않았습니다, 맞습니까?

20. 귀하의 작업은 기존의 무선 충전 기술과 어떻게 달랐습니까?

21. 쟁점 특허의 어느 청구항의 착상에 참여한 모든 사람을 특정해 주십시오.

22. 귀하가 특정한, 쟁점 특허의 어느 청구항의 착상에 참여한 각 사람에 대해, 그 사람의 착상에 있어서의 역할을 기술해 주십시오.

23. 청구된 발명에 대한 귀하의 구체적인 기여를 기술해 주십시오.

24. 청구된 발명에 대한 각 다른 기재된 발명자의 구체적인 기여를 기술해 주십시오.

25. 쟁점 특허의 어느 청구항의 착상에 기여하였으나 기재된 발명자로 기재되지 않은 사람이 있습니까?

26. 그렇다면, 기재된 발명자로 기재되지 않은 개인들의 기여를 기술해 주십시오.

27. 귀하는 과전압 감시부에 대한 아이디어를 생각해 내었습니까?

28. 그렇지 않다면, 해당 아이디어를 착상하였다고 귀하가 주장하는 사람 또는 사람들을 특정해 주십시오.

29. 쟁점 특허에 기술되고 청구된 과전압 감시부에 대한 귀하의 이해를 기술해 주십시오.

30. 각 청구된 발명이 실재적이든 의제적이든 처음으로 실시화된 시기와 방법을 특정해 주십시오.

31. 청구된 발명을 실시화하려는 실패한 시도들을 기술해 주십시오.

32. 쟁점 특허에 청구된 주제의 개발과 관련하여 귀하가 검토한 각 문서, 제품, 공개자료 또는 기타 자료를 특정해 주십시오.

33. 앞 질문에서 특정된 각 항목에 대해, 귀하가 그것을 언제 검토하였는지, 그리고 그 정보가 쟁점 특허에 청구된 주제를 개발하는 데 귀하에 의해 어떻게 사용되었는지 신술해 주십시오.

34. 쟁점 특허에 청구된 어떠한 주제가 한국 가출원의 출원 이전에 공개적으로 개시되었습니까?

35. 그러한 공개적 개시에 대해 기술해 주시되, 언제 발생하였는지, 누구에게 개시되었는지, 어떤 유형의 개시었는지, 비밀유지에 관한 어떠한 합의의 대상이었는지, 그리고 이 개시에 관한 문서 또는 기록이 있는지를 포함해 주십시오.

36. 귀하는 Wireless Power Consortium의 어떠한 활동에 참여한 적이 있습니까, 예 또는 아니요?

37. 그렇다면, 일자를 특정하고 귀하의 참여의 성격을 기술해 주십시오.

38. 귀하는 Qi Standard의 개발, 작성 또는 채택에 관여한 적이 있습니까, 예 또는 아니요?

39. 그렇다면, 귀하의 역할을 특정하고 귀하의 관여의 성격을 기술해 주십시오.

40. 귀하는 쟁점 특허가 어느 표준에 필수적이거나 필수적이었다고 주장하십니까, 예 또는 아니요?

41. 그렇다면, 쟁점 특허가 필수적이거나 필수적이었다고 귀하가 주장하는 각 표준제정기관을 특정해 주십시오.

42. Qi Standard를 포함하되 이에 한정되지 않는 어느 표준에 필수적이거나 필수적이었다고 귀하가 주장하는 쟁점 특허의 각 청구항을 특정해 주십시오.

43. Qi Standard를 포함하되 이에 한정되지 않는 어느 표준에 필수적이지 않거나 필수적이지 않았다고 귀하가 주장하는 쟁점 특허의 각 청구항을 특정해 주십시오.

44. 쟁점 특허의 어느 청구항이 Qi Standard에 필수적이라는 어떠한 신념의 근거를 기술해 주십시오.

45. 귀하는 어느 관련 출원의 준비에 관여하였습니까, 예 또는 아니요?

46. 귀하가 그 준비에 관여한 관련 출원의 어느 출원에 대해, 귀하의 관여의 성격을 기술해 주시되, 귀하가 출원의 어느 부분을 작성 또는 검토하였는지 또는 초안에 관한 의견을 제공하였는지, 그리고 그러한 활동의 일자를 포함해 주십시오.

47. 귀하는 어느 관련 출원의 심사과정에 관여하였습니까, 예 또는 아니요?

48. 귀하가 그 심사과정에 관여한 관련 출원의 어느 출원에 대해, 귀하의 관여의 성격을 기술해 주시되, 귀하의 관여가 무엇을 수반하였는지, 귀하의 관여가 특정 개인(들)의 요청에 의한 것이었는지 및 누구였는지, 그리고 관여의 일자를 포함해 주십시오.

49. 기재된 발명자 목록이 어떻게 결정되었는지에 관한 정황을 기술해 주시되, 발명자 자격을 결정하는 데 사용된 기준을 포함해 주십시오.

50. 기재된 발명자로 기재되지 않은 어느 사람에 의한 발명자 자격 주장이 있었는지 귀하는 알고 있습니까?

51. 귀하가 참여하였거나 인지하였던 발명자 자격에 관한 분쟁 또는 논의를 기술해 주십시오..

52. 한국 가출원에 개시된 주제를 기술해 주십시오.

53. 한국 가출원에 개시된 주제가 귀하가 생각해 낸 발명을 정확하게 기술하고 있습니까?

54. 쟁점 특허의 청구항 1의 각 한정사항에 대해, 한국 가출원의 어디에 해당 한정사항이 기술되어 있습니까?

55. 어느 관련 출원의 심사과정 이전 및 심사과정 중에 귀하가 인지하고 있었던 선행기술의 각 항목을 특정해 주십시오.

56. 귀하가 그러한 선행기술을 어떻게 알게 되었는지 기술해 주십시오.

57. 각 선행기술 항목이 쟁점 특허에 청구된 발명과 어떻게 관련되는지에 대한 귀하의 이해를 기술해 주십시오..

58. 귀하가 관여하였거나 인지하였던, 선행기술을 특정하기 위해 수행된 조사들을 기술해 주십시오..

59. 귀하는 Splash Pad라고 불리는 제품에 대해 알고 계십니까?

60. 그렇다면, 그러한 Splash Pad 제품에 대한 귀하의 인지 정황을 기술해 주십시오.

61. 귀하는 2005년 7월 29일 이전에 쟁점 특허에 청구된 발명의 판매 또는 판매 청약을 알고 계십니까?

62. 그렇다면, 관련된 시기 및 주체를 포함하여 그러한 활동을 기술해 주십시오.

63. 귀하는 2005년 7월 29일 이전에 미국에서 쟁점 특허에 청구된 발명의 제조 또는 사용을 알고 계십니까?

64. 그렇다면, 관련된 시기 및 주체를 포함하여 그러한 활동을 기술해 주십시오.

65. 귀하는 2005년 7월 29일 이전에 쟁점 특허에 청구된 발명을 구현한 제품의 수입을 알고 계십니까?

66. 그렇다면, 관련된 시기 및 주체를 포함하여 그러한 활동을 기술해 주십시오.

67. 귀하는 2005년 7월 29일 이전에 청구된 주제를 개시하는 공개자료를 알고 계십니까?

68. 그러한 공개자료가 쟁점 특허에 청구된 발명과 어떻게 관련되는지에 대한 귀하의 이해를 특정하고 기술해 주십시오.

69. 귀하는 2005년 7월 29일 이전에 동일한 주제와 관련하여 전 세계 어디에서든 제출된 특허출원을 알고 계십니까?

70. 그러한 특허출원이 쟁점 특허에 청구된 발명과 어떻게 관련되는가에 대한 귀하의 이해를 특정하고 기술해 주십시오.

71. 귀하는 LS전선에 어떠한 금전적 이해관계를 가지고 있으며, 그렇다면 귀하의 금전적 이해관계의 성격을 기술해 주십시오.

72. 귀하는 Apple을 상대로 한 LS전선 사건(LS Cable & System Ltd. v. Apple Inc., 사건번호 3:24-cv-09194-JD, 캘리포니아 북부지구)의 결과에 어떠한 금전적 이해관계를 가지고 있으며, 그렇다면 귀하의 금전적 이해관계의 성격을 기술해 주십시오.

Seoul 06590 Korea



**RECEIVED**

OCT 26 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Air Letters US KOREA POST
서울대법원 300g

RR 531841 070 KR 14.10.2026 KOREA

United States District Court for the Northern District of California
450 Golden Gate Avenue, San Francisco, California USA 94102

RECEIVED
OCT 26 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

RECEIVED
OCT 26 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA